ECF No.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————x

RICHARD ELLO,

                              Plaintiff,

-v-                          Case No. 05-CV-9625 (KMK)

ISHRI SINGH, in his individual and official capacities;
RAYMOND POCINO, Vice President and Eastern Regional
Manager of LABORERS INTERNATIONAL UNION OF
NORTH AMERICA, in his individual and official capacities;
LABORERS INTERNATIONAL UNION OF NORTH
AMERICA; LABORERS-EMPLOYERS COOPERATION AND
EDUCATION TRUST FUND; RAYMOND POCINO, Trustee, in
his individual and official capacities; MASON TENDERS
DISTRICT COUNCIL TRUST FUNDS; JOHN VIRGA, Funds
Director, in his individual and official capacities; "John Doe and
Jane Doe A through D"; the latter being parties unknown to
plaintiff,

                              Defendants.
————————————————————————x

      PLEASE TAKE NOTICE, that, upon the complaint, the annexed attorney factual affirmation, the plaintiff's affidavit, and all the proceedings had herein, plaintiff Richard Ello, through his attorney Ruth M. Pollack, Esq., will move before the Honorable Judge Kenneth M. Karas of the U.S. District Court, Southern District of New York located at Pearl Street, New York, New York on February 3, 2006 at 9:30 a.m. or as soon as counsel may be heard, for an order granting

      a)      The disqualification of defense counsel due to a conflict of interest, and/or

      b)      Counsel fees and cost of this motion, and

      c)      Such other and further relief as to the Court seems just and proper.

PLEASE TAKE FURTHER NOTICE that, pursuant to Fed. R. Civ. P., any opposing memoranda and exhibits shall be served upon all parties who have appeared in this action and filed electronically with the Court within eight (8) days after service of the papers upon which this motion is based.

Dated: Riverhead, New York
January 18, 2006

/s/ [signature]
Ruth M. Pollack, Esq. (RP1407)
250 Old Country Road, Ste. 506
Mineola, New York 11501
Tel. 516-746-0144
Fac. 516-746-8008
{ruthmpollackesq@verizon.net" }

Notice: This document was filed via ECF after its due date because of the unavailability of the system during the week of 1/15/2006 to 1/20/2006.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

RICHARD ELLO,

                              Plaintiff,

-vs-                                      Case No. 05CV9625 (KK)

ISHRI SINGH, in his individual and official capacities; RAYMOND
POCINO, Vice President and Eastern Regional Manager of LABORERS
INTERNATIONAL UNION OF NORTH AMERICA, in his individual and
official capacities; LABORERS INTERNATIONAL UNION OF NORTH
AMERICA; LABORERS-EMPLOYERS COOPERATION AND
EDUCATION TRUST FUND; RAYMOND POCINO, Trustee, in his
individual and official capacities; MASON TENDERS DISTRICT COUNCIL
TRUST FUNDS; JOHN VIRGA, Funds Director, in his individual and
official capacities; "John Doe and Jane Doe A through D"; the latter being
parties unknown to plaintiff,

        Defendants.
_____X

RUTH M. POLLACK, ESQ. an attorney duly licensed to practice law in the State of New York and

the Southern district of New York affirms as follows:

1. I represent plaintiff in this action and make this affirmation in support of the instant application

made, by leave of this Court, pursuant to Fed. R. Civ. P. 1 and DR 5-105 for an order disqualifying

both current defense firms from appearing on defendants' behalf and for such other and further relief

as to this Honorable Court seems just and proper. I am fully familiar with the facts and

circumstances of the case by virtue of my files, my investigation, and my discussions with Mr. Ello

and other individuals with knowledge relevant to the case. Plaintiff, Richard Ello, filed a complaint

against the above named and fictitious prospective defendants. A copy of the summons and

complaint is electronically filed with proof of service on the Court docket and annexed to the hard copy of this application. As his complaint sets forth, his employment with the named entities was over a long period of time and was extensive in nature. His duties included at the very least, those itemized in his complaint. Often he was directly involved with law enforcement personnel and with oversight of the funds listed. At times his duties involved working with the State of New York to establish funds, educational programs for the funds and to oversee other compliance issues. This was due in large part to his fiduciary duties to both the fund employees and participants, which accompanied his positions.

