SAMUEL ROSENTHAL (SR 9717)
CURTIS, MALLET-PREVOST, COLT & MOSLE, LLP
101 Park Avenue
New York, New York  10178-0061
(212) 696-6000

TERRANCE G. REED
LANKFORD, COFFIELD & REED, PLLC
120 North St. Asaph St.,
Alexandria, Virginia  22314
(703)-299-8734

Attorneys for Defendant
Laborers International Union of North America and Raymond Pocino

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
RICHARD ELLO,                                                  :
                            Plaintiff                          :
                                                               :
              against                                          :     Case No. 05  CV 9625 (KMK)
                                                               :
ISHRI SINGH, et al.                                            :
                            Defendant(s)                       :
-------------------------------------------------------------- X

## MEMORANDUM IN OPPOSITION TO THE MOTION TO
## DISQUALIFY CURTIS, MALLET-PREVOST, COLT & MOSLE, LLP

Defendants Laborers International Union of North America ("LIUNA"), and

Raymond Pocino, respectfully submit this Memorandum in Opposition to the Motion by Plaintiff

Richard Ello to disqualify Curtis, Mallet-Prevost, Colt & Mosle, LLP ("the Curtis Firm").  Even

2673064v1

setting aside the procedural infirmities in the motion, and even assuming arguendo the truth of all factual assertions set forth by Plaintiff, the motion is legally frivolous and should be denied.[1]

## PRELIMINARY STATEMENT

Plaintiff filed his Complaint in this case on November 15, 2005. He alleged that he was constructively terminated from his position as a union official on or about April 1, 2005. In a letter dated January 3, 2006, Plaintiff complained to the Court that both Proskauer Rose and the Curtis Firm were conflicted for different reasons. This was followed by a motion filed on January 19, 2006, in which Plaintiff alleged that the Curtis Firm was involved in a conflict stemming from its prior representation of the Mason Tenders District Council approximately ten years prior to the filing of the instant suit. On January 25, 2005, Plaintiff filed an Amended Complaint.

### A.    The Present Suit

Other than by way of background, the present suit relates solely to activities that occurred in 2005 while Mr. Ello was serving as an international representative of LIUNA. The gist of Plaintiff's Amended Complaint is that on Friday, February 4, 2005, he was at a bar along with defendant Ishri Singh, when Singh asked Ello to inquire on behalf of Singh about an employment position. Amended Complaint, para. 26. According to Plaintiff, Singh made some reference to having "family" in law enforcement, and that he was capable of having people "arrested and charged" with crimes. Id., para. 28. Plaintiff alleges that he had declined similar

---

[1]Defendants are constrained to observe that this Court originally ordered plaintiff to file its motion on or before January 17, 2006. When no motion was filed, Defendants LIUNA and Pocino wrote to the Court on January 18, 2006, and advised that the Curtis Firm had nevertheless attempted to determine whether any potential conflict existed, and found no basis for disqualification. Evidently upon receipt of that letter, Plaintiff sought a one day extension to file, which the Court granted, but ordered that no additional extensions would be forthcoming. Plaintiff evidently disregarded that directive, and filed his motion on January 19, 2006, without seeking leave of Court. Equally important, the filing failed to contain a Memorandum of Law, explaining the legal basis for the claimed disqualification, as required by Local Civil Rule 7.1 (providing that a failure to provide a memorandum of law may be grounds for denial of a motion).

2673064v1

requests from Singh because Singh was not qualified and budgetary constraints precluded hiring Singh. Id., para. 27.

  According to the Amended Complaint, while Ello allowed Singh to come to the union office following their meeting at the bar so that Singh could use the phone (although he apparently had a cell phone and had been using it earlier according to the Complaint), nothing out of the ordinary occurred and Plaintiff left the offices to attend a meeting in Westbury, New York. Id., paras. 36-37. On February 9, 2005, Plaintiff was advised by a New York City detective that Mr. Singh accused Ello of having made sexual advances to Singh during the office encounter on February 4, 2005. Id., para. 44-46.

  According to Plaintiff, following the filing of this complaint by Singh, Plaintiff was ordered to refrain from engaging in Trust Fund activities and/or having contact with Trust Fund employees. The remainder of the complaint largely focuses on the conduct of the investigation in 2005 into the incident giving rise to Mr. Singh's criminal complaint against Plaintiff. Among other claims, Plaintiff accuses Singh of having engaged in "malicious prosecution," as well as "slander and libel against Plaintiff," id., para. 97, 99, defendant Raymond Pocino of having breached his obligation to Ello to inform him of Singh's allegation in a timely fashion, to provide Ello with effective representation, and by wrongfully terminating Ello from his union positions, id., paras. 109, 110, 114; and defendant LIUNA of having engaged in libel, slander, conspiracy and other tortious conduct arising out of its failure to stop Singh and others from taking action against Ello. Id., para. 133. Plaintiff has also sued the Laborers-Employers Cooperation and Education Trust Fund, the Mason Tenders District Council Trust Funds and John Virga.

