PROSKAUER ROSE LLP
Kathleen M. McKenna (KM-4258)
Deidre A. Grossman (DG-2677)
1585 Broadway
New York, New York 10036
(212) 969-3000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
RICHARD ELLO,                                          :  Case No. 05 CV 9625 (KMK)
                                                       :
                                                       :  (ECF Case)
                              Plaintiff,               :
                                                       :  **DECLARATION OF**
           v.                                          :  **RORY J. ALBERT**
                                                       :
ISHRI SINGH, et al.,                                   :
                                                       :
                              Defendants.              :
                                                       :
------------------------------------------------------------------x

RORY J. ALBERT declares under the penalties of perjury:

1.   I am a member of Proskauer Rose LLP ("Proskauer"), counsel to Defendants Ishry Singh, Laborers-Employers Cooperation and Education Trust Fund ("LECET"), Mason Tenders' District Council Trust Funds ("MTDC Funds"), Raymond Pocino, as a Trustee of the MTDC Funds, and John Virga, MTDC Funds' Director (collectively, the "Fund Defendants") in the above-captioned action. I submit this declaration based on my personal knowledge in opposition to Plaintiff Richard Ello's application to disqualify Proskauer as counsel for the Fund Defendants and, specifically, to address those arguments in Plaintiff's application which raise issues regarding the nature of Proskauer's work for the MTDC Funds and related entities.

2.   Proskauer was appointed as counsel to the MTDC Funds in April 1995 in consultation with, and subject to the approval of, a Court-appointed monitor who, at the time, was overseeing the affairs of the MTDC Funds, in the aftermath of a governmental investigation

and lawsuit that exposed organized crime infiltration of the MTDC Funds and massive MTDC Funds losses. I am, and have always been, the responsible partner for this client and related entities referred to herein and in Plaintiff's application, which means that, in addition to providing substantive advice in my area of expertise (namely employee benefit matters), I am also the partner who assigns to other Proskauer lawyers responsibility for advising these entities.

3. At the time Proskauer was appointed as counsel to the MTDC Funds, the trustees of the MTDC Funds were David Elbaor, Steven Hammond, Paul O'Brien, and Sheldon Lipsett. Plaintiff replaced David Elbaor as a trustee in August 1996.

4. Although Proskauer has consistently represented the MTDC Funds since April 1995, the nature of that representation has evolved and grown to become increasingly multi-faceted. Although it would be impracticable – and an unwarranted waiver of attorney-client privilege – to identify with specificity the nature of all advice given, the areas on which the firm has advised the MTDC Funds can be broadly grouped into the following five (5) categories:

    a. **Legal compliance in employee benefit fund administration**: This category includes (a) amending and restating plan documentation to ensure continued compliance with the Internal Revenue Code of 1986, as amended (the "Code") and ERISA; (b) assisting the Funds in connection with their compliance with ERISA's reporting and disclosure requirements and other legal obligations (such as those arising under the Code, HIPAA, COBRA and other laws affecting employee benefit plans); (c) communicating with government agencies in connection with routine plan audits and required government filings; (d) interacting with other MTDC Funds' professionals (*e.g.*, investment advisors, accountants, and actuaries regarding various Funds matters, including investment issues); (e) negotiating various written agreements with the MTDC Funds' service providers, such as investment

2

managers and third party administrators of welfare benefits; and (f) attending periodic Trustee meetings;

      b.    **Participant claims**: This includes (a) advising the MTDC Funds' Director and the Board of Trustees on the procedures for considering and determining claims and appeals filed by MTDC Funds' participants and advising on any legal issues engendered by such claims and appeals; and (b) defending claims in litigation, see, e.g., *Candela v. Mason Tenders' District Council Welfare Fund and the Trustees of the Mason Tenders' District Council Welfare Fund*, 04 CV 00513 (claim by participant under ERISA for retiree medical benefits); *Campanella v. Mason Tenders' District Council Pension Plan and the Board of Trustees of the Mason Tenders' District Council Pension Plan*, 02 CV 00032 (claim by participant under ERISA for increased pension benefits and statutory penalties for allegedly failing to comply with reporting and disclosure requirements); *Wilkins v. Mason Tenders' District Council Pension Fund and the Trustees of the Mason Tenders' District Council Pension Fund*, 03 CV 1581 (claim by participant under ERISA seeking increased pension benefits).

