RUTH M. POLLACK, ESQ. (RP1407)
LAW OFFICES OF RUTH M. POLLACK, ESQ.
250 OLD COUNTRY ROAD – SUITE 506
MINEOLA, NEW YORK 11501-4299
**ALL CORRESPONDENCE TO: P.O. BOX 120
RIVERHEAD, NEW YORK 11901-0120**
516-746-0144
ruthmpollackesq@verizon.net
**Attorneys for Plaintiff Richard Ello**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────────────────x

RICHARD ELLO,

                Plaintiff,

-vs-
                                     Case No. 05CV9625 (KMK)
                                     (ECF Case)

ISHRI SINGH, in his individual and official capacities;
RAYMOND POCINO, Vice President and Eastern
Regional Manager of LABORERS INTERNATIONAL
UNION OF NORTH AMERICA, in his individual and
official capacities; LABORERS INTERNATIONAL
UNION OF NORTH AMERICA; LABORERS-
EMPLOYERS COOPERATION AND EDUCATION
TRUST FUND; RAYMOND POCINO, Trustee, in his
individual and official capacities; MASON TENDERS
DISTRICT COUNCIL TRUST FUNDS; JOHN
VIRGA, Funds Director, in his individual and official
capacities; "John Doe and Jane Doe A through D";
the latter being parties unknown to plaintiff,

                Defendants.
───────────────────────────────────────────x

## ARGUMENT

### I.
### LEGAL STANDARD FOR DISQUALIFIATION

1.

A motion to disqualify counsel is of an equitable nature and should be made with promptness and reasonable diligence once the facts are known. Milone v. English, 306 F.2d 814, 819 (D.C. Ct. App. 1963). In this Circuit, motions to disqualify an attorney are committed to the discretion of the district court. Butala v. Agashiwala, 1997 U.S. Dist. LEXIS 1934 at *30 (S.D.N.Y. February 24, 1997). Although the party seeking disqualification carries the burden and must meet a high standard of proof before a lawyer is disqualified, any doubt is to be resolved in favor of disqualification. Id. at *31; Blue Planet Software, Inc. v. Games Int'l, LLC, 331 F. Supp. 2d 273, 275 (S.D.N.Y. 2004).

## II.
## PROSKAUER ROSE LLP CANNOT PROPERLY REPRESENT DEFENDANTS ISHRI SINGH, LABORERS-EMPLOYERS COOPERATION AND EDUCATION TRUST FUND, MASON TENDERS' DISTRICT COUNCIL TRUST FUNDS OR RAYMOND POCINO

Disqualification under the Disciplinary Rules of the Code of Professional Responsibility (DR-5-101 through 108)[1] is proper where: "(1) the moving party is a former client of the adverse party's counsel; (2) there is a substantial relationship between the subject matter of the counsel's prior representation of the moving party and the issues in the present lawsuit; and (3) the attorney whose disqualification is sought has access to, or was likely to have had access to, relevant privileged information in the course of his prior representation of the client." Blue Planet Software, 513 F.2d at 276; see also Evans v. Artek Systems Corp., 715 F.2d 788, 791 (2d Cir. 1983).

---

[1] In Plaintiff's initial application, this Rule was inadvertently partially cited as DR 5-105; the intent was to cite to the Rule discussed by the Court and all counsel in Court on January 5, 2006, that is, DR 5-101 through 108, now part of 22 NYCRR 1200.20 –27. Counsel thanks defense counsel for pointing out this error.

2

**A.     As a Result of Plaintiff Ello's Relationship with Defendants LECET and MTDC Funds, Defense Counsel Proskauer Rose LLP Had An Implied Attorney-Client Relationship with Ello**

The disqualification of an attorney by reason of conflict of interest will not be denied solely because no formal attorney-client relationship existed between the parties. <u>Nichols v. Village Voice, Inc.</u>, 99 Misc. 2d 822, 824 (N.Y. Sup. Ct. 1979).  Ample case law establishes that an attorney may be disqualified despite an absence of a formal attorney-client relationship.  <u>Blue Planet Software</u>, 513 F.2d at 276.  Disqualification is appropriate when an attorney gains access to the confidences of someone who is not formally a client where the relationship between the non-client and the actual client facilitates confidential discussions with the attorney and the exchange of confidential information, which the non-client would not otherwise have imparted.  <u>Blue Planet Software</u>, 513 F.2d at 276.  Plaintiff Ello was a former client of Proskauer until his discharge.  The firm has relevant privileged information, which prohibits its representation of defendants in this case.

