**Ruth M. Pollack, Esq.**
**250 Old Country Road, Suite 506**
**Mineola, New York 11501**
**631-727-6787**
**ruth@ruthmpollackesq.com**
<u>Please Send All Correspondence to:</u>
1288 West Main Street, P.O. Box 120, Riverhead, New York 11901

July 18, 2006

Via ECF and Courtesy Copy
Hon. Judge Kenneth M. Karas
United States District Court, Southern District of New York
500 Pearl Street, Room 920
New York, New York 10007

Re:  Ello v. Singh et al.  05-cv-09625

Dear Judge Karas:

Please accept this letter as plaintiff's request for leave to amend its first summons and complaint in accordance with this Court's Individual Practice Rules and the Rules of Court.  Kindly also note that my contact information has not yet been updated on the docket since my contacting the ECF Desk.  In the meantime, please note my contact information above.

Upon reflection about our conference on Thursday, I concluded that it must have been very disappointing and unsettling for this Honorable Court to have prepared for oral argument only to learn about a newly filed document which changed the direction and landscape of the proceeding that was planned.  I must admit that in my concern that the documents be filed as soon as possible, it was clearly my oversight not to submit a letter and to extend the courtesy of a telephone call in advance of the court appearance once it appeared that this latest development would occur at this particular time.  I sincerely apologize for any wasted time which resulted to the Court and its very professional staff.

As for any delay in filing this proposed First Amended Summons and Complaint, please be advised that the time frame within which we prepared it was occasioned by a number of factors which the Court may not know.  Prior to the filing of a criminal complaint against plaintiff Ello – very unexpectedly--in February 2005, Mr. Ello was respected for the exemplary conduct of both his personal and professional lives.   Until his constructive termination on April 1, 2005, Mr. Ello conscientiously served the union in many capacities for seventeen (17) years.  He is married with young children and a dependent spouse.  He attends church and is active in his community and charitable work.  From the moment Mr. Ello was aware of a criminal complaint made against him; his life began a downward spiral.  This was exacerbated by the defendant union's unjust treatment of him, coupled with his isolation from co-workers, who had been his friends for a long time.

When he finally learned the true nature of the outrageous allegations, the horror of what was transpiring was compounded by extreme embarrassment.  The bottom "fell out", so to speak and he became increasingly despondent and withdrawn.  Not only was he falsely accused of a sex-based misdemeanor, but also it was by a man, a factor which was even more distressing because of the homosexual overtones of such a charge by one person against another.  Now he was permanently stigmatized in his private life, both personally and professionally.  This was very serious.

Mr. Ello's first priority was to deal with the criminal charges.  His arrest was preventing him from obtaining new employment, which increased financial pressures.  In May 2006 the criminal charges were completely dismissed by the Court on my CPL §30.30 applications, but the Manhattan District Attorney's office has not capitulated.  My client deserves to be acquitted on the merits, but his mental and physical health dictates that the matter be resolved as expeditiously as possible.

Shortly after the inception of his nightmare, Mr. Ello's wife repeatedly suggested to him that he contact retired FBI agent Wendy Brouwer.  I was unaware of this.  Mr. Ello provided extensive assistance to Ms. Brouwer during the government clean up of the union and they remained in contact after Ms. Brouwer's official involvement in the case ended in 1998.  Ms. Brouwer devoted seven years of her own life to the mission and continued to have a personal interest in what transpired at the union.

I later learned that Ms. Brouwer had left a couple of voice mails for Mr. Ello in February 2005, which were not returned.  She did not know at the time that Mr. Ello did not receive those messages, but she made no further attempts to contact him.  Mr. Ello did not heed his wife's advice because he was too embarrassed and depressed to talk to Ms. Brouwer, fearing that she, too, would want nothing to do with him.  My own experience with this type of accusation and the effect it has on an innocent man supports Mr. Ello's reaction, especially for a man with no prior involvement with the criminal justice system.  The "homosexual" overtones makes it even more horrific in our society, and sadly, sends another negative message that "gay is guilty" or "gay people are perverse", when that is not a truth, but a myth.

In May 2006, through my own investigation I came to discover Ms. Brouwer.  She then immediately telephoned Mr. Ello at his home and became a much needed ally with knowledge of the complexities of the situation he faced both at work and in the criminal case. Ms. Brouwer asserted a stabilizing influence on my client who heretofore was too distracted by the criminal charges and various stresses to provide effective assistance to me in the preparation and completion of instant civil case and the original summons and complaint. However, in the last month, with her assistance, we have worked steadily to reconfigure and streamline the summons and complaint adding factual references to aid this Court in grasping the serious and far-reaching ramifications of the allegations.

As I stated in Court, I do not sue attorneys often, and I do so with caution and advance consideration. I did that here. Ms. Brouwer's reconstruction of the case history, together with Mr. Ello's role in the Decree's, lead me to the undeniable conclusion that the proposed pleadings must be filed now, and that the pending expiration of the Decree in September 2006, coupled with the escalating ERISA and RICO violations required us to name those parties we named. Far from a "frolic" as misnamed by Ms. McKenna, this is a serious case affecting more than my client.

Ms. Brouwer provided historical context and directed Mr. Ello's attention to relevant issues. I then realized that the totality of the circumstances mandated that I amend the original complaint and add Proskauer Rose LLP as a defendant. It also became apparent that the other defendants had relied upon the legal counsel provided by Proskauer Rose LLP to abrogate their fiduciary duties, and likely would assert that as an affirmative defense. I tried to avoid naming the firm, but could not under these complex circumstances.

As recently as July 10, I was operating under the erroneous recollection that our hearing was scheduled for July 17 and I anticipated filing days in advance to provide ample notice. When I rechecked my calendar and realized that the hearing was July 13, I was so focused on filing before the hearing that I did not think to notify the Court or to request an adjournment. There were no ulterior or strategic motives to the timing. I maintain the highest respect for this Court just as I did when we first met at the first conference.

In keeping with the Court's three page rule, I will conclude here and rely upon Ms. Brouwer's affidavit, filed with the Court; my proposed pleadings will be resubmitted only upon this Court's consent. I also rely upon the Fed. R. Civ. P. and Local Rules which permit amendments liberally up to and even after trial. I emphasize that we have acted as expeditiously as possible in the past month. We respectfully request that we be permitted to resubmit a motion to amend the summons and complaint and proceed to resolve the threshold conflict issues which appear to remain and proceed to the merits.

If the Court wishes for any additional information or if my letter is not satisfactory, I will take immediate action to address it. I will be in Albany for the balance of the week but will be fully accessible after a deposition tomorrow. My cell phone is 516-410-4787.

I look forward to working with the Court, take full responsibility for and regret any upset I may have caused it.

Thank you.

Very truly yours,
    s/
Ruth M. Pollack, Esq. (RP1407)                                                    ECF DOC. ____
Cc: All counsel: ECF
    Mr. Richard Ello

This document could not be filed until converted to PDF this morning due to PDF conversion difficulties.   RMPollack 7/19/06