**RUTH M. POLLACK, ESQ.**      ECF No. _____
250 OLD COUNTRY ROAD –SUITE 506
MINEOLA, NEW YORK 11501
Tel. 631-727-6787
Fac. 631-284--3316
ruth@ruthmpollackesq.com

<u>Please Send All Mail to:</u>
1288 West Main Street
P. O. Box 120
Riverhead, New York 11901-0120

August 5, 2006

<u>ECF and Courtesy Copy Via U.S. Mail (Address Corrected)</u>
Chambers of Hon. Judge Kenneth M. Karas
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:  <u>Ello v. Singh, MTDC et al</u>, 05cv9625(KMK)

Dear Judge Karas:

This letter is written in accordance with Chambers' Individual Rules 1(A) and 2(A) relative to Plaintiff's application for a Pre-Motion Conference relative to Plaintiff's motion for leave to file Plaintiff's First Amended Complaint in the above-referenced case.  The undersigned respectfully requests that it be accepted by this Court as a letter application **in lieu of** our original application, which, as this Court stated, was not made in conformance with the Individual Rules. It is clear that our proposed First Amended Complaint requires revision and we appreciate the Court's comments in its Order. This letter exceeds three (3) pages; we ask that it be accepted due to the many issues covered and our desire for a clear format. Excluding the addresses above, it is about three (3) pages.

Upon a thorough review of this Court's directives and Order[1], case law, statutes and facts available to us at this juncture, we seek to file a First Amended Summons and Complaint which shall be streamlined and revised to meet all requirements and for ease in this Honorable Court's review and consideration. It will differ markedly from the initial complaint filed as well as the proposed First Amended Complaint.  It is settled law here that "Courts will permit amendment of pleadings for virtually any purpose".  <u>Federal Civil Practice</u>, 309 (G. Vairo, Ed. in Chief, NYSBA 2004), Fed. R. Civ. P. 15(a).

---

[1] Note 11 of this Honorable Court's July 31, 2006 Opinion and Order is particularly pertinent.

1

The sum and substance of our motion for leave to amend are as follows:

1. We have determined that Trustees of the Fund Paul O'Brien and Charles Carron must be added as necessary party defendants.

2. We have determined that Proskauer Rose, LLP is a necessary party defendant to this action and will be named in the complaint, which shall include the requisite specific acts of the firm as known to date without the benefit of discovery.

3. We will seek leave to conduct early discovery to the degree permitted by this Court to obtain and preserve evidence, which is reasonably necessary to support the claims. We will seek an admonition of the Court that all defense counsel shall immediately take steps to preserve and protect any and all material that may relate to this case and be used as evidence in a trial of this action from expoliation or destruction.

4. Our motion will demonstrate to the Court that our streamlined complaint will meet the seven (7) constituent elements of the substantive RICO Statute, that is 1) that defendant, 2) through the commission of two or more acts 3) constituting a "pattern" 4) of racketeering activity 5) directly or indirectly invests in, or maintains an interest in or participates in 6) an enterprise 7) the activities of which affect interstate or foreign commerce.

5. Our complaint will specifically set forth "Racketeering activity", which is the commission of a predicate act constituting a "Pattern", that is, the commission of at least 2 of the predicate acts within a ten (10) year period, and the "Enterprise", here, a union or group of individuals associated in fact although not a legal entity.18 U.S.C. §1962 (c). Because Section 1962(c) imposes liability only upon defendants who operate or manage RICO enterprises, we are now prepared to plead each defendant's part in the operation or management of the enterprise that will include allegations of actual control.

6. Thereafter, we will demonstrate that the actions of defendants, and/or each or them, were the proximate cause of the injury to plaintiff Ello's business or property, inter alia, his loss of livelihood and reputation.

7. We are not yet prepared to plead conspiracy with sufficient particularity to meet the requirements of 18 USC §1962 (d). We intend to delete wire fraud and obscenity claims at this time. We shall include alleged violations of 29 USC §501(c) - Fiduciary responsibility of officers of labor organizations - Embezzlement of assets; penalty. This will be linked to the corresponding statute for employee benefit plans, 18 USC§ 664 - Theft or embezzlement from employee benefit plan, which states in pertinent part:

> Any person who embezzles, steals, or unlawfully and willfully abstracts or converts to his own use OR TO THE USE OF ANOTHER, any of the

> moneys, funds, securities, premiums, credits, property, or other assets of any employee welfare benefit plan or employee pension benefit plan, or of any fund connected therewith….

*Emphasis added.* This case involves a plan subject to "any" provision of Title I of ERISA, so the above section controls and must be pled.

8. Our complaint will contain allegations of violations of 18 USC§ 1954 as to all named defendants except Singh: Offer, acceptance, or solicitation to influence operations or employee benefit plan (Chapter 95 – Racketeering), which states in pertinent part who shall be liable as follows:

    > (1) an administrator, officer, trustee, custodian, counsel, agent, or employee of any employee welfare benefit plan or employee pension plan ...receives or agrees to receive or solicits any fee, kickback, commission, GIFT, …or thing of value because of or with intent to be influenced with respect to, any of the actions, decisions, or other duties relating to any question or matter concerning such plan or any person who directly or indirectly gives or offers, or promises to give or offer, any fee, kickback, commission, gift, loan, money, or thing of value ....

