

**PROSKAUER ROSE LLP**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/22/06

1585 Broadway
New York, NY 10036-8299
Telephone 212.969.3000
Fax 212.969.2900

LOS ANGELES
WASHINGTON
BOSTON
BOCA RATON
NEWARK
NEW ORLEANS
PARIS

Kathleen M. McKenna
Member of the Firm

Direct Dial: 212.969.3130
kmckenna@proskauer.com

August 17, 2006

**MEMO ENDORSED**

**BY FACSIMILE**

The Honorable Kenneth M. Karas
United States District Court
Southern District of New York
500 Pearl Street, Room 920
New York, NY 10007

    Re:   *Ello v. Singh, et al.*, Case No. 05 CV 9625

Dear Judge Karas:

We represent Defendants Ishry Singh, Laborers-Employers Cooperation and Education Trust Fund ("LECET"), Mason Tenders' District Council Trust Funds ("MTDC Funds"), Raymond Pocino, as a Trustee of the MTDC Funds, and John Virga, MTDC Funds' Director (collectively, the "Fund Defendants") in the above-referenced matter. We write in reply to Plaintiff's August 5, 2006 letter to the Court requesting a pre-motion conference "relative to Plaintiff's motion for leave to file Plaintiff's First Amended Complaint."

Given that Plaintiff filed his First Amended Complaint on January 25, 2006, we assume that what Plaintiff is seeking is leave of Court to file a *revised* Proposed *Second* Amended Complaint in place of the one he prematurely filed on July 13, 2006. That being the case, Plaintiff's proposed motion should be denied, both because the claims he now purports to advance are legally meritless, and because this *third* attempt at amendment is itself an improper use of Rule 15 of the Federal Rules of Civil Procedure.

Although he has both added and deleted various RICO allegations, the claims Plaintiff describes in his August 5 letter are identical to those in the Proposed Second Amended Complaint in one key – but fatal for Plaintiff – respect: the injury Plaintiff allegedly suffered as a result of these alleged acts of racketeering. In short, Plaintiff asserts that he was constructively discharged and suffered damage to his reputation in retaliation for reporting and/or rectifying alleged acts of racketeering. (PSAC ¶¶ 80, 98-99; August 5 letter ¶¶ 6, 10). As Plaintiff should now know, as a result of our July 25, 2006 letter to the Court, it is settled law that loss of employment and/or damage to reputation for reporting or refusing to participate in an enterprise engaging in a pattern

3700/50463-021 Current/8720843v2

**PROSKAUER ROSE LLP**

The Honorable Kenneth M. Karas
August 17, 2006
Page 2

of racketeering activity does not satisfy RICO's causation requirement and is thus insufficient injury for standing under 18 U.S.C. § 1962(c). *Hecht v. Commerce Clearing House, Inc.*, 897 F.2d 21, 24-25 (2d Cir. 1990) (citing *Burdick v. Am. Express Co.*, 865 F.2d 527, 529 (2d Cir. 1989)). The law simply does not permit Plaintiff to contort into a civil RICO action what is — and always has been — an employment claim. For this reason, and the reasons set out in our July 25 letter, Plaintiff's request for leave to advance these futile claims should be denied.

Denial of leave to amend is separately warranted because, with this third attempt, it is now painfully apparent that Plaintiff is engaging in an abuse of process, which simply must cease:

- Plaintiff filed his original complaint on November 15, 2005. By letter dated December 21, 2005, the Fund Defendants requested permission to file a motion to dismiss that complaint in its entirety.

- At the January 5, 2006 conference that followed, this Court afforded Plaintiff "one bite at the apple" to cure what the Court noted were glaring deficiencies in his original complaint (e.g., failure to allege state action in a due process claim). (Transcript at pp. 13-14, 19).

- Plaintiff's First Amended Complaint followed on January 25, 2006. The Defendants expressed an intention to move to dismiss that complaint as well, but, pursuant to Your Honor's instructions, postponed doing so pending disposition of the motion for disqualification.

- On July 13, 2006, in blatant disregard of Your Honor's Individual Practices, Plaintiff filed a Proposed Second Amended Complaint, attaching a wholly irrelevant declaration that had no purpose in this lawsuit other than to attempt to damage the reputations of those mentioned therein.[1]

- On July 18, 2006, Plaintiff belatedly complied with the Court's rules and requested leave to amend his First Amended Complaint. By letter dated July 25, 2006, we requested that the amendment be disallowed since all of the claims alleged therein were dismissible.

