**MEMO ENDORSED**

## PROSKAUER ROSE LLP

Telephone 212.969.3000
Fax 212.969.2900

LOS ANGELES
WASHINGTON
BOSTON
BOCA RATON
NEWARK
NEW ORLEANS
PARIS

Kathleen M. McKenna
Member of the Firm

Direct Dial: 212.969.3130
kmckenna@proskauer.com

October 6, 2006

**BY FACSIMILE**

The Honorable Kenneth M. Karas
United States District Court
Southern District of New York
500 Pearl Street, Room 920
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/10/06

Re: *Ello v. Singh, et al.*, Case No. 05 CV 9625

Dear Judge Karas:

We represent Defendants Ishry Singh, Laborers-Employers Cooperation and Education Trust Fund ("LECET"), Mason Tenders' District Council Trust Funds ("MTDC Funds"), Raymond Pocino, as a Trustee of the MTDC Funds, and John Virga, MTDC Funds' Director (collectively, the "Fund Defendants") in the above-referenced matter. We write, pursuant to Your Honor's Individual Practices, to seek the Court's permission to make a motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure.

On September 15, 2006, pursuant to the briefing schedule established by Your Honor at the September 12, 2006 conference, we received a copy of Plaintiff's motion for leave to amend, attaching a revised Proposed Second Amended Complaint ("PSAC"). Count Three of the PSAC purports to advance civil RICO claims against Mr. Virga, MTDC Funds' Trustees and Proskauer. Although Plaintiff has modified his claims once again from those *first* alleged in his July 13, 2006 PSAC (now withdrawn), which he *then* altered in his August 5, 2006 letter to the Court -- presumably to circumvent the controlling Second Circuit cases we brought to his attention in our July 25, 2006 letter -- he has, for the *third* time, advanced claims which are dismissible under well-settled Second Circuit authority. The Fund Defendants submit that Plaintiff's relentless

3700/50453-021 Current/8810343v1

**PROSKAUER ROSE LLP**

The Honorable Kenneth M. Karas
October 6, 2006
Page 2

pursuit of legally baseless claims requires more than a mere denial of his motion; it requires sanctions.[1]

For example,[2] Plaintiff has identified two types of injuries he contends resulted from Defendants' alleged racketeering activity. As a former trustee, Plaintiff contends that his injury is the co-fiduciary liability he will bear as a result of Defendants' acts of racketeering, equal to the losses suffered by the Pension, Annuity, and Welfare Funds. (PSAC ¶ 205) In addition, Plaintiff contends that, as a Funds participant, his "property interest in those plans has been injured as a direct result of defendants' pattern of racketeering activity because every dollar of loss is a dollar that is unavailable to pay benefits to plaintiff and his dependents." (PSAC ¶ 206) Had Plaintiff and his counsel considered the law in this Circuit on what injuries are cognizable under RICO, they would have realized that neither of these qualifies.

Plaintiff's first contention does not meet RICO's requirement that any injury to business or property be "clear and definite," since there has been no lawsuit filed that could subject Plaintiff to co-fiduciary liability, let alone a judicial determination to that effect. *See, e.g., First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 767-69 (2d Cir. 1994) (considering a bank's RICO claim arising out of fraudulently induced loans and holding that "to the extent [the bank's] complaint is predicated on loans that have not been foreclosed, its claims are not ripe for adjudication because it is uncertain whether [the bank] will sustain any injury cognizable under RICO"). Thus, whether or not such an injury will ever occur is, at best, conjectural.

The second contention made by Plaintiff alleges an injury which is, at best, derivative of losses allegedly suffered by the relevant Funds and, as such, is not a direct injury proximately caused by Defendants' alleged acts of racketeering. *See, e.g., Commer v. Am. Fed'n of State, County and Municipal Employees*, No. 01 Civ. 4260 (RWS), 2003 WL 21697873 (S.D.N.Y. July 22, 2003) (denying, on standing grounds, former union officer's motion for leave to amend to include RICO claims based on, *inter alia*, looting of union treasury and fund assets, reasoning that any injury suffered by him was same as entire membership and derived from injury to union and funds) (citing *Laborers Local 17 Health & Benefit Fund v. Philip Morris, Inc.*, 191 F.3d 229, 236 (2d Cir. 1999)).

This is the third time Plaintiff and his counsel have elected to advance claims which are flatly contrary to controlling Second Circuit authority. At the September 12 conference, we advised

---

[1] Although the Fund Defendants do not presently anticipate seeking sanctions as to Plaintiff's three other claims for breach of fiduciary duty (Count One); violation of ERISA Section 510 (Count Two); and defamation (Count Four), this should not be construed to mean that these claims have any merit.

[2] Plaintiff's RICO claims are separately dismissible for other reasons which are not addressed herein, such as (1) failure to plead cognizable predicate acts, and (2) the fact that he cannot pursue claims based on conduct and decisions in which he participated.

**PROSKAUER ROSE LLP**

The Honorable Kenneth M. Karas
October 6, 2006
Page 3

the Court and Plaintiff's counsel that if Plaintiff chose to pursue such legally baseless claims, the Fund Defendants would seek sanctions.

Rather than establish a separate briefing schedule for the Rule 11 motion, we believe that it would be more efficient (and avoid duplicative briefing) if the existing briefing schedule for Plaintiff's motion for leave to amend were modified to account for the Rule 11 motion. Under that briefing schedule, the Fund Defendants presently have until October 16, 2006 to serve their opposition to Plaintiff's motion and Plaintiff has until October 30 to reply.

We would respectfully request that the Fund Defendants be allowed to combine their opposition and Rule 11 motion into one submission, which they would serve on Plaintiff by October 23, 2006. In accordance with Rule 11, Plaintiff would have twenty-one (21) days – to November 13, 2006 – to either withdraw his motion for leave to amend or serve a memorandum, which would serve as both a reply in further support of his motion and in opposition to the Fund Defendants' Rule 11 motion. The Fund Defendants' reply in support of their Rule 11 motion would then be due on November 29, 2006.

Given that the substance of these arguments was already raised in our letters to the Court preceding the September 12 conference, we assume that a pre-motion conference for the Rule 11 motion is not required.

We thank the Court for its consideration in this matter and await its further instruction on the above proposed briefing schedule.

Respectfully submitted,

*Kathleen McKenna* /PG

Kathleen M. McKenna

*[Handwritten: Any Rule 11 motions will await resolution of ~~Defend~~ Plaintiff's motion to Amend.]*

cc: Ruth M. Pollack, Esq. (by fax)
Terrance Reed, Esq. (by fax)
Samuel Rosenthal, Esq. (by fax)
Michael Bearse, Esq. (by fax)

SO ORDERED

*[signature]*
KENNETH M. KARAS U.S.D.J.
10/6/06