

**PROSKAUER ROSE LLP**

1585 Broadway
New York, NY 10036-8299
Telephone 212.969.3000
Fax 212.969.2900

Kathleen M. McKenna
Member of the Firm

Direct Dial 212.969.3130
kmckenna@proskauer.com

LOS ANGELES
WASHINGTON
BOSTON
BOCA RATON
NEWARK
NEW ORLEANS
PARIS

SDNY DOCUMENT ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/13/06

November 9, 2006

**MEMO ENDORSED**

**BY HAND DELIVERY**

The Honorable Kenneth M. Karas
United States District Court
Southern District of New York
500 Pearl Street, Room 920
New York, NY 10007

      Re:    <u>Ello v. Singh, et al.</u>, Case No. 05 CV 9625

Dear Judge Karas:

We write to bring to the Court's attention a matter relating to Plaintiff's motion to amend in the above-referenced matter.

On September 15, 2006, in accordance with a briefing schedule established by the Court at the September 12 pre-motion conference, Plaintiff served a motion for leave to amend, attaching a Proposed Second Amended Complaint ("PSAC"). The PSAC includes four counts: Breach of Fiduciary Duty (Count One); Retaliatory Discharge under ERISA § 510 (Count Two); RICO (Count Three); and Defamation (Count Four). Both the Fund Defendants and the Union Defendants served memoranda of law in opposition to Plaintiff's motion on October 23, 2006.

On November 6, 2006, in addition to serving a 48-page reply brief purporting to respond to the arguments Defendants advanced in their opposition papers with respect to Counts One through Four, Plaintiff served Defendants with what purports to be a *second* Proposed Second Amended Complaint, which seeks to (1) expand the defamation claims advanced in Count Four of the PSAC, and (2) add as Count Five a malicious prosecution claim against Singh and Proskauer. This new pleading is accompanied by what has been labeled as a "Memorandum of Law in Support of Fifth Cause of Action," in which Plaintiff contends that these latest amendments are the result of recently discovered "new evidence". Plaintiff suggests in his reply brief that the "new evidence" he is referring to is the investigative report prepared by former CUNY Law

**PROSKAUER ROSE LLP**

The Honorable Kenneth M. Karas
November 9, 2006
Page 2

School Dean, Merrick T. Rossein, Esq., which was attached as Exhibit K to the Affidavit of John J. Virga.[1]

We are frankly at a loss to understand how Plaintiff and his lawyer could – for the second time and despite the Court's prior admonitions – disregard the Court's Individual Practices and make such submissions without leave of Court. This alone would warrant in favor of the Court disallowing Plaintiff's latest proposed amendment.

The amendments should be separately disallowed, however, because, contrary to Plaintiff's assertions, they are *not* based on new evidence. Even a cursory review of Plaintiff's new Count Five confirms that it has nothing to do with the Rossein report, but rather is based on allegations which were not only included in the PSAC served on September 15 (*see, e.g.,* PSAC ¶¶ 305, 322, 324), but, with respect to defendant Singh, were the basis of malicious prosecution claims advanced in both the original complaint filed on November 15, 2005 (*see* Compl. ¶¶ 74-86) and in Plaintiff's First Amended Complaint filed on January 25, 2006 (*see* FAC ¶¶ 91-103), which Plaintiff subsequently abandoned in the PSAC. At the September 12 conference, when asked the question by the Court of whether the PSAC included *all* the claims on which Plaintiff intended to go to trial, Plaintiff confirmed that it did. (9/12/06 Tr. at 5-7) Plaintiff should not be allowed to revive a claim he previously abandoned, let alone do so under the false premise that it is based on new evidence which is nowhere reflected in the claim itself.

Plaintiff's attempt to expand his defamation claims is similarly futile since, even assuming his new allegations were prompted by Plaintiff's recent receipt of the Rossein report, none of these allegations have any bearing on his defamation claims. The gist of Plaintiff's new allegations is that Rossein did not timely complete his investigation of the sexual assault charges against Plaintiff and that he reached erroneous conclusions in his report, since he credited defendant Singh's account of the events. Plaintiff does not, however, identify any statement from the Rossein report that could be deemed defamatory. Because these additional allegations add nothing to Plaintiff's defamation claims, Plaintiff's eleventh hour amendment must be seen for what it is: an attempt to moot the legal arguments Defendants made in their opposition briefs with respect to such claims and cause the Defendants to spend additional resources to respond to yet another set of allegations. This Court should not countenance such tactics.

For these reasons, the Fund Defendants respectfully request that the Court issue an order disallowing Plaintiff's attempt to further amend his PSAC to expand his defamation claims and assert a malicious prosecution claim. If the Court were reluctant to do so on the basis of this letter alone, the Fund Defendants respectfully request an opportunity to briefly respond to these new claims by way of a sur-reply.

---

[1] Because Plaintiff failed to paginate his reply brief, we are unfortunately unable to provide the Court with page cites to the relevant sections of Plaintiff's submission.

**PROSKAUER ROSE LLP**

The Honorable Kenneth M. Karas
November 9, 2006
Page 3

We thank the Court for its consideration.

Respectfully submitted,

*Kathleen McKenna /bg*

Kathleen M. McKenna

cc: Ruth M. Pollack, Esq. (by fax)
    Terrance Reed, Esq. (by fax)
    Samuel Rosenthal, Esq. (by fax)
    Michael Bearse, Esq. (by fax)

*The Court will hold a conference on November 29, 2006 at 9:30 AM to discuss the issues raised in this letter.*

SO ORDERED

KENNETH M. KARAS U.S.D.J.

11/10/06