RUTH M. POLLACK, ESQ., P.C.   **MEMO ENDORSED**



*Attorney At Law*

SUITE 506
250 OLD COUNTRY ROAD
MINEOLA, NEW YORK 11501

TEL. 631-727-6787
FAX. 631-284-3316
E-MAIL.
ruth@ruthmpollackesq.com
WEB.
www.ruthmpollackesq.com

*Send mail to:*
1288 West Main Street
P.O. Box 120
Riverhead, NY 11901-0120

November 13, 2006



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/20/06

Courtesy Copy Via Overnight Mail
Chambers of Hon. Judge Kenneth M. Karas
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re: Ello v. Singh, MTDC et al, 05cv9625(KMK)

Dear Judge Karas:

This letter is submitted in response to Proskauer's November 9, 2006, letter, submitted by hand to this Court on November 9, 2006, the day before the Veterans' Day federal holiday.

Proskauer now opposes Plaintiff's addition of new information to the Summon and Complaint ("SAC"), which was mandated by Proskauer's own furnishing of the highly relevant evidence in Virga's Affidavit, Exhibit K.

As is clear from Plaintiff's prior submissions, Proskauer and the District Attorney's ("DA") office continually withheld the documents Proskauer volunteered to provide to the DA in 2005 in support of Plaintiff's criminal prosecution. Plaintiff previously alleged that the Rossein report was included in those documents and that it had to contain defamatory information, otherwise Proskauer would not have been so anxious to furnish it. I personally and in motion practice demanded the Rossein Report as Brady material in the criminal case and was refused because, *inter alia*, the DA claimed that Proskauer had stamped it "Confidential".

Proskauer does not deny providing the Rossein Report or some redacted version thereof to the DA. In addition, Plaintiff suspects that other documents were provided to the DA because the report itself is insufficient to sustain the People's burden of proof in a criminal case.

Prior to Proskauer's inexplicable production of the Rossein Report at this juncture - as pointed out in Plaintiff's Reply - it was of no probative value to Fund Defendants' Response - Plaintiff could only surmise what the Rossein Report contained based on the purpose for which it was submitted to the DA. Its actual contents went far beyond what Plaintiff imagined and provided the needed evidence to demonstrate just how far defendants went in avoiding the truth, their efforts to ensure Plaintiff's criminal prosecution, and to damage his reputation.

According to his report, Rossein did not conduct one interview until March 18, 2005 - a month and a half after the date of the alleged incident, and after Proskauer, and presumably Rossein, knew that Plaintiff had been forced to retire. The report is dated April 29, 2005-- the same day Rossein allegedly concluded his investigation with Pocino's interview. With the benefit of hindsight, Rossein was able to twist false and misleading information into a highly prejudicial and biased document, which Proskauer had him create for purposes unrelated to the Funds' harassment investigation.

Early on Rossein was provided with the Funds report of Singh's allegations. Even with the benefit of this document, Rossein's report contains material inconsistencies between what Singh reported to the Funds and later reported to Rossein. Of even more legal import is the fact that the details of the alleged assault materially changed when Singh swore out an official complaint with the DA's office on June 8, 2005.

Plaintiff was forced to abandon his previous malicious prosecution claims because he lacked essential elements. One element was provided with the dismissal of the criminal charges against the Plaintiff on May 30, 2006, and entry of judgment 30 days later. The remaining pleading deficiency was resolved with Proskauer's production of Exhibit K. The actual contents of the Rossein Report and the other information provided to the DA by Proskauer were deemed essential to Plaintiff's malicious prosecution claim. Without it, Plaintiff could not plead with the requisite degree of certainty that even with discovery he would have the evidence to support his claim. Thus, he would have risked running afoul of Rule 11.

Plaintiff's Motion to Amend is pending and nothing has been electronically filed. Had Plaintiff waited to further amend his pleadings after the Court ruled on the pending Motion, the Court and the parties would have had to repeat the entire process, which Plaintiff deemed wasted duplicative effort. Here, Plaintiff is asking the Court to substitute his newest version of the SAC for the previous one. Further, Plaintiff was cognizant of the Court's explicit instructions regarding newly discovered evidence and thought it prudent to act on that evidence immediately.

Plaintiff fully anticipated that Proskauer would oppose the new additions to Plaintiff's defamation claim, which merely supplement his already sufficient cause of action, and his addition of a legally sufficient malicious prosecution claim. The additions to the defamation claim are drawn directly from and based entirely on the contents of Exhibit K. The same is true for the new malicious prosecution claim. Proskauer itself provided this new evidence, which it had successfully withheld from Plaintiff for a year

and a half. To think that Plaintiff would ignore such critical facts and not seek to include them in his pleadings is naive and unrealistic on Proskauer's part.

That being said, the Plaintiff does not oppose Proskauer's submission of a sur-reply limited to the new evidence. However, based on Plaintiff's Reply and the information provided herein, Plaintiff believes any further attempts by Proskauer to oppose Plaintiff's submissions would be futile.

It should be noted that it is not really the Fund Defendants who need to briefly respond before the Court can rule on Plaintiff's pending Motion. Even without this new evidence, Plaintiff had sufficiently pleaded his defamation claim with respect to the Fund Defendants. Exhibit K served primarily to further implicate Rossein in defaming Plaintiff, and to prove that Proskauer provided false and misleading information to the DA in pursuit of the malicious prosecution of Plaintiff.

If the Court deems it necessary for Plaintiff to make further submissions with respect to its pending motion and its request for a substitution of its proposed SAC, and the Court so orders, Plaintiff will do so. Otherwise, Plaintiff believes that he has utilized the most expeditious and efficient method for the Court to address and resolve all issues relating to his motion to file a Second Amended Complaint, in whatever form. Hon. Judge Arthur D. Spatt has ordered my opponents and me to commence a trial of an advanced case in the Eastern District of New York on November 13, 2006. However, I will be prepared to fulfill this Court's requirements once I am advised to do so. Judge Spatt's Deputy has asked that his Chambers be contacted directly should any questions arise as to my schedule.

For all of the reasons set forth above, Plaintiff respectfully requests that the Court allow the requested substitution of his SAC. In this letter I have also included two courtesy copies of both the proposed Amended Summons and a re-formatted Reply Memorandum each of which have been served on defendants by e-mail.

Thank you.

Very truly yours,

/RUTH M. POLLACK
RMP: lb
Encl.
Cc: Defendants by e-mail

> Defendants may file a sur-reply to Plaintiff's reply by November 27, 2006. The Court will still hold the Conference on November 29.
>
> SO ORDERED
> KENNETH M. KARAS U.S.D.J.
> 11/17/06