UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RICHARD ELLO,

                Plaintiff,

-v-

ISHRI SINGH, in his individual and official capacities; RAYMOND POCINO, Vice President and Eastern Regional Manager of Laborers International Union of North America, in his individual and official capacities; LABORERS INTERNATIONAL UNION OF NORTH AMERICA; LABORERS-EMPLOYERS COOPERATION AND EDUCATIONAL TRUST FUND; RAYMOND POCINO, Trustee, in his individual and official capacities; MASON TENDERS DISTRICT COUNCIL TRUST FUNDS; JOHN VIRGA, Funds Director, in his individual capacities; JOHN and JANE DOES A through D,

                Defendants.

Case No. 05-CV-9625 (KMK)

ORDER

---

KENNETH M. KARAS, District Judge:

On May 7, 2007, Plaintiff's counsel wrote to the Court noting that "Plaintiff's Amended Summons and complaint have been on file with the Court since November 20, 2006" and urging the Court to decide Plaintiff's Motion to File a Proposed Second Amended Complaint without oral argument. (Ruth M. Pollack, Esq. Letter to the Court, May 7, 2007.)[1] The Court's Individual Practices state that "[w]here the parties are represented by counsel oral argument will be held on all motions." Hon. Kenneth M. Karas, Individual Practices 2(E), *available at*

---

[1] This letter was also improperly submitted by Pollack to the Court's Electronic Case Filing System (ECF). Letters, such as this one, are not accepted by ECF, but it appears as docket entry 66, nonetheless.

http://www1.nysd.uscourts.gov/judge_info.php?id=89. In accord with the Court's practices, the Court issued an Order on June 18, 2007, scheduling oral argument on the Motion for July 19, 2007. (Doc. No. 67.)

On June 27, 2007, Kathleen M. McKenna, Esq., counsel for several Defendants in this action, asked the Court to reschedule to July 19th argument date so she could "attend to medical treatment of a family member out of state which [was] scheduled for that week." (Kathleen M. McKenna, Esq. Letter to the Court, June 27, 2007; Doc. No. 68.) McKenna's letter explained that she left a telephone message relaying her request for Plaintiff's counsel, Ruth M. Pollack, Esq., and for Samuel Rosenthal, Esq., counsel for the union Defendants. (Id.) The letter states that union defendants consented to McKenna's request and that Pollack had not returned McKenna's message. (Id.) McKenna's letter also stated that she had solicited new dates to reschedule the argument that were acceptable to the union Defendants, and that she was prepared to do the same with Pollack. (Id.)

Sometime after June 28, 2007, at 10:18 am, which was when the Court received McKenna's letter, the Court's law clerk contacted McKenna to get the list of mutually acceptable dates for rescheduling the oral argument. During that conversation, McKenna told the clerk that she had discussed the matter with Pollack and that Pollack stated that July 17, 2007 at 10:00 am, which was a date proposed by the Court, was unavailable, because her client could not be present on that date. Pollack did not represent to McKenna that Pollack was unavailable to appear before the Court on July 17th. On June 29, 2007, the Court So Ordered McKenna's letter and set oral argument for July 17, 2007 at 10:00 am despite Pollack's objection, as explained by McKenna to

2

the Court, because argument on the Motion presented legal questions, not factual questions which could have required her client's presence. (*Id.*)

It was not until Wednesday, July 11, 2007, that the Court first learned that Pollack claimed that she was unable to attend the oral argument scheduled for the following Tuesday, because she had two criminal matters scheduled for that day. Pollack made no mention that July 17th was inconvenient for her client. On that same day, Pollack informed the Court's clerk that she would fax the Court a letter on the subject within a matter of hours. The fax came the next day, and in it, Pollack states that she has "two criminal cases on for July 17, 2007 and will then be unavailable for the balance of the month." (Ruth M. Pollack, Esq. Letter to the Court, July 11, 2007.)[2] Pollack also states that she had already consented to McKenna's request to move the argument date from July 19th, which McKenna contests in a separate letter to the Court. (Kathleen M. McKenna, Esq. Letter to the Court, July 12, 2007.) Pollack proposed August 1st and 2nd as alternate dates without discussing the matter with the Court, which is unavailable on those dates. Furthermore, as explained to the Court's clerk, those dates are only available to McKenna, because she has reluctantly (and understandably so) agreed to take a hiatus from a scheduled vacation to argue the Motion on with date.

