# MEMO ENDORSED

### RUTH M. POLLACK, ESQ. P.C.
### 21 West Second Street, Suite 13
### P.O. Box 120
### Riverhead, New York 11901-0120
### 516-746- 0146

July 13, 2007                                    ECF No:___
Via Facsimile and Mail: 212-805-7968
Honorable Judge Kenneth M. Karas
C/O Clerk of the Court
United States District Court
Southern District of New York
500 Pearl Street, Room 920
New York, NY 10007



Re: Ello v. Singh, et al., Case No. 05-CV-9625

Dear Judge Karas:

We represent Plaintiff. In furtherance of the instructions in the Court's Order first faxed to my office at 11:01 a.m. today and read online after that, please note the following.

The Court has never offered any reason its nearly one (1) year delay in setting a date for oral argument or deciding the fully briefed issues as to the filing of Plaintiff's proposed First Amended Summons and Complaint. This is problematic. Plaintiff is entitled to an explanation for this needless and lengthy delay. Sixty (60) days is the usual benchmark time for a decision on a motion.

Turning to the Order faxed today, please note again that Kathleen McKenna's letter dated July 12, 2007 and her purported ex parte calls to an unidentified person in Chambers misrepresents the facts. I immediately consented to her proffered dates of August 1,2,3,6,7 or 8 when we first spoke. Had this been so urgent, the Court could have contact me by cell phone as indicated on my office voice mail. It did not. Why did both the Court and McKenna neglect to do this? As I was out of the office most of the day, this last minute attempt to avoid contacting me in a timely manner is not acceptable.

It is problematic that Ms. McKenna is permitted to directly violate this Court's Individual Practice Rules 1.B.: "Communications With Chambers – Telephone Calls." No "emergency" existed as to the scheduling of the oral argument, which would permit her to call Chambers and conduct an *ex parte* conversation about scheduling. Rule D would permit discussions with Eileen Levine. She did not call

Eileen. Proskauer Rose's counsels have an uncanny comfort level with calling the Court and conversing without other counsel present. Is the Court in a conflict of interest, which must be revealed to plaintiff under the circumstances? We respectfully request that any conflict of interest with any defendant (current or proposed) or its counsels be revealed at this time.

The Order states that "sometime after June 28, 2007, a 10:18 a.m." the Court's law clerk", unnamed, reached out to McKenna for "the list of mutually acceptable dates for rescheduling the oral argument." Mutually acceptable to who? The order contains no explanation for the law clerk's failure to contact all counsel. Instead, the Court accepts as true McKenna's false claims as to her discussion with me. Now, on a Friday before the week at issue, Proskauer attempts a last minute end run. At no time did McKenna and I discuss my client's availability. Even so, my client has every right to be present at the oral argument of his case, which involves both legal and factual issues. Perhaps we should leave the oral argument date on July 19 and let her co-counsel Deirdre Grossman, Esq. argue it.

I am scheduled to commence a trial or enter a plea in one of the cases, and in the other, to commence a *__Huntley__* hearing on the 16th, which may not be completed by the 17th. Under the NYCRR, these criminal cases take precedence over the civil case here. In addition, I have personal matters scheduled for the balance of that week. Thus, I am unable to alter my schedule for next week.

If the dates offered to me by McKenna (August 1,2,3,6,7,8) are not acceptable to the Court, a simple conference call will permit all of us to select a date in August that is acceptable. I find it even more peculiar in light of the Court's unexplained lengthy delay of the filing of Mr. Ello's case that the Court now wishes to rush date selection for oral argument. I had to contact the Court after waiting since August 2006 to move this case along.

The Court should note that McKenna's *ex parte* representations to the Court Clerk that she alone had August 1 and 2 available is false. She represented to me that the co-defendants counsel were available on all of the August dates.

I see no legal reason to divulge the names and phone numbers of the judges with whom I am involved, as to do so would encourage more *ex parte* communications, which is improper and unacceptable. Just as McKenna's personal reasons for not being available have not been revealed to us, the revealing of my clients' case information to her and the Court are not necessary. To contact the judges would accomplish

nothing as criminal cases always take priority over civil cases. Accordingly, I would prefer to await a conference phone call between all counsel and the Court to reset the date in August. I am reachable by cell at 516-410-4787.

Thank you.

Very truly yours,

S/

RUTH M. POLLACK

RMP: lb
All Counsel via Facsimile

*The Clerk is directed to docket this letter.*

SO ORDERED

KENNETH M. KARAS U.S.D.J.

7/16/07