**RUTH M. POLLACK, ESQ.**
**21 WEST SECOND STREET**
**P. O. BOX 120**
**RIVERHEAD, NEW YORK 11901**
**516-746-0146**
**RUTH@RUTHMPOLLACKESQ.COM**

September 6, 2007                                             ECF: __
Via ECF and By Hand
Judge Kenneth M. Karas
U. S. District Court
Southern District of New York
500 Pearl Street
New York, N. Y.


Re:  <u>ELLO V. SINGH ET AL., 05 cv 9625</u>

Dear Judge Karas:

I represent Plaintiff.  Plaintiff is a sovereign citizen as is the undersigned.

A. It is a substantive fact that defendant(s) committed act(s) in violation of Racketeering Influenced and Corrupt Organizational Act (RICO).  That entitles Plaintiff who is injured in business and property by reason of a violation of the RICO statute to obtain civil damages.

B. Plaintiff's wrongful treatment as in this instant case constitutes illegal retaliation in violation of 18 U. S. C. §1512(b), the federal obstruction of justice statute.  Witnesses have clearly been intimidated and delayed or prevented "communication" with a law enforcement officer relating to the commission of a federal offense.

C. Plaintiff filed its fully briefed motion to obtain leave to file its First Amended Summons and Complaint one (1) year ago. The proposed First Amended Summons and Complaint includes Proskauer Rose LLP as a named defendant. It also details extensively these criminal retaliatory act(s) of defendants and porposed defendants, demonstrating numerous civil violations against Plaintiff as a **bona fide Whistleblower** who participated in protected conduct and disclosure of official wrongdoing, misappropriation and fiduciary fraud of Union member funds. Numerous violations by this federal Court of Judge Sweet's Consent Decree.

D. Proskauer Rose LLP as named defendants are violating the Lawyer's Code of conduct in that they have not sought and retained legal counsel to represent them in a case directly involving their serious conduct, some of which is criminal in nature.

E. I am requesting that this Court immediately recuse itself from any further proceedings including today's argument on Plaintiff's motion for leave to file its First Amended Summons and Complaint. This is in part because of the Court's discrimination against plaintiff which occurred by

it s excessive delay of time of over one (1) year.  The Court has seriously prejudiced this case by

1. Failing to permit the prosecution of the case;
2. Failure to permit Plaintiff to commence discovery in the case;
3. Permitting a year delay, so that with the passage of time, Plaintiff's proper discovery has been prejudiced by the fading of memories, loss of witnesses, evaporation and expoliation of evidence, all of this without any explanation from the Court when one was requested;
4. Prolonging the mental agony of plaintiff who merely performed his job and was a **Whistleblower** as to illegal activities in his place of employment.
5. Failing to recuse itself due to an appearance of impropriety and conflict of interest with the parties and proposed parties to the action. Plaintiff requested recusal and a reason for the extensive delay response from the

      Court as required by law. This Presiding judge opted to place on the docket "No explanation is required".

      This is retaliatory criminal act forbidden by 42 U.S.C.§ 1985(2) b and (3) and obstruction of justice. <u>See</u> 18 U.S.C. §1512(b)(c)(d) and (e).

F. Proskauer Rose LLP has knowingly influenced, delayed, blocked and delayed the lawful prosecution of this meritorious case and caused the criminal prosecution of an innocent man, my client a **bona fide Whistleblower**.

G. Plaintiff requests that this Court settle this case or issue an order by close of business today providing that:

    1. This Court recuse itself from this action forthwith;

    2. This Court order an immediate investigation of claims in this First Amended Complaint;

    3. The First Amended Summons and Complaint be deemed filed publicly on the Docket by close of business today; and

    4. Plaintiff requests judgment awarding all relief requested in the above complaint by close of business today;

> 5. An award of attorneys' fees and costs to Plaintiff; and
>
> 6. A Statement from all defendants that is a public apology for falsely accusing plaintiff for claims filed in court and dismissed on the merits by defendant's motion one year ago.

G. In violation of Judge Sweet and the Department of Justice Consent Decree; this case is based on plaintiff's objective good faith belief that Plaintiff's wrongful termination was for objecting to illegal, fraudulent, injurious acts of defendants; that is injurious and harmful to public safety and welfare; the illegal activities questioned by plaintiff are incompatible with rule and law.

H. The tragic collapse of the Deutsch Bank in recent weeks is purported to involve the very same union defendants named in this instant case.

I. This Court is in violation of §1512(c) 2, supra, in that it intentionally failed and delayed in reporting of criminal acts to a law enforcement officer; the commission or possible commission of a federal crime and/or violation(s) of a known prior consent decree.

J.  This Court has violated its oath as a judge of this Court. In the sister state of New Jersey, the District Court has found RICO standing directly under the obstruction of justice statute, since the obstruction of justice is one of the criminal violations explicitly covered under RICO. <u>Munoz v. Caring Inc.</u> 9991 F. Supp. 701, 715 (D. C. N. J. 1998).

K.  Legal counsel for plaintiff requests that this Court immediately cease and desist from all further intentional harassment and injury, as injury has occurred to both plaintiff as a **Whistleblower** and to counsel as representative of a **Whistleblower.**

Thank you.

Respectfully,


Ruth M. Pollack (RP1407)
RMP:  lb
CC:  All defense counsel via ECF and Hard Copy