**RUTH M. POLLACK, ESQ.**
21 West Second Street • Suite 13
P.O. Box 120
Riverhead, New York 11901-0120
Tel. 631- 591-3160
Fax. 631-591-3162
ruth@ruthmpollackesq.com

April 2, 2008

ECF:____

Via ECF and U.S. Mail
Richard J. Sullivan,
United States District Judge for the
United States District Court for the
Southern District of New York
500 Pearl Street
New York, New York

Re: Ello v. Singh, et al., No 1:05-cv-9625

Dear Judge Sullivan:

I represent Plaintiff. This letter is in response to what appears to be a letter motion by defendants Ishry Singh, "LECET", The Mason Tenders District Counsel Trust Funds, Raymond Pocino, as Trustee and John Virga as MTDC Director in the above-referenced case. This letter application was followed today by my receipt of a letter application from the attorneys for the Union Defendants and Raymond Pocino.

First, the Court never notified me either electronically or by U.S. Mail relative to a March 14, 2008 "Order" referenced by Ms. McKenna in her long letter. I request that a copy of the Order be faxed or e-mailed to me at once so that I may respond to it in a timely manner. I have received a number of other ECF bounces in that time period, and so find it strange that nothing came through from this Court in any form. My mailing address has not changed. I note that Deirdre Grossman, Esq. who has teamed with Ms. McKenna on this case, misaddressed the UPS package to my office address, omitting my official P.O. box. As it was not electronically filed, I received it for the first time this morning.

I am entitled to at least ten (10 business days from the date of receipt of each of these letter applications and from the date of my receipt of the Court's March 14, 2008 Order to respond under the Federal Rules. I am requesting that this Court grant plaintiff ten business days from today, to April 16, 2008

to respond to this letter and ten business days from my receipt of the Court's Order which was not annexed to Ms. McKenna's letter.

My cursory review of Ms. McKenna's letter exposed a number of factual and legal errors and omission that were as follows:

1. Ms. McKenna miss-cites the prevailing law of the U.S. Supreme Court and the Second Circuit in her characterization of the status of the complaint in this case. The Second Circuit has made it patently clear that heightened pleading requirements that go above and beyond the clear directives of Fed. R. Civ. P. 8 is frowned upon. In fact, as one expert commentary has reminded us, "Claims in connection with employees' benefits now have the advantage of the pre-emptive effect of ERISA; the federal courts **must** hear them." **Emphasis added.** Federal Civil Practice, Chapter 6, P.143, (NYSBA 1989, Ed.-In- Chief, Vairo); **See Also** SWIERKIEWICZ V. SOREMA N. & NBSPA. 534 U.S. 506 (2002). Further,

   > The theory of pleading in New York State practice follows the same principle of notice. See CPLR 3013. Like the federal approach, New York has endorsed the reduced importance of pleadings and the enhanced role of discovery" D. Siegel, New York Practice 245 (1978).

   **Id.** at P.144. Upon more thorough inspection of her letter application, I will elaborate further as to the applicable law of this case.

2. Surprisingly, in all of her correspondence to the Court, Ms. McKenna completely ignores the fact that my client was completely exonerated of the criminal charges brought against him by Mr. Singh, one her clients, not once, but twice. The first dismissal was on my Speedy Trial motion that granted on the merits, and the second was after a trial by jury.

   This fact completely changes the complexion of the case, since it proves that Ms. McKenna's client, who she portrayed as a victim, was, in fact, party to and responsible for serious wrongdoing which caused great damage to plaintiff. It would appear that Ms. McKenna has clearly forgotten her ethical obligation as an officer of the Court to be honest and forthright with the Court about the underlying facts of the case that were known to her, as she and members of her firm were present at the criminal trial.

3. Further, as her firm claims to have thoroughly investigated Mr. Singh's claims against Plaintiff, the firm must disclose all materials relative to the purported investigation in this very serious Whistle Blower case, which affects the public, in addition to plaintiff.

4. Finally, for purposes of this letter, I must point out that Ms. McKenna's "brief" three page "history" of plaintiff's case is, as usual, riddled with numerous errors, ad hominem attacks, and misstatements of applicable law. I intend to respond to this and co-defendant's letter *seriatim*, once I receive the March 14, 2008 Order.

The Co-Defendants' letter was clearly drafted in concert with Ms. McKenna and her firm. Plaintiff has never "abandoned" his claims, which are protected because they are statutory in nature and the Court is obligated by prevailing law to hear them. His rights to have his claims heard are also protected by the Due Process afforded him by the Federal Rules and the U.S. Constitution. As will be further briefed upon my receipt of the March 14, 2008 Order, defendants Pocino and LIUNA also misstate the facts and the law in contravention of their ethical obligations as attorneys in this Court. I will reasonably require the same time to brief the issues raised in their letter and respectfully request that short time.

Thank you.

Very truly yours,

RUTH M. POLLACK, ESQ. (RP 1407)
RMP: lb
Cc: Defendants Per Cert. Service annexed

1585 Broadway
New York, NY 10036
212-969-2900

Samuel Rosenthal, Esq.
Curtis, Mallet-Prevost, Colt & Mosle, LLP
101 Park Avenue
New York, NY 10178
917-368-7340

Terrence G. Reed, Esq.
Lankford, Coffield & Reed, PLLC
120 North Asaph Street
Alexandria VA 22314
703-299-8876

Dated: Riverhead, New York
       April 2, 2008

_____
RUTH M. POLLACK, ESQ. (RP1407)
Attorney for Plaintiff Richard Ello

ECF Doc : _____

2