UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD ELLO,<br>            Plaintiff<br><br>      Against<br><br>ISHRI SINGH, et al.,<br><br>            Defendants | Case No. 05 CV 9625 (RJS)<br><br>MEMORANDUM IN SUPPORT<br>OF MOTION TO DISMISS OF<br>DEFENDANTS LIUNA AND<br>RAYMOND POCINO |

Defendants Laborers International Union of North America (LIUNA) and Raymond Pocino, in his individual and union capacities (the "Union Defendants") respectfully move this Court pursuant to Fed. R. Civ. P. 41 to dismiss this case for want of prosecution.

**Background**

This case was originally filed on November 15, 2005, and defendants submitted letter requests for leave to file motions to dismiss the Complaint based upon its patent deficiencies. At the subsequent initial status conference of January 5, 2006, Judge Karas informed plaintiff's counsel of the manifest legal deficiencies apparent on the face of the original complaint, including the absence of any plausible basis for pleading the existence of a fiduciary duty or a defamation claim. Rather than address the complaint, however, Judge Karas graciously told

1

plaintiff's counsel that plaintiff could take advantage of his one opportunity to amend the Complaint if he could, consistent with Rule 11, plead legally cognizable claims.

In response, plaintiff filed a "First Amended Complaint" (FAC) on January 15, 2006. The FAC alleged specific claims against specific defendants. As to Mr. Pocino, the FAC alleges two claims, one for breach of fiduciary duty associated with his Fund obligations (Claim 2), and a claim of constructive discharge associated with Mr. Ello's resignation from LIUNA (Claim 3). As to LIUNA, the FAC alleges that LIUNA is liable for wrongful termination, libel or slander, and conspiracy to commit these torts (Claim 6). The FAC fails to allege any basis for federal subject matter jurisdiction on these three claims against these two defendants.

After filing the FAC, plaintiff attempted to file four subsequent Complaints each further adding ever more grandiose factual allegations and injecting new and varying claims, including federal claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1964(c). See Ello v. Singh, 531 F. Supp.2d 552, 585 (S.D.N.Y. 2007) (noting that plaintiff has attempted to amend his complaint five times). These efforts led to a memorandum ruling by Judge Karas on October 18, 2007 denying plaintiff's motion for leave to file a Proposed Second Amended Complaint with the sole exception of an alleged ERISA claim against the Union Defendants. Ello v. Singh, 531 F. Supp.2d 552 (S.D.N.Y. 2007). In particular, Judge Karas denied as futile plaintiff's effort to bring a breach of fiduciary duty claim against Mr. Pocino for lack of standing, and also rejected plaintiff's defamation claims. Ello, 531 F. Supp2d at 564, 579-80. Judge Karas granted plaintiff leave to file an ERISA retaliation claim against the Union Defendants (LIUNA and Mr. Pocino) within thirty (30) days, but the Court ruled that this would be the "final version of the Complaint permitted by the Court." Id. at 585.

2

Plaintiff did not comply with the Court's thirty day deadline for exercising his last opportunity to amend the complaint. The Court amended its Opinion on November 18, 2007 to correct a footnote numbering error, but plaintiff did not file any further version of the complaint within thirty days of this amended Opinion. When this case was reassigned, this Court ordered the parties to submit a joint status report on January 3, 2008. Despite several efforts, however, defense counsel was unable to communicate with plaintiff's counsel, and therefore filed a timely separate report. When counsel for the Union defendants filed their status report, they included a request for leave to file a motion to dismiss for failure to comply with this Court's orders.

Plaintiff responded by contending that plaintiff's counsel had not received the Court's prior orders going as far back as the October 18, 2008 Order. Plaintiff requested leave of this Court to file a motion for reconsideration of the October 18, 2007 ruling and to file a motion seeking an extension of time in which to file an amended complaint in response to the October 18, 2007 Order of Judge Karas. Plaintiff has offered no plausible explanation why he would not have been aware of the rulings of this Court, including the original October 18, 2007 ruling and the Amended Memorandum of November 18, 2007. In an Order dated January 7, 2008, this Court reminded plaintiff's counsel that, under the electronic filing procedures of this Court, plaintiff's counsel is obligated to review the docket sheet regularly.

