PROSKAUER ROSE LLP
Kathleen M. McKenna
Deidre A. Grossman
1585 Broadway
New York, New York 10036
(212) 969-3000

*Attorneys for the Fund Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
:
RICHARD ELLO,                                                           :
:                       Case No. 05 CV 9625 (RJS)
                                       Plaintiff,                       :
:                       **DECLARATION OF**
                  v.                                                    :  **DEIDRE A. GROSSMAN**
:
ISHRY SINGH, et al.,                                                    :
:
                                       Defendants.                      :
:
------------------------------------------------------------------------x

      DEIDRE A. GROSSMAN declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

      1.      I am an associate at the law firm of Proskauer Rose LLP, counsel to Defendants Ishry Singh, Laborers-Employers Cooperation and Education Trust Fund, Mason Tenders' District Council Trust Funds ("MTDC Funds"), Raymond Pocino, as a Trustee of the MTDC Funds, and John Virga, MTDC Funds' Director (collectively, the "Fund Defendants") in the above-captioned action.

      2.      I submit this declaration in support of the Fund Defendants' Motion to Dismiss.

      3.      I affirm that attached hereto as Exhibit A is a copy of the relevant pages of the transcript from the January 5, 2006 Court conference in this case, which are cited in the Fund Defendants' accompanying Memorandum of Law.

2

4.  I affirm that attached hereto as Exhibit B is a copy of the relevant pages of the transcript from the September 12, 2006 Court conference in this case, which are cited in the Fund Defendants' accompanying Memorandum of Law.

5.  I affirm that attached hereto as Exhibit C is a copy of the relevant pages of the transcript from the December 12, 2006 Court conference in this case, which are cited in the Fund Defendants' accompanying Memorandum of Law.

Dated: New York, New York
       May 28, 2008

_____
DEIDRE A. GROSSMAN

Grossman Decl., Ex. A

```
615YELLC
```

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x

3  RICHARD ELLO,

4                  Plaintiff,

5          v.                              05 Civil 9628 (KMK)

6  ISHRI SINGH, et al.,,

7                  Defendants.

8  ------------------------------x
                                           New York, N.Y.
9                                          January 5, 2006
                                           2:30 p.m.
10 Before:

11
                   HON. KENNETH M. KARAS,
12
                                        District Judge
13
                          APPEARANCES
14

15 POLLACK & KOTLER,
        Attorneys for Plaintiff
16 RUTH M. POLLACK, ESQ.,

17 PROSKAUER ROSE, LLP
        Attorneys for Defendants Ishri Singh, et al.,
18 KATHLEEN M. McKENNA, ESQ.,
   DEIDRE A. GROSSMAN, ESQ.,
19
   CURTIS, MALLET, PREVOST, COLT & MOSLE, LLP
20      Attorneys for Defendant Richard Pocino
   SAMUEL ROSENTHAL, ESQ.,
21
   LANKFORD, COFFIELD & REED, PLLC,
22      Attorney for Defendant Richard Pocino
        120 North Saint Asaph Street
23      Alexandria, Virginia,
   TERRANCE G. REED, ESQ.,
24

25

615YELLC

1    an opportunity to speak to anyone because my client was cut off
2    from trustees' meetings and so forth, but he is of the
3    understanding that a number of the remarks were made about him
4    among the trustees and he was left out of meetings that he was
5    supposed to attend to and be a part of.
6          THE COURT:  Look, it seems to me --
7          MR. POLLACK:  I can certainly do this.
8          THE COURT:  When you will amend this, the second page
9    of the letter submitted on behalf of Pocino and LIUNA, you see
10   the elements that you have to allege.  They are there in black
11   and white.
12         MR. POLLACK:  I just got their letter I believe the
13   day before yesterday.  I certainly agree with you, Judge.
14         THE COURT:  My point is before you bring a federal
15   lawsuit and you make allegations as serious as these -- and I'm
16   not saying you can or can't prove them, I'm saying before you
17   do that you have the facts which have to be specific, like who
18   the state actor is when you bring a due process in, and what
19   you have to establish to make out a cause of action, what the
20   elements are, and it seems in a number of instances that has
21   not been done.
22         What about the point that is made on behalf of Lecet
23   regarding your wrongful termination cause of action?
24         New York does not recognize a cause of action for
25   wrongful termination.

