PROSKAUER ROSE LLP
Kathleen M. McKenna
Deidre A. Grossman
1585 Broadway
New York, New York 10036
(212) 969-3000

*Attorneys for the Fund Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
RICHARD ELLO,

                Plaintiff,

                v.                                Case No. 05 CV 9625 (RJS)

ISHRY SINGH, et al.,

                Defendants.
-----------------------------------------------------------------x

**FUND DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS**

Defendants Ishry Singh, Laborers-Employers Cooperation and Education Trust Fund ("LECET"), Mason Tenders' District Council Trust Funds ("MTDC Funds"), Raymond Pocino, as a Trustee of the MTDC Funds, and John Virga, MTDC Funds' Director (collectively, the "Fund Defendants"), move this Court for an order dismissing them from this lawsuit with prejudice on the grounds that all claims that have been asserted against them have either been withdrawn (such withdrawal now being with prejudice) or dismissed as a matter of law and, consequently, they are no longer parties to this lawsuit.

## PRELIMINARY STATEMENT

Although the history of this case is long and tortured, the reason why the Fund Defendants should be dismissed from this case is exceedingly simple: after a number of false starts (five to be exact), in November 2006 Plaintiff Richard Ello ("Plaintiff") proposed to this Court a Second Proposed Second Amended Complaint ("SPSAC") which he represented contained *all* of the claims he intended to pursue against the Fund Defendants and which superseded all prior complaints. All such claims were held to be legally insufficient by the Honorable Kenneth M. Karas by Opinion and Order dated October 18, 2007 (the "October 18 Order"). Plaintiff never sought reconsideration of the October 18 Order, even after his time to do so was extended by the Court. Consequently, there is simply nothing left of this case as against the Fund Defendants. They should be dismissed from the case with prejudice.

## PROCEDURAL HISTORY

In order to understand why no claims remain against the Fund Defendants, it is necessary to review the procedural history of the case and the process by which Plaintiff determined the claims he intended to advance against the Fund Defendants.

This case was commenced in November 2005. Thereafter, Plaintiff attempted to file no less than five (5) complaints, most of which he withdrew before the parties or the Court had any meaningful opportunity to consider them. (*See* October 18 Order at 3-5, 51). Specifically:

- Plaintiff filed his original complaint on November 15, 2005. By letter dated December 21, 2005, the Fund Defendants requested permission to file a motion to dismiss that complaint in its entirety. (*See* Documents Nos. 1 and 2).[1]

- At the January 5, 2006 conference that followed, this Court afforded Plaintiff "one bite at the apple" to cure what the Court noted were glaring deficiencies in his original complaint (*e.g.*, failure to allege state action in support of a constitutional claim, failure to identify with specificity alleged defamatory statements). (*See* Declaration of Deidre A. Grossman ("Grossman Decl."), Ex. A (1/05/06 Tr.) at 13-14, 19).

- The pleading which Plaintiff labeled his First Amended Complaint ("FAC") followed on January 25, 2006 (Documents Nos. 18 and 33).[2] That complaint proposed to allege the following claims against the Fund Defendants:[3] Count One (Ishry Singh): defamation, filing a false report, perjury, malicious prosecution, and retaliation; Count Two (Raymond Pocino): breach of fiduciary duty; Counts Four and Five (John Virga): whistleblower, breach of fiduciary duty, retaliation, and conspiracy; Count Seven (LECET): wrongful discharge, libel/slander, conspiracy; and Count Eight (MTDC Funds): engaging in retaliatory, defamatory, and conspiring acts with Singh leading to Plaintiff's termination. Additionally Plaintiff alleged that "defendants" violated ERISA § 510, and the whistleblower provisions of FLSA, Title VII, and New Jersey state law. Defendants expressed an intention to move to dismiss that complaint as well, but, pursuant to the Court's instructions, postponed doing so pending disposition of Plaintiff's motion to disqualify defense counsel, which was denied by Opinion and Order dated July 31, 2006.

- On July 13, 2006, without first seeking leave to file a motion to amend, Plaintiff filed a Proposed Second Amended Complaint. That proposed amended complaint was rejected by the Court for failure to satisfy Judge Karas' Individual Practices requiring a pre-motion conference (and was later expunged from the record). (*See* Documents Nos. 37 and 38).