2. The reason that Proskauer Rose, LLP and Curtis, Mallet Prevost, Colt & Mosle must be disqualified as defense counsel under any circumstances is in one sense, very basic, and in another, complex. Simply put, however, each firm has worked extensively with both Mr. Ello as not an "employee"[1] of any of the named entities, but as a Trustee, Officer and fund participant. We have annexed hereto a list of most of the numerous contacts and involvements Mr. Ello has had with each firm through the years. The list is not exhaustive, but took considerable research and an enlargement to compile for the Court so that it would be immediately clear that a serious conflict of interest exists. None of the information below should be a surprise to either firm, because each firm's billing records, files and its respective conflict of interest records and/or safeguards would contain this information for legal malpractice purposes.

**The Proskauer Rose, LLP Conflict:** . For example, the following are instances wherein Proskauers' legal work merged, and at times, conflicted with Mr. Ello's duties and obligations. Here, he properly acted on advice of counsel to object to the conflict of interest issue. In the past,

---

[1] In open Court, we recall the Record may reflect that counsel for Proskauer Ms. Kathleen McKenna incorrectly referred to Mr. Ello as an "employee". In reality, Mr. Ello has served as not a mere employee but in the various capacities set forth in the complaint and herein. This is an important distinction in this case and already shows the firms' inability to serve in this case as counsel.

he received no such counsel from either firm despite what appear to have been conflicts of interest for him, his associates and co-workers, trustees in the past.

3. It cannot be controverted that Ello was employed by and successfully served numerous entities affiliated with the Laborers' International Union of North America (hereinafter referred to as "LIUNA") for seventeen (17) years. Between 1988 and 1996 Ello was employed as the Controller of the Mason Tenders District Council of Greater New York (hereinafter referred to as "MTDC"). From 1996 until his constructive termination by defendants on April 1, 2005, Ello was employed as an "International Representative" for LIUNA in a salaried position. During this period Ello also was elected by the membership as Secretary - Treasurer of LIUNA Local #108. During this period Ello was appointed and served as "Deputy Supervisor" of Local 108 by the General President of LIUNA to cleanse the Local 108 of corruption. In or about 1996 until his constructive termination on April 1, 2005 Ello was appointed by the Trustees of the Greater New York Laborers-Employers Cooperation & Education Trust Fund (hereinafter referred to as "LECET") to serve as its Director in a salaried position.

4. Further, as defense counsel cannot argue, in or about 1995, Ello was appointed Trustee of Demolition Workers Local #95 (f/k/a Housewreckers Local 95) to cleanse it of corruption and to restore democratic practices. The duties of this very serious position included serving as a Trustee on the Local #95 Pension, Health and Annuity Funds. In or about 1995 Ello was also selected to serve as a Committee Member of the MTDC Political Action Committee.

5. Defense counsel cannot controvert the fact that in or about 1998, Ello was selected to serve as an Administrative Committee member of the Laborers' Eastern Region Organizing Fund. In December 2004 Ello was selected to serve as a Trustee for the LIUNA Local #30 Trust Funds. For many years until his constructive termination, Ello also served as a Trustee for the MTDC Pension, Welfare,

Training, Annuity, Scholarship and Staff Pension Plan Trust Funds. In all of this time, Ello was a participant in the MTDC Pension, Annuity and Welfare Funds, entitling him to all benefits and protections afforded to all other participants equally. This would also go to the issue discussed in Court as to the fiduciary duty Virga and Pocino each had to him as a fund participant.