2673064v1

**B.      The Curtis Firm's Past Involvement with the MTDC**

The sole basis for claiming that the Curtis Firm has a conflict of interest stems

from its representation in 1995-96 of the Mason Tenders District Council and a local union,

Local 59, neither of which are defendants in the present case.

The Curtis Firm's role in representing the Mason Tenders District Council and

Local 59 of LIUNA are set forth in published opinions of this Court.  See Mason Tenders Dist.

Council v. Laborers' International Union, 884 F.Supp. 823 (S.D.N.Y. 1995); Mason Tenders

Local Union 59 v. Laborers' International Union, 924 F.Supp. 528 (S.D.N.Y. 1996).  Essentially,

these opinions demonstrate that the Curtis Firm's representation related solely to control over the

Mason Tenders District Council and various local unions in LIUNA during the 1995-1996 time

period and efforts to impose a trusteeship on the local unions.  These matters had nothing to do

with Mr. Ello's relationship or dispute with Mr. Singh.

More specifically, and as reflected in these opinions, the union entities at issue all

represent bricklayers, masonry and asbestos removal workers, and other laborers.  The Mason

Tenders District Council ("MTDC") is an elected union body representing twelve local labor

unions in the New York area, as well as the Executive Board of the MTDC.  LIUNA is a national

labor organization overseeing the operations of the local unions and district councils.  In that

role, LIUNA acts as the parent organization to the MTDC.

In September 1994, the Department of Justice filed a civil RICO Complaint

against the MTDC, and other entities.  See United States v. Mason Tenders Dist. Council of

Greater New York, 94 Civ. 6487 (RWS) (S.D.N.Y.).  In that case, the MTDC was represented by

the Curtis Firm, including Peter Fleming of that firm.  In November 1994, a constructive

trusteeship was approved by LIUNA, with David Elbaor being appointed as temporary trustee.

Elbaor immediately removed all elected delegates from their respective offices at the MTDC, and also dismissed the Curtis Firm as counsel to the MTDC. Represented by the Curtis Firm, the MTDC responded by filing a complaint against LIUNA and others, challenging the imposition of the trusteeship, and seeking a preliminary injunction. The Honorable Judge Sweet, U.S. District Judge, ruled that the MTDC had in fact shown irreparable harm justifying an injunction, and also that the trusteeship had been imposed in violation of the LIUNA Constitution. 884 F.Supp. at 833-34. The Court went on, however, to find that the defects inherent in the imposition of the trusteeship were cured by subsequent proceedings within the union. Id. at 834. As a result, the Court denied the motion by the MTDC for an injunction.

The Curtis Firm was involved in a second action ten years ago relating to the imposition of a trusteeship on the District Council and locals. Representing Mason Tenders Local 59, the Curtis Firm again moved for a preliminary injunction, seeking to prevent LIUNA from revoking the charter of the local and seizing its assets pursuant to a Reorganization Plan. Mason Tenders Local Union 59 v. Laborers Int'l Union of North America, 96 Civ. 2406 (RWS) (S.D.N.Y.). In its complaint, Local 59 sued, among others, Plaintiff Richard Ello in his official capacity as Office Manager and Comptroller for the MTDC of Greater New York. In an opinion filed on May 2, 1996, Judge Sweet ruled that LIUNA's position as to its rights under the Union Constitution, and the Plan of Reorganization calling for control over Local 59, was not patently unreasonable or undertaken in bad faith. As a result, the court held it lacked authority to interfere in union governance, and denied the motion for injunctive relief. 924 F.Supp. at 543-48.

Approximately ten years passed between the date when the Curtis Firm was discharged as counsel to the MTDC and the incident alleged in the Complaint to have occurred

between Messrs. Singh and Ello.  Plaintiff's Motion offers no allegation or even suggestion that what occurred in the earlier representation of the MTDC and/or Local 59 has even the slightest bearing on the instant case.

## ARGUMENT

### I.    PLAINTIFF HAS FAILED TO SHOW ANY FACTS GIVING RISE TO A CONFLICT, MUCH LESS ONE REQUIRING DISQUALIFICATION

Plaintiff cites a single disciplinary rule purportedly requiring disqualification of the Curtis Firm:  New York Disciplinary Rule 5-105.  Pollack Aff., Para 1.  Plaintiff has failed to allege any facts demonstrating that a conflict exists under this or any other ethical rule.