      c.    **Audit and Delinquency Matters**: As co-counsel responsible for collecting delinquent contributions from employers participating in the MTDC Funds, Proskauer commences and prosecutes actions against delinquent employers, regularly prepares reports identifying the status of such litigations and amounts due and recovered, and advises the MTDC Funds' Audit and Delinquency Committee in connection with such matters.

      d.    **Litigation Matters**: When Proskauer was first appointed as counsel to the MTDC Funds in 1995, the focus of the firm's litigation work was on commencing lawsuits on behalf of the MTDC Funds to seek recovery of losses from former trustees and service providers believed to have misappropriated and misused fund assets in breach of their legal

obligations. More recently, the litigations in which Proskauer has represented the MTDC Funds have involved claims by participants seeking benefits under the MTDC Funds. (*See* paragraph 4(b) above).

    e.    **Employment Advice**: Given that the MTDC Funds necessarily employ staff to carry out the day-today administration of the MTDC Funds, Proskauer has provided the MTDC Funds advice regarding workplace issues, including advice and training regarding discrimination and harassment. Proskauer has also represented the Mason Tenders District Council Training Fund in proceedings before the National Labor Relations Board and the Equal Employment Opportunity Commission.

    5.    In or about August 1997, Proskauer was appointed as counsel to the Demolition Workers Union Local 95 Trust Funds (the "Local 95 Funds").

    6.    Since the firm's appointment as counsel to the Local 95 Funds, we have represented these funds in the same types of matters described above in paragraphs 4(a) through (c).

    7.    In his application for disqualification, Plaintiff states that he was deposed in connection with a litigation commenced by the Local 95 Funds against contributing employer Mackroyce Contracting Corp. (Affirmation of Ruth Pollack ("Pollack Aff.") at ¶ 8) If Plaintiff is referring to a deposition he gave in February 1999, Plaintiff gave that deposition, not as a trustee of the Local 95 Funds, but rather as a non-party witness. Moreover, he was defended by Barbara Mehlsack, Esq. of the firm of Gorlick, Kravitz & Listhaus at the deposition, not Proskauer. (*See* excerpts of the February 26, 1999 deposition of Richard Ello, attached hereto as Exhibit A). Regardless, the deposition related to an action to collect delinquent contributions.

8. In or about March 1998, Proskauer was appointed as counsel to the Recycling and General Industrial Union Local 108 Pension and Welfare Funds (the "Local 108 Funds"). The work carried out for the Local 108 Funds was in the categories described above in paragraphs 4(a) through 4(c).

9. Although Plaintiff has contended that Proskauer was discharged by the Local 108 Funds because of its fees, the communications I received suggest otherwise. One of the trustees, Michael Hellstrom, repeatedly voiced his perception of Proskauer as a management-side firm and, as an official of Local Union No. 108, he did not think that Proskauer should be advising an employee benefit fund in which Local Union No. 108 members participated. It is my understanding that it was this view that led to the firm being removed as counsel to the Local 108 Funds.

10. In or about December 1997, Proskauer was retained by the trustees of the Plasterers Helpers' Local 30 Trust Funds (the "Local 30 Funds") to work with a Court-appointed monitor and Investigations Officer in conducting an investigation into the actions of the former Local 30 Funds trustees and administration. Proskauer's work for the Local 30 Funds came to an end at the completion of that investigation.

11. Proskauer was retained to represent the Mason Tenders District Council of Greater New York (the "Union") in a lawsuit filed against the Union by the New York State Laborers Political Action Committee. *See New York State Laborers Political Action Committee, Samuel M. Freisna, Chairman v. Mason Tenders District Council of New York*, 97 Civ. 1731 (NPM/DRH). However, contrary to Plaintiff's suggestion (Pollack Aff. at ¶ 8), Plaintiff was not named as a defendant in that lawsuit.

12. Additionally, in 1999, the firm was retained to represent one of the Union's constituent locals, the Construction and General Building Laborers Local 79 in the action captioned *Christina Marie Cabrera v. Construction and General Building Laborers Local 79, William Schmidt, and Daniel Kearney*, Index No. 99/601907, which alleged certain claims of sexual harassment. Plaintiff was not among the defendants named in the action.