**B. As a Result of Plaintiff Ello's Relationship with Defendants LIUNA and Virga, Defense Counsel Curtis Mallet-Prevost, Colt & Mosle LLP Had An Implied Attorney-Client Relationship with Ello**

The same principles set forth above apply to the extensive relationship between plaintiff and his former counsel Curtis. The very dearth of information supplied to this Court by each firm given its custody of the materials contrasts sharply with the details provided by plaintiff, even though he possesses little information other than his recollection from his many years of experience as a former client of the firms.  The failure to produce the materials to this Court, even at this critical juncture in the case

speaks volumes to the merits of plaintiff's application on all three prongs of the test.

**C. Proskauer Rose Conducted the Internal Investigation of the Allegations Made By Defendant Ishri Singh Against Plaintiff Richard Ello**

Prong two of the test for disqualification requires that there be a substantial relationship between the subject matter of the attorney's prior representation and the issues in the present lawsuit. <u>Evans</u>, 715 F.2d at 791. This, too, is a fact specific prong, and the copious facts set forth by plaintiff in its Declaration more than support this substantial relationship. This is true even now, before any discovery has been commenced and will continue to develop as plaintiff conducts depositions of Proskauer counsel, Curtis counsel, Singh, Virga and Pocino as well as when plaintiff serves even the most basic demands for document production upon the firms to prosecute this case. It is not necessary to cite numerous cases in order to meet the burden. Each case cited by defendants is fact specific and different from the unique facts of the instant case.

**D. Proskauer Rose, Through Its Representation of Not Only Defendants LECET and MTDC Funds, But Also Pocino, Has Access to Privileged Information Obtained During Previous Litigations; Likewise, Curtis Mallet–Prevost Has Access to Privileged Information Obtained During Previous Litigations**

A motion to disqualify should be granted where the attorney in question is potentially in a position to use privileged information obtained during previous representation. <u>United States v. Ostrer</u>, 597 F.2d 337, 340 (2d Cir. 1979); <u>United States v. Falzone</u>, 766 F. Supp. 1265, 1274 (W.D.N.Y 1991). Allowing an attorney to represent a client in a situation where he may use information obtained in the course of former representation gives the client an unfair advantage. <u>Ostrer</u>, 597 F.2d at 340. In such

4

cases, disqualification is rooted in notions of fundamental fairness.  Id.  Further, there is a presumption that all members of a law firm share confidential client communications. Falzone, 766 F. Supp. at 1270.   Accordingly, even a "Chinese Wall" as proposed by Curtis will not serve to safeguard and protect the precious rights of plaintiff Ello.  It is axiomatic that all of the legal fees in the world cannot justify the appearance and existence of impropriety that exist in this case.  Ello easily meets all three prongs of the test and has every reason to be deeply concerned about the ethical issues presented.

### III.
### PROSKAUER ROSE LLP CANNOT REPRESENT INDIVIDUAL DEFENDANTS, ISHRY SINGH, RAYMOND POCINO AND JOHN VIRGA, NOR CAN CURTIS PROPERLY REPRESENT LIUNA AND VIRGA WITHOUT VIOLATING BOTH THE DISCIPLINARY RULES AND CASE LAW

Disqualification is proper where the same counsel represents both a union organization and individual defendants within the union organization in a suit by an individual former union member.  Milone v. English, 306 F.2d 814, 819 (D.C. Ct. App. 1963). Disqualification is proper because of the inherent conflict of interests of representing both the union and its individual members. Id. at 817.

Again, plaintiff sets forth here and earlier, copious facts that support his right to an order disqualification of Proskauer and Curtis here.

### CONCLUSION

For all of the reasons set forth herein and in the annexed Declaration of Plaintiff with Exhibits, plaintiff respectfully seeks an order disqualifying both defense firms forthwith, together with such other and further relief as to the Court is just and proper.

Dated: February 5, 2006
      Mineola, New York

Respectfully submitted,

LAW OFFICES OF RUTH M. POLLACK
*Attorneys for Plaintiff, Richard Ello*

By: _____
      RUTH M.POLLACK, ESQ. (RP1407)
      250 OLD COUNTRY ROAD, STE. 505
      MINEOLA, NEW YORK 11501
      516.746.0144
      ruthmpollackesq@verizon.net

Filename:          elloMEMODISQUAL
Directory:         C:\Documents and Settings\rpollack\Desktop
Template:          C:\Documents and Settings\rpollack\Application Data\Microsoft\Templates\Normal.dot
Title:             RUTH M
Subject:
Author:            rpollack
Keywords:
Comments:
Creation Date:     2/5/2006 9:44 PM
Change Number:     3
Last Saved On:     2/5/2006 11:04 PM
Last Saved By:     rpollack
Total Editing Time: 80 Minutes
Last Printed On:   2/5/2006 11:05 PM
As of Last Complete Printing
    Number of Pages: 6
    Number of Words:       1,305 (approx.)
    Number of Characters:  7,180 (approx.)