    *Emphasis added.*

9. We will streamline, concretize and clarify the §510 ERISA whistle blower charges in the complaint and will rely extensively upon <u>Nicolaou v. Horizon Media, Inc.</u> 402 F.3d 325 (2d. Cir. 2005). The proposed complaint will continue to include a claim for both equitable relief and damages. *See* 29 U.S.C. §1132(a)(3).

10. Violations based on §§ 1952, 1957 will also be included in the complaint. The health benefits provided by the welfare fund consist of two types of payments from the fund. One is a per capita fee paid to Aetna to participate in a group plan. The second is payment of actual expenses for each participant. We shall include acts of defendant John Virga, which would constitute a predicate act. Without discovery, we will be prevented from pleading with more particularity.[2] Presumably Virga, as Fund Director, had knowledge of the Court's Order and of ineligible individuals paid out of the Fund. 664 and allege that defendant John Virga, through the annual payments and any reimbursements to Aetna, which constituted a pattern of racketeering activity, as a result of his position as Fund Director, participated in the enterprise [defined broadly as the union, or more particularly as the Trust Funds}, the activities of which affect interstate commerce. As a result of these violations Plaintiff was injured in his property and

---

[2] Defendants named initially did prevent plaintiff from obtaining this information prior to his discharge.

business. These specified unlawful activities led ultimately to Mr. Ello's discharge (business interest) and as a plan participant he presumably has a property right in the funds and as a trustee he and his co-fiduciaries are financially responsible for the loss. Given the use of e-mail and wire transfers, we anticipate that we shall plead §1343 - Wire Fraud.

11. Finally, our investigation to date evidences that Mr. Virga and all the trustees received expensive gifts purchased at Tiffany & Co every year from Proskauer Rose, LLP. Given the totality of the circumstances and plaintiff's continued quest to defray reasonable expenses (one of the ERISA fiduciary duties), and the resistance he encountered from the other fiduciaries, we believe that a valid argument exists that Virga and the trustees received these gifts and Proskauer gave them with the intent of influencing the trustees' decision regarding Proskauer's continued ability to bill the union freely for legal services. It is noted that this activity violated LIUNA ethical and disciplinary standards.

In sum, our proposed Second Amended Complaint would allege that defendants Virga, Pocino, O'Brien, Carron, and Proskauer, through the yearly receipt and giving of gifts, and other things of value, constituting a pattern of racketeering activity, directly participated in the enterprise [the union or funds], the activities of which affect interstate commerce and that the trustees and defendant Virga controlled these decisions.

We respectfully ask that this Court permit this case to be transferred to Hon. Judge Robert W. Sweet, for some or all purposes, only because it would be in the interests of judicial economy and convenience to the Court and parties. Our review of the case shows that Judge Sweet is well aware of the underlying facts and circumstances of the union and that welfare frauds and other illegal acts were apparently occurring during his Honor's supervision of the initial parties after the Decree and Amendment were in place. If any additional information is required on this issue, we will promptly advise the Court.

Thank you.

Respectfully,
/s/

Ruth M. Pollack (RP1407)
RMP: lb
Cc: All Counsel Per Certif. of Service

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------x
**RICHARD ELLO**,

                                Plaintiff,

     -*Versus*-

**LABORERS' INTERNATIONAL UNION OF NORTH AMERICA**;

**MASON TENDERS DISTRICT COUNCIL OF GREATER NEW YORK**;

**MASON TENDERS DISTRICT COUNCIL TRUST FUNDS**;

**GREATER NEW YORK LABORERS-EMPLOYERS COOPERATION AND EDUCATION TRUST FUND**;

**RAYMOND POCINO**, in his individual and official capacities as
- Vice President and Eastern Regional Manager, LABORERS' INTERNATIONAL UNION OF NORTH AMERICA,
- Trustee, MASON TENDERS DISTRICT COUNCIL TRUST FUNDS;

**PROSKAUER ROSE LLP;**

**ISHRY SINGH**, in his individual and official capacities as,
- Employee of MASON TENDERS DISTRICT COUNCIL TRUST FUNDS;

**JOHN VIRGA**, in his individual and official capacities,
- Funds Director, MASON TENDERS DISTRICT COUNCIL TRUST FUNDS;

**"JOHN AND JANE DOE A THROUGH D"**, parties unknown,

                                Defendants.
--------------------------------------------------------------------------------x

Case Number:
**05cv9625(KMK)**

CERTIFICATION OF SERVICE

RUTH M. POLLACK, ESQ. an attorney duly licensed to practice law in this Court and in the State of New York, being mindful of the penalties for perjury declares:

On August 5, 2006 declarant served the following counsel with a copy of the annexed Pre-Motion Conference Letter by ECF except that Terrence Reed, Esq. was served by U.S. Mail service by placing a postage paid envelope placed in a repository for that purpose addressed as follows:

    Kathleen M. McKenna, Esq.

1

Deirdre A. Grossman, Esq.
Proskauer Rose LLP
1585 Broadway
New York, NY 10036

Samuel Rosenthal, Esq.
Curtis, Mallet-Prevost, Colt & Mosle, LLP
101 Park Avenue
New York, NY 10178

Terrence G. Reed, Esq.
Lankford, Coffield & Reed, PLLC
120 North Asaph Street
Alexandria VA 22314


Dated:  Mineola, New York
        August 5, 2006                    _____/s/_____
                                          RUTH M. POLLACK, ESQ. (RP1407)
                                          Attorney for Plaintiff Richard Ello


                                          ECF Doc:_____