- On August 5, 2006, before the Court was able to schedule the conference requested by Plaintiff in his July 18 letter and give its views on the parties' submissions regarding the Proposed Second Amended Complaint, Plaintiff preempted the Court by asking that it disregard his latest request and proposed pleading, in favor of *yet another* request and a *new* pleading.[2]

---

[1] In both their July 24 and August 10 letters to the Court, the Union Defendants requested leave to file a motion to strike from the record the affidavit of Wendy B. Brouwer, as it is both irrelevant and scandalous. The Fund Defendants join in that request for the reasons already set forth in our July 25, 2006 letter.

[2] Given the passage of only a few weeks between his July 18 and August 5 requests, Plaintiff's most recent pleading could not have been prompted by his discovery of any new facts. Indeed, all of the facts Plaintiff alleges in both his Proposed Second Amended Complaint and in his August 5 letter were, by his own admission, known to him well

PROSKAUER ROSE LLP

The Honorable Kenneth M. Karas
August 17, 2006
Page 3

Although Rule 15 affords litigants the opportunity to amend their pleadings in proper circumstances, it does not sanction successive pleadings in search of a lawsuit nor does it provide a vehicle for Plaintiff and his counsel to avoid the requirements of Rule 11 by freely advancing, and then abandoning, claims which are legally baseless.[3] See Priestley v. Am. Airlines, Inc., No. 89 Civ. 8265 (JMC), 1991 WL 64459, *2 (S.D.N.Y. April 12, 1991) ("parties may not rely upon the liberal rules governing motions to amend without first establishing that the proposed claim is sufficient on its face."). It is more than a little ironic for Plaintiff to assert that, as a trustee, he was attentive to expending Fund resources on attorneys' fees when it appears that he has abandoned such principles and seeks only to run up his adversaries' litigation costs with this "moving target" approach to litigation. Within the past eight months, Plaintiff has filed three complaints with the Court and now seeks leave to file a fourth. His request should be denied. See, e.g., Salinger v. Projectavision, Inc., 972 F. Supp. 222, 236 (S.D.N.Y. 1997) (where plaintiffs had filed three complaints, court denied request for leave to replead to cure deficiencies in fraud claims, noting that "[t]hree bites at the apple is enough.").

In the event that the Court is prepared to consider giving Plaintiff yet another "bite at the apple," Plaintiff should, at the very least, be compelled to draft the proposed complaint so Defendants may file the necessary papers requesting denial of the leave to amend. Having now been educated on the applicable law in this Circuit governing *all* his claims against both the Fund and the Union Defendants, we are skeptical as to what claims Plaintiff could advance without running afoul of Rule 11. If, however, Plaintiff should elect to include any of these claims in his new pleading, the Fund Defendants will wish to seek appropriate sanctions.

We thank the Court for its consideration in this matter.

Respectfully submitted,

Kathleen M. McKenna

---

before he commenced this lawsuit. Plaintiff has provided no explanation whatsoever for why he did not include these in his original complaint filed in November 2005. His failure to do so provides a separate basis to deny his request for leave to amend. *Priestley v. Am. Airlines, Inc.*, No. 89 Civ. 8265 (JMC), 1991 WL 64459, *1 (S.D.N.Y. April 12, 1991) ("[L]eave to amend may be denied where the moving party knows or should have known of the facts upon which the proposed amendment is based, but failed to include them in the original pleading.").

[3] Shamelessly, Plaintiff's counsel, in her August 5 letter, states that she is sending her letter to the Court to cure the deficiencies in the Proposed Second Amended Complaint, "[u]pon a thorough review of . . . case law, statutes, and facts available to us at this juncture[.]" Why counsel would not have reviewed such case law and statutes in preparing the Proposed Second Amended Complaint, as she is required to do under Rule 11, is unknown. However, we view this to be a helpful admission on her part that the claims asserted previously are legally deficient and, as such, we would not expect them to be resurrected.

3700/50453-021 Current/8720843v2

**PROSKAUER ROSE LLP**

The Honorable Kenneth M. Karas
August 17, 2006
Page 4

cc: Ruth M. Pollack, Esq. (by fax)
     Terrance Reed, Esq. (by fax)
     Samuel Rosenthal, Esq. (by fax)
     Michael Bearse, Esq. (by fax)

> The Court will hold a pre motion conference on September 12, 2006 at 10:45 am to discuss all p requests for motions. Plaintiff is not to submit any more proposed amended complaints before then.
>
> SO ORDERED
> [signature]
> KENNETH M. KARAS U.S.D.J.
> 8/21/06