The same day the Court received Pollack's letter - July 12th - the Court's clerk left a telephone message for Pollack and sent her an email requesting the names of the judges she is scheduled to appear before in her two criminal matters on July 17th. Pollack is yet to respond.

---

[2] This letter states that it was sent to opposing counsel via ECF. Again, ECF does not accept letters. Because Pollack has refused to comply with this basic requirement, the Court sent copies of Pollack's letter to opposing counsel via facsimile.

3

In light of the facts outlined above, Pollack is ORDERED to supply the Court by noon on July 16th the names and telephone numbers of the two judges she is scheduled to appear before on July 17, 2007 that prevent her from attending oral argument in this Court on Plaintiff's Motion.

SO ORDERED.

Dated:    July 13, 2007
         New York, New York

                                        _____
                                        KENNETH M. KARAS
                                        UNITED STATES DISTRICT JUDGE

Service List:

Ruth M. Pollack, Esq.
1228 West Main St., P.O. Box 120
Riverhead, New York 11901
(516) 746-0146
Fax: (516) 7146-8008
*Counsel for Plaintiff*

Kathleen M. McKenna, Esq.
Deidre A. Grossman, Esq.
Proskauer Rose LLP
1585 Broadway
New York, New York 10036
(212) 969-3006
Fax: (212) 969-2900
*Counsel for Defendants Ishry Singh, Laborers-Employers Cooperation and Education Trust Fund, Mason Tenders District Council Trust Funds, Raymond Pocino, as a Trustee of the Mason Tenders District Council Trust Funds, and John Virga*

Samuel Rosenthal, Esq.
Curtis, Mallet-Prevost, Colt & Mosle, LLP
101 Park Ave.
New York, New York 10178
(212) 696-6000
Fax: (917) 368-7340
*Counsel for Defendants Laborers International Union of North America and Raymond Pocino*

Terrence G. Reed, Esq.
Lankford, Coffield & Reed, PLLC
120 North St. Asaph St.
Alexandria, Virginia 22314
(202) 942-2204
Fax: (703) 299-8876
*Counsel for Defendants Laborers International Union of North America and Raymond Pocino*

**RUTH M. POLLACK, ESQ. P.C.**
21 West Second Street, Suite 13
P.O. Box 120
Riverhead, New York 11901-0120
516-746- 0146

July 13, 2007                      ECF No:___
Via Facsimile and Mail: 212-805-7968
Honorable Judge Kenneth M. Karas
C/O Clerk of the Court
United States District Court
Southern District of New York
500 Pearl Street, Room 920
New York, NY 10007

Re: <u>Ello v. Singh, et al., Case No. 05-CV-9625</u>

Dear Judge Karas:

We represent Plaintiff. In furtherance of the instructions in the Court's Order first faxed to my office at 11:01 a.m. today and read online after that, please note the following.

The Court has never offered any reason for its nearly one (1) year delay in setting a date for oral argument or deciding the fully briefed issues as to the filing of Plaintiff's proposed First Amended Summons and Complaint. This is problematic. Plaintiff is entitled to an explanation for this needless and lengthy delay. Sixty (60) days is the usual benchmark time for a decision on a motion.

Turning to the Order faxed today, please note again that Kathleen McKenna's letter dated July 12, 2007 and her purported ex parte calls to an unidentified person in Chambers misrepresents the facts. I immediately consented to <u>her</u> proffered dates of August 1,2,3,6,7 or 8 when we first spoke. Had this been so urgent, the Court could have contact me by cell phone as indicated on my office voice mail. It did not. Why did both the Court and McKenna neglect to do this? As I was out of the office most of the day, this last minute attempt to avoid contacting me in a timely manner is not acceptable.

It is problematic that Ms. McKenna is permitted to directly violate this Court's Individual Practice Rules 1.B.: "Communications With Chambers – Telephone Calls." No "emergency" existed as to the scheduling of the oral argument, which would permit her to call Chambers and conduct an *ex parte* conversation about scheduling. Rule D would permit discussions with Eileen Levine. She did not call

ORIGINAL

Eileen. Proskauer Rose's counsels have an uncanny comfort level with calling the Court and conversing without other counsel present. Is the Court in a conflict of interest, which must be revealed to plaintiff under the circumstances? We respectfully request that any conflict of interest with any defendant (current or proposed) or its counsels be revealed at this time.