On January 15, 2008, this Court granted plaintiff's request for leave to file a motion for reconsideration and a motion for an extension of time in which to file an amended complaint in response to Judge Karas' earlier Order. This Court ordered that plaintiff file its motion and amended complaint by no later than February 8, 2008. This Court denied the Union defendants request for leave to file a Rule 41 motion "as premature, without prejudice to renewal after a

3

decision on plaintiff's motion(s)." January 15, 2008 Minute Order. Thus, plaintiff was clearly on notice from this Court as of January 15, 2008, that the Court would consider a Rule 41 motion from defendants depending on the outcome of Plaintiff efforts to move for reconsideration and an extension of time to respond to the October 18, 2007 Order issued some three months before.

On February 8, 2008, plaintiff failed to comply with this Court's deadline for filing the requested motions and instead asked for more time. Plaintiff filed a letter request for a further week extension, which this Court denied, but nonetheless gave plaintiff until February 11, 2008 to file his motions. That extended deadline then also passed without any filing from plaintiff.

On March 6, the Union defendants filed another letter request seeking permission to move for dismissal for want of prosecution. Plaintiff did not respond to this letter. On March 14, 2008, this Court issued an Order denying plaintiff leave to file a motion for reconsideration or for an extension of time in which to file an amended complaint. The Court noted that plaintiff had not responded to defendant's letter regarding dismissal for want of prosecution, but denied this request again on the grounds of prematurity. The Court's March 14, 2008 Order specifically stated that "Plaintiff is instructed that failure to comply with orders of this Court may result in dismissal of this case pursuant to Rule 41 of Federal Rules of Civil Procedure." Order, at 2.

On March 31, 2008, defendants filed letters requesting permission to seek dismissal of this case for want of prosecution because, among other things, plaintiff had previously abandoned the FAC. On April 2, 2008, plaintiff's counsel submitted a letter to this Court denying that she had received a copy of this Court's March 14th Order, asking this Court for an additional ten days in which to respond, and denying that plaintiff had abandoned his claims.

On April 4, 2008, this Court issued an Order denying plaintiff's request for an extension of time to respond to the Court's March 14, 2008 Order. The Court noted that plaintiff counsel's representation that she had not received an ECF notification was "belied by the attached ECF receipt, which indicates that the ECF notification was sent to the email address listed on the docket sheet, as well as on Ms. Pollack's letterhead." Id. Further, the Order pointed out that Ms. Pollack's claim of not having received the Order was no excuse because, under the written procedures of this Court, it is duty of the attorney for a party to review the docket sheet regularly. Id. Finally, the April 4th Order noted that this Court had "previously explicitly reminded Ms. Pollack of this duty" in its January 7, 2008 Order. Id.

In this April 4th Order, the Court directed plaintiff to respond to the unanswered letters from defendants by April 14, 2008. The Court indicated that "[i]f plaintiff does not wish to proceed on the First Amended Complaint (Document #33), or if plaintiff believes that the claims contained in the First Amended Complaint are not viable, he should so indicate in the letter." Id. Once again, this April 4th Order expressly put plaintiff "on notice that future failure to comply with court orders may result in dismissal of this case pursuant to Rule 41 of the Federal Rules of Civil Procedure." Id.

Plaintiff did not respond to this Court's April 4th Order requiring a filed response on April 14, 2008. Thus, plaintiff failed to respond to this Court's express inquiry about his intentions to pursue, or not, the claims in the FAC. On May 7, 2008, this Court issued an Order noting that plaintiff had failed to comply with this Court's order to file a response on April 14th despite being put on notice that a failure to comply with a court order may result in dismissal under Rule 41. The Court also ordered defendants to file a motion to address the issues raised in defendants'

letters.

The next day, May 8th, plaintiff's counsel filed a letter with this Court–once again improperly using the electronic filing system for doing so. In her letter, plaintiff's counsel acknowledged receipt by facsimile of this Court's May 7th Order. Plaintiff's counsel made application "for leave of Court to be relieved as counsel to plaintiff in this case." Id.

Specifically, plaintiff's counsel gave the following grounds for this application:

> I make this application due to, inter alia, Plaintiff's failure to maintain communication with me at all times, to follow my counsel and his continued ignoring of my advice. As a result of this, he has undermined my ability to effectively represent him in this case.
> Given the procedural posture of the case, please be advised that I will not take further action on the case and Mr. Ello should be provided with sufficient time to obtain new counsel.

In other words, plaintiff's counsel has now abandoned this case based upon plaintiff's alleged long term failure to participate in the prosecution of his own case.