1     MR. POLLACK:  Judge, what does that mean?
2     THE COURT:  It means that New York doesn't recognize
3  it as a cause of action.  I'm not sure --
4     MR. POLLACK:  Well, that is sort of yes, it's true and
5  no, it's not.  It is -- it does recognize a wrongful
6  termination if it is unconstitutional or legal grounds.
7     THE COURT:  What is the unconstitutional grounds upon
8  which your client was terminated?
9     MR. POLLACK:  Whistle blower is first of all an
10 ERISA --
11    THE COURT:  Is that constitutional or statutory?
12    It haven't checked LEXIS overnight, but I don't think
13 there is an ERISA amendment to the state constitution.
14    MR. POLLACK:  No, but there may be both a Section 5 --
15 I know there is a 510 claim --
16    THE COURT:  Which is a statutory claim.
17    MR. POLLACK:  Correct.  But there may also be a First
18 Amendment claim here in terms of what he states or what he does
19 that he is being punished for.
20    THE COURT:  Let's break that down.  510 claim is an
21 ERISA claim, not a state cause action.  To the extent you are
22 alleging some type of common law equivalent, why wouldn't ERISA
23 at least preempt that allegedly equivalent state law action?
24    MR. POLLACK:  Why would it not?
25    THE COURT:  Yes.

```
 1    example, is going to have, in my view, conflicts with other
 2    people currently represented by Proskauer, for example, and at
 3    some point I believe that everybody is going to be getting
 4    their own horses, changing horses at some point in time and not
 5    only have new attorneys but have to have separate attorneys
 6    because of conflicts.  To me I can see right away there exists
 7    between the various entities and Mr. Singh, for example.
 8         I don't know how they could possibly represent all
 9    these entities and Mr. Singh unless they have some reason why
10    to hang on to Mr. Singh , but I see that as potential problem
11    down the road.
12         THE COURT:  That is a hearing problem.  I agree with
13    you, by the way, I think there are some potential conflicts
14    there, but they are only potential at this point.
15         It seems to me, I am addressing everybody here now, it
16    makes sense for the conflict issue to get resolved quickly.  If
17    there is a conflict, let's get new lawyers, if not let's know
18    that based on the facts as they exist at the time we make the
19    decision here.
20         But at the same time, I am talking about amending the
21    complaint.  Since there is no complaint, you get one bite at
22    the apple, but let's get that bite taken, because regardless of
23    what I do with the conflict issue, presumably new counsel will
24    pick up this ball and press forward on the various grounds to
25    dismiss all or parts of the complaint and it seems to me that
```

Grossman Decl., Ex. B

```
                                                                    1
 1   UNITED STATES DISTRICT COURT
 1   SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x
 2
 3   RICHARD ELLO,
 3
 4              Plaintiff,         New York, N.Y.
 4
 5         v.                      05 Civ. 9625 (KMK)
 5
 6   ISHRI SINGH, et al., ,
 6
 7              Defendants.
 7
 8   ------------------------------x
 8
 9                                 September 12, 2006
 9                                 10:55 a.m.
10
10   Before:
11
11                HON. KENNETH M. KARAS,
12
12                                      District Judge
13
13                    APPEARANCES
14
14   RUTH MARIE POLLACK
15        Attorney for Plaintiff
15
16   PROSKAUER ROSE LLP
16        Attorneys for Fund Defendants
17   BY:  KATHLEEN M. McKENNA
17        DEIDRE ANN GROSSMAN
18
18   CURTIS MALLET-PREVOST COLT & MOSLE
19        Attorneys for Defendants Porcino and Laborers
19        International Union of North America
20   BY:  SAMUEL ROSENTHAL
20
21          - and -
21
22   LANKFORD COFFIELD & REED
22        Attorneys for Defendants Porcino and Laborers
23        International Union of North America
23   BY:  TERRANCE REED
24
25
                SOUTHERN DISTRICT REPORTERS, P.C.
                        (212) 805-0300
```

```
 1    summons is now going to include additional parties.
 2              The other item is that, in response to questions that
 3    have been raised in the past in letters, I am withdrawing my
 4    first proposed second amended complaint because it was
 5    defective and I am also seeking to withdraw the affidavit of
 6    Wendy Brower as being not necessary.
 7              THE COURT:  All right.  We'll get to the Brower
 8    affidavit in a second.
 9              MS. POLLACK:  Yes, your Honor.
10              THE COURT:  The difficulty here with the complaint is
11    that it really is the quintessential moving target.
12              Your initial complaint had some deficiencies in it.
13    Obviously defendants highlighted those.  In response to that I
14    gave you your one Rule 15(a) bite of the apple on the eve of or
15    even the morning of -- because ECF reflects, I think, a 12:15
16    a.m. filing -- argument on your motion to disqualify Proskauer
17    and Curtis Mallet.  This is the proposed second amended
18    complaint, which is quite lengthy, which as you know was
19    dismissed for very serious technical deficiencies, that is,
20    that there was a motion, and you did not comply with my rule,
21    which is a very common rule, that you seek leave to file such a
22    motion.  But then, when the defense pointed out more glaring
23    deficiencies, in particular, with the RICO causes of action,
24    now I guess we are going to get another proposed second amended
25    complaint.
```

```
 1   are going to have to show when they were ascertained, when they
 2   were learned.  Putting that to the side, any new facts, this is
 3   going to be it?  Can I assume that?
 4            MS. POLLACK:  This is going to be -- it actually is in
 5   existence, the complaint which I believe based on my
 6   investigation and new information that's come to my attention,
 7   both through counsel's letters and through my own
 8   investigation, developing facts, it will and it does contain
 9   the essential elements of a RICO complaint.
10            THE COURT:  That is not my question.
11            MS. POLLACK:  Well, it is the complaint that I intend
12   to file which will permit us to go forward into the merits of
13   the case.  I hope that answers the question, your Honor.
14            THE COURT:  So let me just make it crystal clear.
15            MS. POLLACK:  Yes.
16            THE COURT:  Unless there are new facts that you
17   learned and you can prove when you learned them, is this the
18   complaint you intend to go to trial on?
19            MS. POLLACK:  Well, of course, unless there are new
20   facts that come to my attention.
21            THE COURT:  This is a very simple question.  Unless
22   there are facts that you learn and you can prove that you
23   learned them after you filed this amended complaint, can I
24   assume this is the complaint you will go to trial on?
25            MS. POLLACK:  I have never been asked that question
```