---

[1] Most of the documents referenced in this brief, including Plaintiff's counsel's letters to the Court (which were filed contrary to this Court's rules governing Electronic Case Filing ("ECF")), are available on the ECF system and are referenced herein by their docket entry number.

[2] For reasons still unknown, Plaintiff filed the First Amended Complaint twice, once on January 25, 2006 (Document No. 18) and again on February 9, 2006 (Document No. 33).

[3] Separate claims, not addressed here, were advanced against the Laborers International Union of North America ("LIUNA") and Raymond Pocino, as representative of LIUNA, commonly referred to in this litigation as the "Union Defendants."

2

- On July 18, 2006, Plaintiff belatedly complied with the Court's rules and requested leave to file a Proposed Second Amended Complaint. (Document No. 40). On August 5, 2006, before the Court was able to schedule the conference requested by Plaintiff in his July 18 letter and give its views on whether Plaintiff should be afforded leave to file the Proposed Second Amended Complaint (*see* Document No. 48), Plaintiff preempted the Court by asking that it disregard his latest request and proposed pleading, in favor of yet another request and a new pleading. In that letter, Plaintiff advised the Court that "[i]t is clear that our proposed First Amended Complaint [sic] requires revision[,]" and that the new complaint "will differ markedly from the initial complaint filed as well as the proposed First Amended Complaint [sic]." (*See* Documents Nos. 43 and 44).

- On September 12, 2006, the Court held a conference with the parties to address that attempt to amend. At that conference, the Court expressed grave concern over Plaintiff's "moving target" approach. (Grossman Decl., Ex. B (9/12/06 Tr.) at 3). After Plaintiff's counsel confirmed that the Proposed Second Amended Complaint she intended to file would contain *all* of the claims on which Plaintiff intended to proceed in the litigation (October 18 Order at 4-5; Grossman Decl., Ex. B (9/12/2006 Tr.) at 5-7), the Court allowed Plaintiff one final chance to seek to amend and set September 15, 2006 as the date for him to make his motion.

- On September 15, 2006, Plaintiff filed a Motion for Leave to File a Proposed Second Amended Complaint, which complaint he then *further* amended on November 6, 2006 (at the same time that he filed his reply to Defendants' opposition to his first motion to amend), adding, among other things, a malicious prosecution claim, which he subsequently withdrew. (*See* October 18 Order at 4-5).

- At a conference held on December 12, 2006 to address Plaintiff's highly irregular, further amendment in the midst of briefing, Plaintiff, through his counsel, confirmed that the November 2006 Second Proposed Second Amended Complaint ("SPSAC"), minus the malicious prosecution claim and one part of his civil RICO claim, contained *all* of the claims he intended to take to trial. (*See* Grossman Decl., Ex. C (12/12/06 Tr.) at 13-14, 26).

- This Second Proposed Second Amended Complaint carried over from the First Amended Complaint, with some amplification in the factual allegations previously advanced: (1) the defamation claims against Singh and LECET (SPSAC ¶¶ 406-18); (2) the breach of fiduciary duty claims against Virga and Pocino (in his trustee capacity) (SPSAC ¶¶ 24-135); and (3) the Section 510 claim against Pocino and Virga (SPSAC ¶¶ 136-96). The balance of the claims previously asserted against the Fund Defendants in the First Amended Complaint (*e.g.*, wrongful discharge claim against LECET, conspiracy claim against Virga, Title VII and FLSA claims) were dropped, as was any action against the MTDC Funds (which Plaintiff contended were named in the SPSAC, not as an adverse party, but because Plaintiff was bringing his suit on its behalf) (SPSAC ¶ 6).[4]

---

[4] When Plaintiff filed his Motion for Leave to File a Proposed Second Amended Complaint on September 15, 2006, that complaint added some new claims and omitted some previously pled. Plaintiff's motion was akin to a notice to dismiss the abandoned claims under Rule 41(a). *See, e.g., Chambers v. Time Warner, Inc.*, No. 00 Civ. 2839, 2003

3

- By Opinion and Order dated October 18, 2007, this Court, per Judge Karas precluded Plaintiff from proceeding with any of his civil RICO, Section 510, or defamation claims as against any of the Fund Defendants since they all failed to state a claim under Federal Rule 12(b)(6) and, as such, were futile.[5] The *only* claim on which Plaintiff was permitted to proceed was a Section 510 claim against the Union Defendants. Plaintiff was then afforded 30 days from the date of the Order to serve a Second Amended Complaint consistent with the Court's decision, which, the Judge ordered "will be the final version of the Complaint permitted by the Court." (October 18 Order at 51).