6. Defense counsel are also acutely aware that the nature of these positions required Ello's extensive cooperation with the Federal Bureau of Investigation, the U.S. Department of Labor, the U.S. Department of Justice, the Manhattan District Attorney's Office, a court-appointed Monitor and a court-appointed Investigations Officer (the latter exclusively for the MTDC and the MTDC Trust Funds) and the Inspector General of LIUNA.

7. It is axiomatic, then, that these overlapping roles of Ello, with each of these firms as his counsel, would prevent them from "choosing sides" and representing the very actors and entities he now alleges terminated him under unusual circumstances involving "allegations" of unwelcome sexual misconduct. Those "allegations" are inherently stigmatizing; it would be impossible for either firm to continue representing a former top advisor and enforcer of ethical and legal rules and laws who they counseled as attorneys at law and with whom they frequently shared both confidential and personal, unofficial information in the past and up to the time of the events which lead to the filing of the instant case.

8. This is a timeline of events and issues which present a prohibited conflict of interest with Proskauer Rose, LLP:

- In 1997 the New York State Laborers' Political Action Committee sued the Mason Tenders District Council (MTDC and Richard Ello to obtain political contributions given by Union members (which the Court-appointed Monitor had enjoined and directed him to withhold). *See* 97-CV-1731 (NPM) (United States District Court for the Northern District of New York). Ello assigned Proskauer Rose to: 1. Represent the MTDC and himself and 2. have this action transferred to the Southern District of New York. Attorneys Myron D. Rumeld and John E. Daly of Proskauer Rose were assigned to this case. They were successful in having Ello removed from the case, and on March 23, 1998 motion to transfer action was granted (see 1998 U.S. Dist. LEXIS 3839; 158 L.R.M.M. 2080).