Before considering Plaintiff's allegations, it is helpful to recall that "[m]otions to disqualify opposing counsel are viewed with disfavor in this Circuit."  Regal Mktg. Inc. v. Sonny & Son Produce Corp., 2002 U.S. Dist LEXIS 14069, at *10 (S.D.N.Y. Aug. 1, 2002) (citing Clark v. Bank of New York, 801 F.Supp. 1182, 1197 (S.D.N.Y. 1992)).  "[T]he party seeking disqualification must meet a 'high standard of proof' before a lawyer is disqualified."  Id. (cases collected).

Here, Plaintiff has failed even to identify the correct rule governing this motion.[2]  As the Second Circuit and the title of DR 5-105 make clear, that rule relates to "simultaneous representation" of existing clients.  See United States v. Oberoi, 331 F.3d 44, 48 (2d Cir. 2003) ("DR 5-105(B) . . . governs 'continued multiple employment . . .,'" and that where simultaneous representation of "multiple clients [ceased] . . . its situation did not within DR 5-105(B))."  Accord Emons Industries, Inc. v. Liberty Mutual Ins. Co., 747 F.Supp. 1079, 1084 n.5 (S.D.N.Y.

---

[2] We are at a loss to understand how plaintiff could continue to rely on DR 5-105, even after defendants filed a letter with the Court dated January 18, 2006, citing the correct rule.

-6-

1990) ("DR 5-105 addresses conflict of interest between two *present* clients . . . . Since Liberty

is not a client of the Anderson Firm, it necessarily follows that no conflict of interests exists

under DR 5-105." (emphasis in original)); Burda Media Inc. v. Blumenberg, 97 Civ. 7167, 1999

U.S. Dist. LEXIS 9240, at *39 (S.D.N.Y. June 21, 1999)("[S]imultaneous representation of

clients whose interests are in conflict is judged by one standard and past, or successive,

representation by another."). As Plaintiff alleges that the Curtis Firm's representation of the

Mason Tenders District Council, or any local, terminated in 1996, at the very latest, no violation

of Rule 5-105 is possible here.

       Plaintiff's factual allegations point to a different Rule, uncited by Plaintiff,

relating to representation adverse to a former client. See DR 5-108. "DR 5-108 covers conflict

of interest issues related to former and present clients . . . ." Oberoi, 331 F.3d at 48. That rule

contains three independent requirements that must be demonstrated for such a conflict to exist,

warranting disqualification, none of which are present here:

> (1) the moving party is a former client of the adverse
> party's counsel;
>
> (2) there is a substantial relationship between the subject
> matter of the counsel's prior representation of the
> moving party and the issues in the present lawsuit; and
>
> (3) the attorney whose disqualification is sought had
> access to, or was likely to have had access to, relevant
> privileged information in the course of his prior
> representation of the client.

Burda Media, at *40 (quoting Evans v. Artek Systems Corp., 715 F.2d 788, 791 (2d Cir. 1983)).

Plaintiff fares no better under this Rule, as he cannot satisfy any of the three elements or

requirements, as shown below.

**A.    Because Plaintiff Was Never a Client of the Curtis Firm, He Cannot Satisfy Rule 5-108.**

As shown above, Plaintiff could claim the protections of Rule 5-108 only if he could show that he was a former client of the firm. While Plaintiff's counsel characterizes him in her filing as a former client of the Curtis Firm, see Pollack Aff., at 7, Plaintiff nowhere alleges in his own affidavit filed with the Court any facts that would justify that conclusion, or even that he believed he was a client of the Firm. Nor could he ethically do so.

The unsigned filing by Plaintiff's counsel alleges that the Curtis Firm requested a retainer "to represent MTDC," and that the Curtis Firm was ultimately removed "as counsel for the MTDC in the Civil RICO action . . . ." Pollack Aff., para. 10. At that point, according to Plaintiff's own filing, "Local 59 retain[ed] Curtis, Mallet-Prevost against LIUNA and affiliated entities." Id. It would be ludicrous for Plaintiff to have believed that he was acting as a client when his motion goes on to allege that in connection with the Curtis Firm's representation of Local 59 the Curtis Firm actually *named Mr. Ello as a defendant in the Complaint.* Id.