13. Proskauer commenced its representation of LECET in March 2005, after Plaintiff had already resigned as LECET Director. All dealings with LECET have been through its current Director and Administrator, Chris J. Columbia.

Dated: New York, New York
January 31, 2006

                                  /s/ Rory J. Albert
                                  RORY J. ALBERT

**Exhibit A to Declaration of
Rory J. Albert, Esq.**

```
 1

 2

 3        UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF NEW YORK
 4        ----------------------------------------X
          DEMOLITION WORKERS UNION, LOCAL 95
 5        INSURANCE, ANNUITY AND PENSION FUNDS,
          by their Trustees, CHRISTINE McKENNA,
 6        PHILLIP CHILLAK, SR., KENNETH FROLICH
          and ANTHONY NOTO,
 7
                                              Plaintiffs,
 8
                              -against-
 9
          MACKROYCE CONTRACTING CORP., MACKROYCE
10        DISMANTLING, LTD.,

11                                            Defendants.
          ----------------------------------------X
12

13                                   570 Lexington Avenue
                                     New York, New York
14
                                     February 26, 1999
15                                   1:30 p.m.

16

17             EXAMINATION BEFORE TRIAL of RICHARD ELLO, a

18        Non-Party witness herein, taken by the Defendants,

19        pursuant to Subpoena.

20

21

22

23
                              ARISTA COURT REPORTING CO.
24                                   277 Broadway
                                 New York, N.Y. 10007
25                                  (212) 732-6190
```

```
 1
 2     ------------------------------------------X
       MACKROYCE CONTRACTING CORP., MACKROYCE
 3     DISMANTLING, LTD.,

 4                    Third-Party Plaintiffs,

 5              -against-

 6     MASON TENDERS DISTRICT COUNCIL WELFARE
       FUND, PENSION FUND and ANNUITY FUND,
 7     ASBESTOS TRAINING PROGRAM FUND,
       INDUSTRY FUND, LEGAL SERVICES,
 8
                      Third-Party Defendants.
 9     ------------------------------------------X

10

11     A P P E A R A N C E S :

12

13          PROSKAUER ROSE, LLP
            Attorneys for Plaintiffs
14               1585 Broadway
                 New York, New York 10036-8299
15          BY:  JOHN E. DALY, ESQ., of Counsel

16
            COREN & BRAUN, P.C.
17          Attorneys for Defendants
                 570 Lexington Avenue
18               New York, New York 10022
            BY:  STEVEN COREN, ESQ.
19

20          GORLICK, KRAVITZ & LISTHAUS, P.C.
            Attorneys for Third-Party Defendants
21               17 State Street
                 New York, New York 10004-1501
22          BY:  BARBARA S. MEHLSACK, ESQ., of Counsel

23                  *           *           *

24

25
```

```
 1
 2              IT IS HEREBY STIPULATED AND AGREED by and
 3    between the attorneys for the respective parties hereto
 4    that the sealing and filing of the transcript of the
 5    within Examination Before Trial be, and the same hereby
 6    are waived; and that said transcript may be signed and
 7    sworn to before any Notary Public or Commissioner of
 8    Deeds with the same force and effect as if signed and
 9    sworn to before an officer of this Court.
10              IT IS FURTHER STIPULATED AND AGREED that all
11    objections, except as to the form of the questions, are
12    reserved to the time of the trial.
13              IT IS FURTHER STIPULATED AND AGREED between the
14    attorneys for the respective parties hereto that a copy
15    of this examination shall be furnished to the attorneys
16    for the Third-Party Defendants, without charge.
17
18                     *         *         *
19
20
21    R I C H A R D   E L L O, a witness herein, with an office
22         address of 32 West 18th Street, New York, New York
23         10011-4612, after having been first duly sworn by a
24         Notary Public of the State of New York, testified as
25         follows:
```

```
1                            Ello
2    EXAMINATION BY MR. COREN:
3         Q    Please state your name for the record.
4         A    Richard Ello.
5         Q    Please state your address for the record.
6         A    32 West 18th Street, New York, New York
7    10011-4612.
8         Q    Good afternoon.
9         A    Hi.
10        Q    I will be asking you a series of questions and
11   if you do not understand, please let me know.  If there
12   is an objection by counsel, please wait until we get it
13   straightened out.  If the question is confusing, let me
14   know and we will see what we can do about rephrasing it.
15   If you need to take a break at any time we will see what
16   we can do about accommodating you.
17             MS. MEHLSACK:  Counsel, before you start, I
18        would like to place an objection on the record and
19        that is to the relevancy of the two lines of
20        questioning that you had notified us that you were
21        going to be questioning the client about.  We have --
22        no timely subpoena was received by my client -- no
23        subpoena at all was received by my client and we got
24        a copy of the subpoena and notice of deposition at
25        two minutes to six on Wednesday evening and as we
```