**CERTIFICATION OF SERVICE**

      I, RUTH M. POLLACK, an attorney duly admitted to practice in the Northern, Southern and Eastern Districts of New York, being mindful of the penalties for perjury, certify as follows: I am not a party to this action, am over 18 years of age and reside at Mineola, New York. On February 5, 2006, in accordance with this Court's order, I served the counsel for defendants listed below with Plaintiff's Memorandum of Law, Plaintiff's Declaration and Exhibits in <u>Ello v. Singh and Pocino, et al</u>. 05-cv-9625 (KMK) by ECF:

      Proskauer Rose LLP
      Curtis, Mallet-Prevost Colt & Mosle, LLP
      Lankford, Coffield & Reed, PLLC

Dated: Mineola, New York
       February 5, 2006

                                                                                                            _____

                                                                                                           RUTH M. POLLACK (RP 1407)

| | |
|---|---|
| Filename: | MAILcertifELLOECF |
| Directory: | C:\Documents and Settings\rpollack\Desktop |
| Template: | C:\Documents and Settings\rpollack\Application Data\Microsoft\Templates\Normal.dot |
| Title: | AFFIDAVIT OF SERVICE |
| Subject: | |
| Author: | me |
| Keywords: | |
| Comments: | |
| Creation Date: | 2/5/2006 11:31 PM |
| Change Number: | 2 |
| Last Saved On: | 2/5/2006 11:31 PM |
| Last Saved By: | rpollack |
| Total Editing Time: | 0 Minutes |
| Last Printed On: | 2/5/2006 11:31 PM |

As of Last Complete Printing
   Number of Pages: 1
   Number of Words:   131 (approx.)
   Number of Characters:   673 (approx.)

RUTH M. POLLACK, ESQ. (RP1407)
LAW OFFICES OF RUTH M. POLLACK, ESQ.
250 OLD COUNTRY ROAD – SUITE 506
MINEOLA, NEW YORK 11501-4299
**ALL CORRESPONDENCE TO:  P.O. BOX 120
RIVERHEAD, NEW YORK 11901-0120**
516-746-0144
ruthmpollackesq@verizon.net
**Attorneys for Plaintiff Richard Ello**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――― x
RICHARD ELLO,

                                    Plaintiff,

 -vs-
                                                                    Case No. 05CV9625 (KMK)
                                                                              (ECF Case)

ISHRI SINGH, in his individual and official capacities;
RAYMOND POCINO, Vice President and Eastern
Regional Manager of LABORERS INTERNATIONAL
UNION OF NORTH AMERICA, in his individual and
official capacities; LABORERS INTERNATIONAL
UNION OF NORTH AMERICA; LABORERS-
EMPLOYERS COOPERATION AND EDUCATION
TRUST FUND; RAYMOND POCINO, Trustee, in his
individual and official capacities; MASON TENDERS
DISTRICT COUNCIL TRUST FUNDS; JOHN
VIRGA, Funds Director, in his individual and official
capacities; "John Doe and Jane Doe A through D";
the latter being parties unknown to plaintiff,

                                    Defendants.
――――――――――――――――――――――――――x

**PLAINTIFF RICHARD ELLO'S MEMORANDUM OF LAW IN REPLY
AND IN SUPPORT OF HIS APPLICATION FOR DISQUALIFICATION**

| | |
|---|---|
| Filename: | ELLOCOVERMEMOLAWANDAFF |
| Directory: | C:\Documents and Settings\rpollack\Desktop |
| Template: | C:\Documents and Settings\rpollack\Application Data\Microsoft\Templates\Normal.dot |
| Title: | RUTH M |
| Subject: | |
| Author: | rpollack |
| Keywords: | |
| Comments: | |
| Creation Date: | 2/5/2006 11:09 PM |
| Change Number: | 2 |
| Last Saved On: | 2/5/2006 11:12 PM |
| Last Saved By: | rpollack |
| Total Editing Time: | 3 Minutes |
| Last Printed On: | 2/5/2006 11:12 PM |

As of Last Complete Printing
    Number of Pages: 1
    Number of Words:    180 (approx.)
    Number of Characters:    1,175 (approx.)