The Order states that "sometime after June 28, 2007, a 10:18 a.m." the Court's law clerk", unnamed, reached out to McKenna for "the list of mutually acceptable dates for rescheduling the oral argument." Mutually acceptable to who? The order contains no explanation for the law clerk's failure to contact all counsel. Instead, the Court accepts as true McKenna's false claims as to her discussion with me. Now, on a Friday before the week at issue, Proskauer attempts a last minute end run. At no time did McKenna and I discuss my client's availability. Even so, my client has every right to be present at the oral argument of his case, which involves both legal and factual issues. Perhaps we should leave the oral argument date on July 19 and let her co-counsel Deirdre Grossman, Esq. argue it.

I am scheduled to commence a trial or enter a plea in one of the cases, and in the other, to commence a ***Huntley*** hearing on the 16th, which may not be completed by the 17th. Under the NYCRR, these criminal cases take precedence over the civil case here. In addition, I have personal matters scheduled for the balance of that week. Thus, I am unable to alter my schedule for next week.

If the dates offered to me by McKenna (August 1,2,3,6,7,8) are not acceptable to the Court, a simple conference call will permit all of us to select a date in August that is acceptable. I find it even more peculiar in light of the Court's unexplained lengthy delay of the filing of Mr. Ello's case that the Court now wishes to rush date selection for oral argument. I had to contact the Court after waiting since August 2006 to move this case along.

The Court should note that McKenna's *ex parte* representations to the Court Clerk that she alone had August 1 and 2 available is false. She represented to me that the co-defendants counsel were available on all of the August dates.

I see no legal reason to divulge the names and phone numbers of the judges with whom I am involved, as to do so would encourage more *ex parte* communications, which is improper and unacceptable. Just as McKenna's personal reasons for not being available have not been revealed to us, the revealing of my clients' case information to her and the Court are not necessary. To contact the judges would accomplish

nothing as criminal cases always take priority over civil cases. Accordingly, I would prefer to await a conference phone call between all counsel and the Court to reset the date in August. I am reachable by cell at 516-410-4787.

Thank you.

Very truly yours,
S/
RUTH M. POLLACK

RMP: lb
All Counsel via Facsimile

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------x
**RICHARD ELLO**,

                        Plaintiff,

   -*Versus*-

**LABORERS' INTERNATIONAL UNION OF NORTH
    AMERICA**;

**MASON TENDERS DISTRICT COUNCIL OF GREATER
    NEW YORK**;

**MASON TENDERS DISTRICT COUNCIL TRUST FUNDS**;

**GREATER NEW YORK LABORERS-EMPLOYERS
COOPERATION AND EDUCATION TRUST FUND**;

**RAYMOND POCINO**, in his individual and official capacities as
- Vice President and Eastern Regional Manager, LABORERS'
  INTERNATIONAL UNION OF NORTH AMERICA,
- Trustee, MASON TENDERS DISTRICT COUNCIL TRUST
  FUNDS;

**PROSKAUER ROSE LLP**;

**ISHRY SINGH**, in his individual and official capacities as,
- Employee of MASON TENDERS DISTRICT COUNCIL
  TRUST FUNDS;

**JOHN VIRGA**, in his individual and official capacities,
- Funds Director, MASON TENDERS DISTRICT COUNCIL
  TRUST FUNDS;

**"JOHN AND JANE DOE A THROUGH D"**, parties unknown,

                        Defendants.
--------------------------------------------------------------------------------x

Case Number:
**05cv9625(KMK)**

CERTIFICATION OF SERVICE

RUTH M. POLLACK, ESQ. an attorney duly licensed to practice law in this Court and in the State of New York, being mindful of and under the penalties for perjury declares:

On July 3, 2007 declarant served the following counsel with a copy of the annexed application for *Pro Hac Vice* Admission (Proposed Order, Affirmation, Notice of Motion, Certificate of Good Standing for Wendy Brower by U.S. Mail service by placing a postage paid envelope placed in a repository for that purpose addressed as follows:

    Kathleen M. McKenna, Esq.
    Deirdre A. Grossman, Esq.

1

New York, NY 10036
212-969-2900

Samuel Rosenthal, Esq.
Curtis, Mallet-Prevost, Colt & Mosle, LLP
101 Park Avenue
New York, NY 10178
917-368-7340

Terrence G. Reed, Esq.
Lankford, Coffield & Reed, PLLC
120 North Asaph Street
Alexandria VA 22314
703-299-8876

Dated: Riverhead, New York
       July 13, 2007

                                                RUTH M. POLLACK, ESQ. (RP1407)
                                                Attorney for Plaintiff Richard Ello

                                                ECF Doc : _____