## ARGUMENT

### The FAC Should Be Dismissed for Want of Prosecution Under Fed. R. Civ. P 41

The FAC was filed approximately two-and-a-half years ago on January 16, 2006. In the intervening years, plaintiff has burdened the Union defendants, and this Court, with meritless disqualification motions, four unsuccessful efforts to replead the FAC, and gratuitous false accusations against the Court and defense counsel.[1] Even when Judge Karas granted plaintiff leave in October 2007 to replead one claim (under ERISA) against the Union Defendants,

---

[1] Just prior to the last hearing, plaintiff's counsel sent a written letter to the Court accusing Judge Karas of obstruction of justice.

plaintiff repeatedly failed to comply with the deadlines set by Judge Karas and this Court for doing so. When, in mid-January 2008, this Court generously afforded plaintiff the opportunity to attempt to cure its three month delay in responding to Judge Karas' October 18, 2007 Order, plaintiff repeatedly failed to comply with this Court's subsequently ordered deadlines.

This Court then denied plaintiff leave to seek reconsideration or any amendment, thereby eliminating any aspect of the numerous proposed amended claims with which plaintiff pelted the defendants over the last two years. When plaintiff failed to respond to defendants' letter requests for leave to file a rule 41 motion, this Court issued an Order directing plaintiff to respond to the question of whether it intended to pursue the FAC, with a clear deadline of April 14th and an express notification of the consequence of failure to comply--dismissal under Rule 41. Now, plaintiff's counsel has instead notified the Court of her intent to withdraw based upon the non-cooperation of plaintiff.

By any measure, this case is a suitable candidate for dismissal for want of prosecution under Rule 41(b).[2] "The primary rationale underlying a dismissal under Rule 41(b) is the failure of plaintiff in his duty to process his case diligently." Lyell v. Theatre Corp. v. Loew's Group, 682 F.2d 37, 43 (2d Cir. 1987). The inherent power of courts to dismiss for want of prosecution is "of ancient origin." Link v. Wabash R. Co., 370 U.S. 626, 630 (1962) (upholding right of court to dismiss sua sponte, without notice or hearing, and for failure to appear at hearing in light of excuse offered). The Second Circuit has instructed that, in considering a Rule 41 dismissal, a court should consider five factors: "[1] the duration of plaintiff's failures, [2] whether plaintiff has received notice that further delays would result in dismissal, [3] whether the defendant is

7

likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court calendar congestion and a party's right to due process and a fair change to be heard, and [5] whether the judge had adequately assessed the efficacy of lesser sanctions." Shannon v. GE Co., 186 F.3d 186, 193 (2d Cir. 1999). "As a general rule, no single one of these five factors is dispositive." Boland v. Harder, 2008 WL 901054, at 2 (N.D.N.Y. March 31, 2008). "'[N]ot all of these factors need be present to warrant dismissal, and they apply regardless of whether plaintiff is represented by counsel or appears pro se.'" Jacobs v. County of Westchester, 2008 WL 199469, at *3 (S.D.N.Y. January 22, 2008) (quoting Doe v. City of New York, 2004 WL 2397191, at *2 (S.D.N.Y. October 25, 2004)).

This Court has repeatedly admonished plaintiff to comply with its rules, including those relating to electronic filings of letters, responding to orders, and seeking leave to make filings. See, e.g., Ello v. Singh, 2006 WL 2270871, * 2 n.5 (S.D.N.Y. August 7, 2006) (noting plaintiff's failure to comply with local rules); Ello v. Singh, 531 F. Supp.2d 522, 559-60 (S.D.N.Y. 2007) (noting striking of proposed amended complaint for failure to comply with local rules). A plaintiff's failure to comply with a Court's order for a status report has been held sufficient to justify dismissal for want of prosecution. Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 5 (1st Cir. 2002).

Turning to the factors, the Second Circuit has indicated that courts are free to consider not only individual order violations but also to consider any history of such violations throughout the litigation. Lyell v. Theatre Corp. v. Loew's Group, 682 F.2d 37, 43 (2d Cir. 1987). Morever, the "duration factor is of limited significance where a party deliberately disobeys court orders." Fuertado v. City of New York, 225 F.R.D. 474, 478 (S.D.N.Y. 2004) (citing Peart v. City of New

8

York, 992 F.2d 458, 461 (2d Cir. 1993)).   Here, plaintiff has not only exhibited recidivism in his failures to comply with Court orders, he has done so over protracted periods of time.  The record of this case is one of repeated violations of court orders by plaintiff in his two year campaign to identify a viable claim.  Thus, the period of plaintiff's failure exceeds two years. Moreover, even if this Court were to consider only plaintiff's failures since Judge Karas' October 18, 2007 opinion, the period of time of plaintiff's failures would be seven months covering numerous violations of different court orders.