6

```
 1   before.  Let me think about that.  I think it's safe to assume
 2   that this will be the basis -- this will be the complaint I go
 3   to trial on, unless we discover something during discovery,
 4   which is very likely here, which will add to the complaint.
 5            THE COURT:  My point is, when you go ahead and you
 6   finalize this new second amended complaint --
 7            MS. POLLACK:  Yes.
 8            THE COURT:  -- that's what's going to be in play, and
 9   that's what the defendants are going to say should not be done,
10   presumably on futility grounds, among other reasons.  What I
11   think they are entitled to, particularly given the history of
12   this case, is to know that their efforts are not going to be a
13   waste of time.
14            I don't want a third amended complaint that is based
15   on facts that were available to you at the time you filed the
16   second amended complaint.  There's no more moving targets.  I
17   recognize that there may be new facts.  Assuming you can prove
18   to me that they were new facts, then that's a different story.
19            MS. POLLACK:  Sure.
20            THE COURT:  What I am concerned about is the rather
21   troubling timing of the initial second amended complaint on the
22   eve of argument on your motion to disqualify counsel.  I just
23   find that to be a rather extraordinary coincidence.  Fine.  Be
24   that as it may, I just want to make sure we are not all wasting
25   our time on a complaint you don't intend to go to trial on,
```

```
 1   that you intend to keep amending as they keep shooting down
 2   your allegations in premotion letters and you keep then
 3   changing the complaint.  We can't have that.  That's my only
 4   point.
 5           MS. POLLACK:  I understand that, and I respect that.
 6           THE COURT:  All right.
 7           MS. POLLACK:  I don't take any of this lightly.
 8           THE COURT:  OK.
 9           MS. POLLACK:  This is going to be the complaint that
10   we can count on here.
11           It will contain allegations that I have facts to
12   substantiate as per Judge Sweet's opinions that regard RICO
13   complaints and how sufficient they must be.
14           THE COURT:  OK.  You have pleading issues you have to
15   address.  You have very serious pattern issues you are going to
16   have to address.  You have racketeering issues you are going to
17   have to address.  There are RICO conspiracy issues you are
18   going to have to address, but you are not going to address them
19   by just continuing to amend.  You are going to address them by
20   getting it right now.  Then I am going to hear from them and
21   you as to why the amended complaint is or is not futile or any
22   other argument that they make in opposition to your motion.
23           With respect to when you can get this done and when
24   you can get the final second amended proposed complaint done
25   and your motion in support of the amendment, when is it you can
```

SOUTHERN DISTRICT REPORTERS, P.C.