Plaintiff never filed or served a Second Amended Complaint within the timeframe set by this Court, and, having *twice* missed the deadline, has now been precluded from doing so by this Court's March 14, 2008 Order.

## ARGUMENT

The above procedural history demonstrates that no claims remain as against the Fund Defendants because all such claims were dismissed by the October 18 Order. Additionally, Judge Karas' order barring Plaintiff from asserting any claims *other* than those surviving his decision is the law of the case and precludes Plaintiff from resurrecting any of the claims he previously abandoned when he crystallized his lawsuit into the SPSAC. *See, e.g., Nairobi Holdings Ltd. v. Brown Brothers Harriman & Co.*, No. 02 Civ. 1230, 2006 WL 617977, at *6 (S.D.N.Y. Mar. 10, 2006) (court's decision in earlier stage of proceedings denying plaintiff leave

---

WL 1107790, at *2 (S.D.N.Y. Mar. 12, 2003) (concluding that plaintiffs voluntarily dismissed claims asserted in first amended complaint when they filed motion for leave to file second amended complaint that no longer included such claims and noting that "a Rule 15(a) amendment eliminating a claim is the same as a Rule 41(a) voluntary dismissal of the claim"); *Dee-K Enters. v. Heveafil SDN. Bhd*, 177 F.R.D. 351, 355-56 (E.D. Va. 1998) ("An amendment pursuant to Rule 15 that eliminates (or proposes to eliminate) all causes of action against a particular defendant is the same as a motion to dismiss under Rule 41(a)(2) as to that defendant"); J. MOORE, MOORE'S FEDERAL PRACTICE § 41.13[6] (3d ed. 2008) ("Rule 41 overlaps with Rule 15(a) to the extent that a plaintiff can effectively amend the pleading by dismissing particular parties or claims from the action"). Because they have been voluntarily dismissed, these claims are no longer subject to this Court's jurisdiction. *See Kinney v. Busch*, 5 F. App'x 81 (2d Cir. 2001) (holding that Rule 41(a)(1) voluntary dismissal strips court of jurisdiction to adjudicate on the merits any subsequent motion with respect to withdrawn claim, except motion on collateral issues, such as sanctions and fees) (*citing Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395-98 (1990)).

[5] Although decided in the context of a motion for leave to amend under Rule 15(a), Judge Karas' decision had the effect of dismissing these claims in their entirety for failure to state a claim under Rule 12(b)(6), since this is the standard he applied in finding the claims wholly futile. (*See* October 18 Order at 7-9).

to file any further amendments to complaint was "law of the case" precluding later motion for leave to amend), *aff'd*, 2006 WL 2242596 (S.D.N.Y. Aug. 3, 2006).  To the extent that there does not presently exist a formal order of this Court confirming that all claims have been dismissed as against the Fund Defendants with prejudice, this Court should enter such an order now.[6]

## CONCLUSION

For the foregoing reasons, this Court should enter an order dismissing this action as against the Fund Defendants with prejudice.

Dated: New York, New York
       May 28, 2008

Respectfully submitted,

PROSKAUER ROSE LLP

By: /s/ Deidre A. Grossman
    Kathleen M. McKenna
    Deidre A. Grossman
    1585 Broadway
    New York, New York 10036
    (212) 969-3000
    kmckenna@proskauer.com
    dagrossman@proskauer.com

*Attorneys for the Fund Defendants*

---

[6] Because the Fund Defendants' involvement in this case ended with the October 18 Order, they have not sought the dismissal of the action under Federal Rule 41(b) on the grounds that, following the issuance of that Order, Plaintiff has failed to prosecute his lawsuit in compliance with court orders and court-imposed deadlines.  The Fund Defendants, nevertheless, agree with, and endorse, the position articulated by the Union Defendants in their memorandum of law filed on this same date that dismissal would be separately warranted on these grounds.