- A sample of specific dates about past interactions between Proskauer Rose, LLP and Richard Ello: March 27, 1997 (briefing re: RICO lawsuits); April 3, 1997 (night meeting. @ Proskauer firm re: status of RICO lawsuits); July 31, 1997 (MTDC Trust Funds Delinquency meeting.); July 28, 1997 (Special meeting. of MTDC Trust Fund Trustees @ Proskauer Rose firm; August 25, 1997 (re: Local 95 Chapter 11 filing; Proskauer Rose recommended Ello hire the bankruptcy law firm of Togut, Segal & Segal earlier); August 27, 1997 (Local #95 Trust Funds meeting); September 29, 1997 (MTDC Trust Funds Trustee meeting @ the behest of Court-appointed Monitor); September 26, 1997 (MTDC Trust Funds Delinquency meeting); September 2, 1997 (meeting regarding Local 95 Trusteeship & Local #95 Trust Funds); September 4th & 5th, 1997 (**overnight retreat w/ Proskauer Rose attorneys re: MTRC Trust Fund investments**); October 21, 1997 (meeting @ Proskauer office with Court-appointed Monitor re: Local 95 Trust Funds); November 21, 1997 (meeting re: PAC suit); November 19, 1997 (MTDC Trust Funds Trustees meeting); November 18, 1997 (Local 95 Trustees meeting @ Easton & Echtman's office); November 10, 1997 (meeting re: Local 95 Trust Funds conflict with MTDC Trust Funds); November 3, 1997 (conversation re: Ello subpoenaed to appear in Federal Court before Judge Koeltl re: Local 95); December 18, 1997 (meeting re: Local 95, Local 95 Trust Funds & delinquency work); December 12, 1997 (@ MTDC Trust Funds Christmas party); January 20, 1998 (Delinquency meeting); January 5, 1998 (meeting & restaurant luncheon re: MTDC Trust Funds); March 25, 1998 (MTDC Trust Funds Trustees meeting in day / Local 95 Trust Funds meeting @ Proskauer Rose firm in evening); **Saturday March 21, 1998 (personal dinner meeting w/ attorney from Proskauer Rose)**; March 11, 1998 (morning meeting @ Proskauer Rose); March 2, 1998 (meeting re: Audit Committee); may 20, 1998 (luncheon with Proskauer Rose); May 19, 1998 (meeting re: Delinquencies. Court-appointed Monitor also attended @ Proskauer's Office); May 1, 1998 (meeting along with Local 79 and MTDC re: Delinquency work); July 15, 1998 (lengthy meeting re: trademark for new computer system; Local 95 Funds; Local 958 Trust Funds); August 11, 1998 (Local 958 Trust Funds Trustees meeting); September 16, 1998 (meeting re: Delinquencies); September 12, 1998 (Ello marched in Labor day parade w/ attorney from Proskauer Rose); October 29th - 30th, 1998 (**2-day MTDC Trust Funds Trustee meeting. Dinner w/ Proskauer Rose in Rye Brook, NY**); November 18, 1998 (meeting with Myron Rumeld, Esq. re: LIUNA Local 445); November 11, 1998 (meeting re: MTDC Trust Funds Trustees); November 10, 1998 (meeting re: MTDC Training School); November 3, 1998 (meeting @ Proskauer Office of Local 958 Trust Funds Trustees); November 2, 1998 (**attended meeting @ Proskauer Rose Office with Michael Bearse (LIUNA General Counsel), Bob Thomas & Raymond Pocino re: Local 445 Trust Funds**); December 14, 1998 (MTDC Training School Holiday party); December 11, 1998 (MTDC Trust Funds Holiday party); December 2, 1998 (meeting re: Local 958 Trust Funds); December 1, 1998 (meeting @ Proskauer Office re: Local 445 Trust Funds also attended by Michael Bears, LIUNA General Counsel, Raymond Pocino and Andrew Gorlick, Esq.); December 26, 1999 (deposition re: Local 95 Trust Funds v. Mackroyce Dismantling); February 17, 1999 (conversations re: Local 958 Trust Funds' Director's removal); February 4, 1999 (Local 95 Trust Funds Trustees meeting in evening); March 23, 1999 (evening Local 95 Trust Funds Trustees meeting); March 2, 1999 (meeting re: removal of 958 Trust Funds' director); April 16, 1999 (Local 958 Trust Funds Trustees meeting @ Proskauer Office); April 15, 1999 (**attended "Sexual Harassment Sensitivity Training" with Proskauer firm along with all co-workers this was set up at Ello's request to train the company and the attendance and materials, created by Proskauer, will be sought on this suit**); April 12, 1999 (meeting re: Audit & Delinquency Committee); May 18, 1999 (meeting re: Local 95 Trust Funds Trustees meeting); June 16, 1999 (MTDC Trust Funds Trustees meeting); July 14, 1999 (Local 958 Trust Funds Trustees meeting @ Proskauer Rose Office); July 6, 1999 (evening meeting w/ Proskauer Rose); August 4, 1999 (**2 trust Fund Trustees meetings: Local 958 Trust Funds Trustees in morning & Local 95 Trust Funds Trustees in evening**); September 29, 1999 (meeting re: large cap. manager search); September 15th - 16th, 1999 (**two day overnight MTDC Trust Funds Trustees meetings; dinner with Proskauer Rose, LLP at the Doral Arrow Wood**); October 21, 1999 (meeting re: Scrap Metal Pension & Welfare Trust Funds); October 18, 1999 (Local 95 Trust Funds Trustees meeting); October 6, 1999 (telephonic MTDC Trust Funds Trustees meeting); November 15, 1999 (MTDC Trust Funds Trustees meeting); December 20, 1999 (MTDC Training School Holiday party); December 8, 1999 ( Local 958 Trust Funds Trustees meeting); January 18, 2000 ( MTDC Trust Funds Trustees meeting); February 29, 2000 (Local 95 Trust Funds Trustees meeting); February 17, 2000 (**meetings with Proskauer Rose in Florida, specifically MTDC Trust Funds meeting @ Loews Hotel Miami and dinner with Proskauer Rose**); February 18,