**B.    Even If Plaintiff Erroneously Believed that He Was a Client, He Cannot Show that Confidences Were Provided to the Curtis Firm, Which Would Have Been Withheld from LIUNA.**

Plaintiff seemingly takes the position that he can equate himself with a "client" of the Curtis Firm because he was not merely an "'employee' of any of the named entities, but [was] a Trustee, Officer and fund participant." Pollack Aff., para. 2. However, even if the Court were to indulge in the unsupportable assumption that Plaintiff was acting as a client merely because he provided information to the Curtis Firm, his claim would still fail. Under Rule 5-108, the mere existence of a client relationship is insufficient, as the movant seeking to disqualify counsel "must demonstrate that the subject attorney was in a position to receive confidences that

-8-

the movant would expect would not be disclosed to the attorney's present client." <u>United States Football League v. National Football League</u>, 605 F.Supp. 1448, 1453 (S.D.N.Y. 1985) (citing <u>Allegaert v. Perot</u>, 565 F.2d 246 (2d Cir. 1977)); <u>Rocchigiani v. World Boxing Counsel</u>, 82 F.Supp.2d 182, 187 (S.D.N.Y. 2000) (same). In short, Plaintiff must be able to allege that the Curtis Firm received confidences from Mr. Ello in the prior action that he would have expected to have been concealed from LIUNA -- Plaintiff's employer until his alleged constructive discharge in April 2005.

As with the other requirements of Rule 5-108, Plaintiff does not even try to meet this element. The most that he says is that he assisted the Curtis Firm in providing information in connection with its representation of the Mason Tenders District Council. But Plaintiff also alleges that he was similarly providing information to the U.S. Department of Justice, as well as the court appointed monitors and inspector generals of LIUNA, all of whom were adverse to the Curtis Firm's client in the previous action. <u>See</u> Amended Complaint, para. 15.

It is inconceivable that Plaintiff would have been assisting both LIUNA and the U.S. Department of Justice in an action against the MTDC, which was represented by the Curtis Firm, all the while believing that the Curtis Firm would have shielded information received by Ello from the MTDC, or from LIUNA (Plaintiff's employer). Plaintiff does not suggest otherwise. <u>Cf. Rocchigiani</u>, 82 F.Supp.2d at 187-88 (finding that a former client could not have had an expectation that confidences would remain secret from another where both were represented by the same attorney). When it comes to the suit filed by the Curtis Firm on behalf of Local 59, it becomes patently absurd to believe that Ello had any expectation that any alleged confidences would be secure and not be revealed to the MTDC and/or LIUNA as the Curtis Firm had named Ello as a defendant in the suit.

-9-

C. **Plaintiff Cannot Show that there is Any Relationship Between the Two Matters, and Plaintiff Certainly Cannot Meet the "Substantial Relationship" Test.**

And if the camel's back were not already broken, the "final straw" would certainly be Plaintiff's complete and utter failure to show that there is even the remotest relationship between the previous matter – which evidently ended ten years ago according to Plaintiff's own timeline – and the instant case.

The "Second Circuit has determined that as a practical mater, motions to disqualify should be granted only when 'the relationship between issues in the prior and present cases is 'patently clear' or that the issues involved are 'identical' or 'essentially the same.'" Mitchell v. Metro. Life Ins. Co., 2002 U.S. Dist. LEXIS 4675, at *12 (S.D.N.Y. March 21, 2002) (quoting Government of India v. Cook Indus., Inc., 569 F.2d 737, 739-40 (2d Cir. 1978)).

It is entirely understandable that Plaintiff would not even try to argue that a substantial relationship existed between this case and the former representation, which ended approximately ten years ago. This case involves a claim of wrongful discharge, based on claims that defendant made unwarranted advances against Mr. Singh. The former suit had nothing to do with these issues, and related instead to control of the MTDC and Local 59, who are not even named as parties by Mr. Ello in the instant case.

II. **PLAINTIFF HAS FAILED TO EXPLAIN HIS DEMAND FOR ATTORNEYS FEES AND COSTS.**

Plaintiff's application states that he is seeking to have the Court "award attorneys fees and costs of this application to Plaintiff if the firms do not withdraw voluntarily. . . ." Pollack Aff., at p. 7. No statute, rule or case law support for this application is cited, and the patently frivolous nature of Plaintiff's motion would foreclose any such relief under all known

-10-

2673064v1

provisions relating to an award of attorneys fees.  In the event Plaintiff seeks to support this

request with factual and legal support, we would request an opportunity to address it.


## CONCLUSION

The motion to disqualify the Curtis Firm, and request for attorneys fees, should be

denied.


Dated:  New York, New York
        January 27, 2006

                                CURTIS, MALLET-PREVOST,
                                COLT & MOSLE

                                By: _____
                                    Samuel Rosenthal (SR-9717)
                                    101 Park Avenue, 35th Floor
                                    New York, New York  10178
                                    (212) 696-6000


                                LANKFORD, COFFIELD & REED, PLLC

                                By _Terrance G. Reed_ (sc)
                                   Terrance G. Reed
                                   120 North St. Asaph St.,
                                   Alexandria, Virginia  22314
                                   (703)-299-8734

                                Attorneys for Defendant
                                Laborers International Union of North
                                America and Raymond Pocino


-11-