5

1        Ello
2   wrote you on Thursday, we understood that the two
3   lines of inquiry were going to be with respect to the
4   effective date of the contract and jurisdictional
5   coverage of the contract.
6        With respect to the effective date, we believe
7   that there is no matter that is material to this
8   litigation because -- and that your client has
9   already conceded to that by admitting -- not
10  answering to a coverage period of 1995 to 1997; and
11  with respect to the jurisdictional issue, based on
12  your client's documents that were produced to the
13  auditor, there is no evidence that even if there is a
14  basis for the factorial jurisdictional issue, there
15  has not been forthcoming from your client any
16  evidence to indicate that any New Jersey workers were
17  picked up by an audit once against the collective
18  bargaining agreement and entirely.
19        MR. COREN:  Counsel --
20        MS. MEHLSACK:  May I finish?
21        MR. COREN:  Whose part are you speaking --
22        MS. MEHLSACK:  Local 95.
23        MR. COREN:  Not on the third-party defendants.
24        MS. MEHLSACK:  I speak on my client's --
25        MR. COREN:  Perhaps I can object at that point

6

1         Ello
2    rather than anticipating --
3         MS. MEHLSACK:  I would like to put you on
4    notice, Counselor that we are reserving the right to
5    seek all the costs of this subpoena and deposition on
6    behalf of Local 95, including our attorney's fees.
7         MR. COREN:  Thank you.
8         MR. DALY:  On behalf of the plaintiffs,
9    briefly, that with respect to the subpoena, we also
10   notified you yesterday that we object to the Form 67
11   of the subpoena and we also expect that the areas of
12   questioning will be restricted to the two areas of
13   questioning that were indicated in your September 24,
14   1998 letter to Judge McKenna.
15       Q    Mr. Ello, can you tell me, are you affiliated
16   in any way with Demolition Workers Union Local 95?
17       A    Yes, I am.
18       Q    In what way are you affiliated with them?
19       A    I'm currently serving as deputy trustee.
20       Q    What is the area of your authority or
21   jurisdiction?
22       A    Along with the regular trustee duties, we've
23   been overseeing the day-to-day operations of the local
24   union since it was placed in trusteeship.
25       Q    When would that be?

                                                          10

1                          Ello

2     copy of that document to me.

3              MS. MEHLSACK: Counselor, it is my

4     understanding, I could be wrong, that your client has

5     been in possession of that document since the NLRB

6     litigation back in June of 1996.

7              MR. COREN: That is not relevant to this

8     question. I am entitled to have that document within

9     the context of this litigation.

10             MS. MEHLSACK: We are at this point --

11             MR. COREN: I am not sure that my client even

12    has such a document.

13             MS. MEHLSACK: We agreed we will waive all

14    objections except as to form, but I told you that

15    this line of questioning is entirely irrelevant and

16    the document is entirely irrelevant.

17             MR. COREN: You are not talking as a party,

18    Counsel --

19             MS. MEHLSACK: I am talking as counsel to my

20    client.

21             MR. COREN: The relevancy as to --

22             MS. MEHLSACK: Whether or not -- you do not

23    have a right to examine my client as to what the

24    color of his house is.

25             MR. COREN: Counsel, please, I am not talking

12

1                        Ello

2    June 30, 1997?

3           MS. MEHLSACK:  Objection as to form.  In what

4       context?

5           MR. COREN:  I am asking if he has reviewed it.

6       It does not matter in what context.

7       A    I probably have.

8       Q    In the course of that review, did you take

9    notice of the geographic jurisdiction stated in the

10   collective bargaining agreement between Mackroyce and

11   Local 95 for the period July 1, '93 to June 30, 1997?

12      A    I don't recall specifically.

13      Q    Do you recall whether or not you testified at

14   the NLRB as to the jurisdiction of Local 95 as far as it

15   is expressed in the agreement between Mackroyce and Local

16   95?