Defendants have placed plaintiff on notice since the filing of their January 3, 2008 status report of their intent to seek dismissal based upon his failure to comply with Judge Karas's October 18, 2007 Order.  This Court similarly gave notice to plaintiff in its January 15, 2008 Order that it was denying defendants' request for dismissal based upon plaintiff's failure to comply with this Order of Judge Karas, but only "without prejudice" to its renewal based upon the outcome of plaintiff's motions for reconsideration and for an extension of time.

In other words, this Court put plaintiff on clear notice as of January 15, 2008 that its failure to comply with prior Orders of this Court could result in dismissal.   That warning was repeated to plaintiff in this Court's Orders of March 14, 2008 and April 4, 2008, both of which were followed by failures of plaintiff to comply with Court-ordered deadlines.

Compounding these failures to comply, plaintiff's counsel has repeatedly sought to justify her noncompliance with the Court's deadlines by claiming a failure to receive Court Orders–Orders covering periods of months–even though this Court reminded plaintiff's counsel in January 2008 that it was her duty to monitor the Court's docket entries.   Now, after this Court essentially caught plaintiff's counsel in feigning non-receipt of an electronic copy of this Court's

Order, plaintiff tells this Court that plaintiff has failed to maintain communication with plaintiff's counsel "at all times."

Courts have dismissed claims under Rule 41 for conduct a lot less egregious than is present on this record. In Boland, a district court dismissed an action under Rule 41 for five months of delay, and noted that the local rule created a presumption of want of prosecution after a period of only a four months. Boland, 2008 WL 901054, at *2, 3. In Boland, the plaintiff's failure was a failure to provide a current address, as required under prior orders of the Court. Id. Here, plaintiff has consistently, and repeatedly, failed timely to respond to the Orders of this Court.

"Prejudice to defendants resulting from unreasonable delay may be presumed." Lyell v. Theatre Corp. v. Loew's Group, 682 F.2d 37, 43 (2d Cir. 1987). The prejudice to defendants from having to essentially start this case all over again based upon a pleading which plaintiff has indicated to this Court is deficient is self-evident. Defendants have spent two and a half- years aiming at what Judge Karas characterized as a "moving target." The Union Defendants join the contention of the other defendants that plaintiff has effectively abandoned the allegations of the FAC. More to the point, plaintiff's consistent failures to comply with this Court's deadlines has created doubt about whether plaintiff wishes to pursue this case at all. This is especially so in light of plaintiff's counsel recent representation to this Court that plaintiff has failed "at all times" to communicate with plaintiff's counsel, causing a sufficiently large impediment to the prosecution of this case as to require the withdrawal of plaintiff's counsel.

If plaintiff's counsel is to be credited in this regard, the prior history of lapses my well be reflective of plaintiff's lack of diligence, and if so, there is no reason to believe that plaintiff

10

will pursue this case any more vigorously in the future than it has been over the last three years. Plaintiff has been afforded a full, and even a generous, opportunity by this Court and by Judge Karas to pursue his case, and has simply failed to take advantage of these opportunities.

The Second Circuit has observed that a court's authority to dismiss claims under Rule 41 "is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded dockets." Lydell, 682 F.2d at 42. This salutary purpose animating the Rule would be well served here by ridding this Court's docket of the burdens imposed by a party who cannot meet a deadline, an extended deadline, or subsequent pointed orders directing compliance under pain of dismissal.

For the foregoing reasons, this Court should dismiss this case for want of prosecution. If this Court declines to dismiss this case under Rule 41, the Union Defendants respectfully request permission to respond to the FAC on the merits.

## Conclusion

For the foregoing reasons, the FAC should be dismissed.

Respectfully submitted,

_____/s/_____
Samuel Rosenthal
Curtis Mallet-Prevost, Colt & Mosle
101 Park Avenue
New York, New York 10178-0061
212-696-6000

11

Terrance G. Reed
Lankford, Coffield & Reed PLCC
120 North St. Asaph St.
Alexandria, VA 22314
703-299-5000
(Pro Hac Vice)

Michael Bearse
Laborers International Union of
North America
905 16th Street, N.W.
Washington, D.C. 2006
202-942-2204
(Pro Hac Vice)

Counsel for Defendants LIUNA and
Raymond Pocino, individually and in his
union capacity