(212) 805-0300

Grossman Decl., Ex. C

```
                                                                        1
    6ccQellC                       Conference

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x
    RICHARD ELLO,
3                   Plaintiff,
              v. .                            05 CV 9625 (KMK)
4   ISHRI SINGH, In his individual
    and official capacities,
5   RAYMOND POCINO, Vice President
    and Eastern Regional Manager
6   of Laborers International
    Union of North America in his
7   individual and official
    capacities, LABORERS
8   INTERNATIONAL UNION OF NORTH
    AMERICA, LABORERS EMPLOYERS
9   COOPERATION AND EDUCATION
    TRUST FUND, RAYMOND POCINO,
10  Trustee in his Individual and
    official capacities, MASON
11  TENDERS DISTRICT TRUST FUNDS,
    JOHN VIRGA, Funds Director in
12  his Individual and official
    capacities, JOHN DOE A through
13  D; the latter being parties
    unknown to plaintiff, JANE DOE
14  A through D; the latter being
    parties unknown to plaintiff,
15              Defendants.
    ------------------------------x
16                                            New York, N.Y.
                                              December 12, 2006
17                                            4:00 p.m.

18

19  Before:

20              HON. KENNETH M. KARAS,

21

22                                            District Judge

23

24

25
                    SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300
```

1           THE COURT:  Well, again, you know, Ms. Pollack let's
2   keep our eye on the ball here.  I'm interested in the facts,
3   and then we'll apply the law to the facts.
4           MS. POLLACK:  No, I'm talking about the facts, Judge.
5           THE COURT:  Okay, and I'm talking about the facts that
6   are relevant.
7           MS. POLLACK:  Some am I.
8           THE COURT:  What's relevant here is that right now
9   there's no malicious prosecution claim at all.
10          MS. POLLACK:  As we sit here today.
11          THE COURT:  That may change.  It may or may not
12  change.  Obviously, I understand the facts can change.  All
13  right.  Thank you, Ms. Pollack.
14          MS. POLLACK:  You're welcome.
15          THE COURT:  Ms. McKenna, is there anything else new
16  that's happened that you would like to enlighten me about?
17          MS. McKENNA:  Not that we know, your Honor.  I think,
18  how we came to this juncture to be here today is as of a
19  consequence of the fact that since July, I believe, your Honor,
20  we have been dealing with plaintiff's attempt to amend the
21  complaint.  As I counted, your Honor, if we don't count the
22  fact that the original complaint in November of '05 was filed
23  twice, we have had six attempts to amend the complaint.  This,
24  despite the fact that in January of '05 as I recall it --
25          THE COURT:  Or '06.

6ccQellC                Conference

1           MS. McKENNA:  '06, forgive me --
2           THE COURT:  Right.
3           MS. McKENNA:  -- you indicated to the plaintiff that
4   she would get one bite of the apple.  At the risk of being too
5   flip, your Honor, I think she's eaten the whole apple.
6           We had a first amended complaint filed January 25.
7           On July 13 in violation of your individual rule, she
8   prematurely filed a proposed second amended complaint.  That
9   got withdrawn.
10          On July 18, plaintiff belatedly complied with the
11  rules and amended the first -- served his first  -- amended his
12  first amended complaint.
13          Then on August 5 before you were able to schedule a
14  conference on that one, plaintiff preempted it by asking you to
15  disregard his request because there was going to be yet another
16  request for a pleading; and then there were a series of letters
17  that got us to a conference before you on September 12.
18          You tell the plaintiff at that juncture, okay, is this
19  complaint that you're about to file going to be it?  In fact,
20  your Honor, I believe -- I re-read it today, I could be
21  mistaken, there's at least two pages of colloquy on that issue.
22          THE COURT:  Yes, there are.  I've read them.
23          MS. McKENNA:  Plaintiff says yes, and on September 15
24  files a proposed second amended complaint.  It is very
25  different from the first amended complaint.  I would note that

6ccQellC                    Conference

1   despite my demands for it, it does pertain to my client, the
2   district attorney got a copy of it, and I didn't.
3           So, Judge that would be the only concern I have.
4   That's a new evidence issue that I would have to address
5   because Proskauer put that into the mix. When I saw that in
6   their papers, as I saw actually transcripts from the criminal
7   proceeding in their papers, I didn't expect that because I
8   hadn't even gotten the transcripts in the criminal case yet.
9   So that would be the only thing I would do --
10          THE COURT: Am I correct in saying, so we can make
11  sure the record is clear, that what you would like to do --
12          MS. POLLACK: Yes, sir.
13          THE COURT: -- is amend your complaint to include the
14  causes of action that are contained in the September 15
15  complaint as well as the fourth cause of action, the defamation
16  cause of action that is contained in your November 2 filing?
17          MS. POLLACK: Yes, sir.
18          THE COURT: And all that's being withdrawn without
19  prejudice at this point is the malicious prosecution claim?
20          MS. POLLACK: Yes, sir.
21          THE COURT: So Ms. McKenna, I don't know if that
22  answers your question. Would you like to now ask another
23  question?
24          MS. McKENNA: There is another issue. In plaintiff's
25  reply on page 20, plaintiff indicated he's decided not to