2000 (**meetings with Proskauer Rose @ MTDC Training School meeting, Loews Hotel Miami**); February 9, 1999 (telephone calls re: replacing a Funds' Director); March 21, 2000 (meeting re: Delinquencies at MTDC Trust Funds); April 12, 2000 ( Local 958 Trust Funds Trustees meeting); May 16, 2000 ( Local 95 Trust Funds Trustees meeting); May 2, 2000 (meeting re: Scrap Metal Funds); June 20, 2000 (meeting re: Pension Fund withdrawal Liability); June 14, 2000 ( MTDC Trust Funds Trustees meeting); July 20, 2000 ( meeting re: MTDC Trust Funds Delinquencies); July 12, 2000 (meeting re: Scrap Metal Trust Funds); September 25th - 26th, 2000 (**overnight MTDC Trust Funds Trustees meetings @Seaview Marriott, NJ. Dinner with Proskauer, etc.**); September 19, 2000 (Local 95 Trust Funds Trustees meeting); November 8, 2000 (MTDC Training Fund Trustees meeting); December 22, 2000 (MTDC Training School Holiday party); December 21, 2000 (telephonic Trustees meeting); December 6, 2000 (MTDC Trust Funds Trustees meeting); January 18, 2001 (MTDC Trust Fund Delinquency issues); February 23, 2001 (**MTDC Trust Funds meetings in Florida**); May 24, 2001 (MTDC Trust Funds Delinquency meeting); May 22, 2001 (Local 108 Trust Funds Trustees meeting @ Proskauer Rose office); June 19, 2001 (MTDC Trust Funds Trustees meeting); July 31, 2001 (worked with DOL and Proskauer to prepare to reject a new employer Trustee for Local 108 Trust Funds); August 22, 2001 (telephonic Trustees meeting); August 9, 2001 (reviews re: Forms 5500); October 4, 2001 (multiple Trust Fund Trustees meetings); November 28, 2001 (MTDC Trust Funds Delinquencies meeting); November 27, 2001 (MTDC Training School meeting); November 5, 2001 (MTDC Training School Trustees meeting); December 20, 2001 (Local 108 Trust Funds Trustees meeting & Holiday party); December 17, 2001 (MTDC Training School meeting & Holiday party); December 12, 2001 (conference with Proskauer Rose on Local 108 Trust Fund problems); December 4, 2001 (telephonic Conference re: Scrap Metal Trust Funds); January 15, 2002 (MTDC Trust Funds budget adoption meeting); January 10, 2002 (conference call meeting re: 2 Pension Funds); February 28, 2002 (MTDC Training School Trustees meeting in Florida); February 12, 2002 ( MTDC Trust Funds Trustees meetings); February 4, 2002 (MTDC Trust Funds telephonic Trustees meeting); March 1, 2002 (MTDC Trust Funds Trustees meeting in Florida); May 22, 2002 (conference call with Proskauer Rose re: MTDC Trust Funds); June 27, 2002 (in Court with Proskauer Rose re: Local 108 Trust Funds v. Hunts Point Recycling); June 21, 2002 (meeting with Proskauer re: Hunts Point Recycling); June 3, 2002 (MTDC Trust Funds Trustees meeting); August 5th - 7th, 2002 (**3 day meeting in Saratoga, NY with Proskauer Rose, etc. ; dinners with same**); September 30, 2002 (MTDC Trust Funds Trustees meeting); September 27, 2002 (MTDC Trust Funds Appeals Committee meeting); September 17, 2002 (MTDC Trust Funds Delinquency meeting); December 30, 2002 (telephonic Appeals Committee meeting); December 06, 2002 (MTDC Trust Funds Holiday party); December 16, 2002 (MTDC Trust Funds Trustees meeting); March 14, 2003 (meeting re: RFP); June 27, 2003 (meeting re: Appeals Committee); July 28, 2003 (meeting with Proskauer); July 11, 2003 ( meeting re: Delinquencies); July 1, 2003 (meeting re: Appeals Committee); September 19, 2003 (meeting re: Delinquencies); September 16, 2003 (MTDC Trust Fund Trustees Meetings); October 29, 2003 (meeting re: Delinquencies); October 16, 2003 (MTDC Trust Funds Trustees meeting); December 23, 2003 (MTDC Trust Funds Trustees telephonic meeting);  December 3, 2003 (meeting re: Appeals Committee); January 14th - 16th, 2004 (**in Florida for multiple Trust Fund meetings and dinners with Proskauer, etc**); February 13, 2004 (meeting re: Appeals Committee); March 5, 2004 (telephonic MTDC Trust Funds Trustees meeting); April 28, 2004 ( meeting re: MTDC Trust Funds Trustees meeting); April 8, 2004 (meeting re: Kurzban, etc); June 23, 2004 (MTDC Trust Funds Trustees meeting); June 18, 2004 (MTDC Trust Funds Special meeting); July 27, 2004 (MTDC Trust Funds Trustee meeting); August 19, 2004 (meeting re: Appeals Committee); August 9th - August 11th, 2004 (**multiple meetings in Bolton Landing, NY, with dinners**); October 26, 2004 ( MTDC Trust Fund Trustees meeting); November 19, 2004 (Proskauer/ Trust Fund issues meetings); December 23, 2004 (MTDC Trust Funds Holiday party); February 1, 2005 (conference re: delinquency, etc);  February 4, 2005 (MTDC Trust Funds Training School Trustees meeting, etc).