17          MR. DALY:  Objection as to form.

18          MS. MEHLSACK:  Objection as to form.

19      Q    When was the last time you had occasion to

20   review the collective bargaining agreement for the period

21   of '93 to '97 between Local 95 and Mackroyce?

22          MR. DALY:  I would put on the record, I advise

23      the witness not to answer as to -- with respect to

24      any review that may have been done in preparation on

25      the basis of privilege, but outside of that, you can

ARISTA COURT REPORTING CO., NEW YORK, NEW YORK (212) 732-6190

35

1           Ello

2      distinct items and --

3           MR. COREN:  That is --

4           MS. MEHLSACK:  And you informed Judge McKenna

5      that you wanted to, as I said, get additional

6      discovery on geographic jurisdiction and on the

7      effective date of contract.  Your questions have

8      nothing to do with geographic jurisdiction and,

9      Counsel, once again, to the extent that you are

10     taking up my client's time and taking up our time, my

11     time, the firm's time, that he has to pay for this

12     deposition, I am seeking costs because you are going

13     way beyond what you told Judge McKenna you were

14     interested in.

15          MR. DALY:  Same objection on behalf of

16     plaintiffs.

17          MR. COREN:  To the extent that you have made

18     routine objections and wasting my time, we may seek

19     costs from you, and my client --

20          MS. MEHLSACK:  I will cease to give you notice

21     of that.  We will consider that you were under notice

22     for this entire deposition, that you have gone on

23     with this line of questioning, you have engaged in

24     matters entirely irrelevant to the litigation and

25     have gone beyond even matters that you asked Judge

36

```
 1                         Ello
 2     McKenna for discovery.
 3             MR. COREN:  Your position today is as
 4     representative of a non-party.  The question of
 5     relevancy does not come up.
 6             MR. DALY:  Well --
 7             MS. MEHLSACK:  First of all, Counsel, I am here
 8     as a third-party defendant counsel but that is not
 9     the case, Counsel.  If you are requiring my client to
10     pay attorney's fees and taking up his time on other
11     matters irrelevant to a litigation, that --
12             MR. COREN:  But --
13             MS. MEHLSACK:  Excuse me.  (Continuing) -- who
14     is also a member of the bar, that is very much the
15     issue that is of concern to me and to my client, and
16     that said, you are now on notice and I do not see any
17     reason -- if you consider this a waste of time, I
18     would not put you on notice any further.
19             MR. DALY:  I would also like to put my
20     objection on the record on behalf of the plaintiffs
21     that your subpoena -- according to your subpoena, you
22     subpoenaed in part Local 95, purports to be a Rule
23     30b6 deposition did not include -- the subpoena does
24     not include the areas of questioning as required by
25     the rule and we are here completely voluntarily.  As
```

| | |
|---|---|
| 1 | Ello |
| 2 | although I do represent the party that filed the |
| 3 | answer and to the extent that the litigation is |
| 4 | proving that there are other issues arising, I will |
| 5 | seek to amend the answer.  If you are telling me that |
| 6 | your witness is being directed not to answer related |
| 7 | to trade jurisdiction, let me know and we will deal |
| 8 | with it. |
| 9 | MS. MEHLSACK:  All I said is that I am putting |
| 10 | you on notice, that we have an objection and that we |
| 11 | are here as entirely voluntarily. |
| 12 | MR. COREN:  And I appreciate your courtesy. |
| 13 | MS. MEHLSACK:  And in addition to that, with |
| 14 | respect to even the questions, the issues that you |
| 15 | raised to Judge McKenna, we believe that there is no |
| 16 | basis for this deposition, but at the moment I am not |
| 17 | directing my client not to answer.  I was asking you |
| 18 | how these questions are relevant to the defenses and |
| 19 | I was simply asking you to point out the relevancy of |
| 20 | the defenses.  The document speaks for itself. |
| 21 | MR. COREN:  Thank you.  I do not think on the |
| 22 | record of this deposition it is appropriate for me to |
| 23 | respond to that inquiry. |
| 24 | Counsel, could I just have a few minutes. |
| 25 | MR. DALY:  Sure. |