9. These events alone are sufficient basis to disqualify Proskauer Rose at this time. This excludes the allegations in the complaint as to the role Proskauer attorneys played in the pre-termination

treatment of Mr. Ello. They could be called as witnesses in this case.

{ NCLUDEPICTURE http://netmail.verizon.net/webmail/static/images/spacer.gif \d \* MERGEFORMATINET }

### The Curtis, Mallet-Prevost, Colt & Mosle Conflict:

10. This is a timeline of events and issues which present a prohibited conflict of interest re: Curtis, Mallet-Prevost, Colt & Mosle:

- 1994: United States District Court for the Eastern District of New York / "Organized Crime Strike Force" issues broad subpoena for information on the Mason Tenders District Council of Greater New York (MTDC), of which Ello was an employee (Controller) since 1988. As previously described, as "Custodian of Records" responsibility fell on Ello to respond with massive amounts of information. Peter Fleming Jr. of this firm was consulted by MTDC; copies of all personal & public information submitted were provided to this firm. The scope of this subpoena is annexed to the Court record in the docket as read by your affirmant to the Court.
- September 1994: Civil RICO lawsuit served upon the MTDC. (United States v. Mason Tenders District Council, 94 Civ. 6487 (S.D.N.Y.).
- Curtis, Mallet-Prevost requests approximately $250,000.00 retainer to represent MTDC. Retainer paid to the firm. Ello involved in numerous interactions with Curtis, Mallet-Prevost including providing it with substantial personal history and information.
- November 15, 1994: Laborers' International Union of NA ("LIUNA") imposes an "emergency trusteeship" upon MTDC, removing all Officers and staff except for Richard Ello. Mr. David Elbaor, Esq. (Attorney for LIUNA and a Georgetown Law Professor) installed as Union "Trustee".
- November 17, 1994: David Elbaor, Esq. dismisses Peter Fleming, Jr. as attorney and his firm Curtis, Mallet-Prevost as counsel to the MTDC in the Civil RICO action and appoints himself as counsel to the MTDC instead.
- November 18, 1994: Elbaor informs the Court he had reached a tentative agreement with the Government in the Civil Action pursuant to which the MTDC would consent to certain of the remedies sought by the Government
- December 27, 1994 David Elbaor executes a consent decree on behalf of the MTDC, which is entered with the Court on that same date.
- 1995 and 1996: LIUNA and Richard Ello work on historic forced "Consolidation Plan" whereby all ten Local Unions affiliated with the MTDC would be dissolved (due to corruption) with the members being transferred into two newly chartered Local Unions. Hon. Judge Robert W. Sweet approves the Plan. *See* 96 Civ. 2406 (RWS); 96 Civ. 2417 (RWS); 96 Civ. 2544 (RWS).
- Three of the former ten Local Unions, Specifically Locals 23, 59 and 46 file suit to block the Plan. Local 59 retains Curtis, Mallet-Prevost against LIUNA and affiliated entities. These three file separate appeals. *See* Locals 59, 23 and 46 v. 96-7537 (L); 96-7567 (CON); 96-7617 (CON). Richard Ello, as Controller and Office Manager of the MTDC, named in suit as a defendant. Note: Richard Ello now deposed by attorneys from Curtis, Mallet-Prevost and a second firm, Lewis & Fiore.
- May 1996: United States Court of Appeals for the Second Circuit grants the motion of Local 23 and

Local 46 to consolidate their appeals with that of Local 59.
- June 4, 1996: United States Court of Appeals for the Second Circuit affirms Judge Sweet's approval of "Consolidation Plan".
- 1996-1997: Richard Ello works with MTDC, LIUNA to recapture legal fees from Curtis, Mallet-Prevost paid by MTDC when they worked **with** Richard Ello and the now former Local 59 when they worked **against** Richard Ello.
- October 1996: Richard Ello leaves employment with MTDC to now work for its parent organization, LIUNA. He directly reports to Raymond Pocino, VP.
- LIUNA and Raymond Pocino hire Curtis, Mallet-Prevost to defend them against a lawsuit brought by Richard Ello in 2005.
- 1997 - present: Whatever missing personal and/or legal information Curtis, Mallet-Prevost may not have been privy to in the past could be supplied to them now by LIUNA and/or Raymond Pocino as their current clients without notice to, or the knowledge and/or consent of Ello.

11. In sum, we respectfully submit that Curtis cannot avoid a conflict of interest, as it has a long, intricate history with plaintiff and the parties herein. It should withdraw to avoid serious complications in this case and a waste of judicial resources. The interests of its own clients undoubtedly will be harmed as well due to the conflict, assuming they are even aware of it. This application should not have been required given the information known to the firms. It was an unfair cost to plaintiff, which will be obviated if the firms withdraw. It is apparent that pecuniary interests have outweighed ethical ones here, all to the parties' detriments.

12. An affidavit of plaintiff is annexed to confirm the truth of the above factual statements.

WHEREFORE, plaintiff respectfully requests that the Court issue an order disqualifying each firm forthwith, award attorneys fees and costs of this application to plaintiff if the firms do not withdraw voluntarily, together with such other and further relief as to the Court may seem just and proper.

Dated: Riverhead, New York
January 18, 2006

RUTH M. POLLACK, ESQ. (RP1407)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

RICHARD ELLO,

                              Plaintiff,

-vs-                                      Case No. 05CV9625 (KK)

ISHRI SINGH, in his individual and official capacities; RAYMOND POCINO, Vice President and Eastern Regional Manager of LABORERS INTERNATIONAL UNION OF NORTH AMERICA, in his individual and official capacities; LABORERS INTERNATIONAL UNION OF NORTH AMERICA; LABORERS-EMPLOYERS COOPERATION AND EDUCATION TRUST FUND; RAYMOND POCINO, Trustee, in his individual and official capacities; MASON TENDERS DISTRICT COUNCIL TRUST FUNDS; JOHN VIRGA, Funds Director, in his individual and official capacities; "John Doe and Jane Doe A through D"; the latter being parties unknown to plaintiff,

                              Defendants.
_____x

    State of New York )
    County of Nassau )ss.:

    RICHARD ELLO, being duly sworn, deposes and says:

    1. I am the plaintiff in the above-referenced case. I make this affidavit in support of the application to disqualify both defense counsel from appearing in this case.

    2. I have read the affirmation of my attorney, Ms. Pollack and I adopt the statements therein as true and correct to the best of my own knowledge.

3. For the reasons stated, I believe it is only proper for each firm to withdraw to avoid prejudice to me and perhaps to other parties in this case. I have had the conflict issue explained to me by my attorney and I make this application in good faith. It is disturbing to me that, given the gravity of my complaint and the involvement of my then attorneys Proskauer Rose, LLP in the events in which I was falsely accused of misconduct by an employee, the firm refuses to acknowledge the conflict of interest in which it is clearly involved even to me as a layman. I seek this Court's remedy of disqualification of both firms.

WHEREFORE, plaintiff respectfully requests that the Court issue an order disqualifying each firm forthwith, award attorneys fees and costs of this application to plaintiff if the firms do not withdraw voluntarily, together with such other and further relief as to the Court may seem just and proper.

Dated: Mineola, New York
January 18, 2006

/s/
RICHARD ELLO

Sworn to before me this 18th
Day of January, 2006.
/s/
RUTH M. POLLACK
NOTARY PUBLIC, State of New York
No. 4812427
Qualified in Nassau County
Commission Expires March 30, 2006

## CERTIFICATE OF SERVICE BY E-MAIL

RUTH M. POLLACK, AN ATTORNEY DULY ADMITTED TO PRACTICE LAW IN THE STATE OF NEW YORK AND IN THE EASTERN, SOUTHERN AND NORTHERN DISTRICTS OF NEW YORK, BEING MINDFUL OF THE PENALTIES FOR PERJURY, CERTIFIES AS FOLLOWS:

On January 18, 2006, your affiant began to attempt service by ECF but then completed service by e-mail by about 2:00 a.m. on January 19, 2006 of true copies of the within Notice of Motion, Affirmation of Pollack, Affidavit of Plaintiff Ello upon the following attorneys due to the PACER/ECF SYSTEM having been temporarily unavailable due to upgrade as unknown to affirmant in advance, following the e mail with a phone call to each attorney to confirm receipt and then following by facsimile a copy of the summons and complaint; an extension of time was then afforded each defendant both in advance and immediately upon their request as of 1/24/2006:

TO:
Proskauer Rose, LLP att: { HYPERLINK "mailto:kmckenna@Proskauer.com" }
Curtis Mallet Att: { HYPERLINK "mailto:srosenbaum@cm-c@" }

Dated:  Mineola, New York
January 23, 2006

_____
RUTH M. POLLACK (RP 1407)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK  05CV9625 (KMK)

RICHARD ELLO,

                                              Plaintiff,

-v-

ISHRI SINGH, in his individual and official capacities; RAYMOND POCINO, Vice President and Eastern Regional Manager of LABORERS INTERNATIONAL UNION OF NORTH AMERICA, in his individual and official capacities; LABORERS INTERNATIONAL UNION OF NORTH AMERICA; LABORERS-EMPLOYERS COOPERATION AND EDUCATION TRUST FUND; RAYMOND POCINO, Trustee, in his individual and official capacities; MASON TENDERS DISTRICT COUNCIL TRUST FUNDS; JOHN VIRGA, Funds Director, in his individual and official capacities; "John Doe and Jane Doe A through D"; the latter being parties unknown to plaintiff,

                                              Defendants.

**PLAINTIFF'S APPLICATION TO DISQUALIFY DEFENSE COUNSEL**

                             **LAW OFFICES OF RUTH M. POLLACK**
                               **ATTORNEYS FOR PLAINTIFF**
                    **250 OLD COUNTRY ROAD, SUITE 506**
                        **MINEOLA, NEW YORK 11501**
                 **Mailing Address: P.O. Box 120**
                  **Riverhead, New York 11901-0120**
                                **516-746-0144**