UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                                    ECF:___
-------------------------------------------------------------------------x
**RICHARD ELLO**,

                              Plaintiff,

    -*Versus*-

**LABORERS' INTERNATIONAL UNION OF NORTH
    AMERICA**;

**MASON TENDERS DISTRICT COUNCIL OF GREATER
    NEW YORK**;

**MASON TENDERS DISTRICT COUNCIL TRUST FUNDS**;

**GREATER NEW YORK LABORERS-EMPLOYERS
COOPERATION AND EDUCATION TRUST FUND**;                          **NOTICE OF MOTION**

**RAYMOND POCINO**, in his individual and official capacities as     Case Number:
- Vice President and Eastern Regional Manager, LABORERS'          **05cv9625(RJS)**
  INTERNATIONAL UNION OF NORTH AMERICA,
- Trustee, MASON TENDERS DISTRICT COUNCIL TRUST
  FUNDS;

**PROSKAUER ROSE LLP**;

**ISHRY SINGH**, in his individual and official capacities as,
- Employee of MASON TENDERS DISTRICT COUNCIL
  TRUST FUNDS;

**JOHN VIRGA**, in his individual and official capacities,
- Funds Director, MASON TENDERS DISTRICT COUNCIL
  TRUST FUNDS;

**"JOHN AND JANE DOE A THROUGH D"**, parties unknown,

                              Defendants.
-------------------------------------------------------------------------x

PLEASE TAKE NOTICE that upon the annexed DECLARATION of Ruth M. Pollack,

Esq., together with the prior proceedings had herein, a motion will be made before Judge

Richard J. Sullivan of the Southern District of New York, 500 Pearl Street, New York,

New York, on a date to be determined by the Court at 9:30 in the forenoon, or as soon

thereafter as counsel may be heard, for an Order granting the following relief:

1) Granting Ms. Pollack leave to withdraw as plaintiff's counsel in the within case forthwith; and

2) Granting plaintiff a sufficient enlargement of the briefing schedule so that he may retain new counsel to brief the motions; and

3) Granting such other and further relief as this Honorable Court deems just and proper.

Dated: May 29, 2008
Riverhead, New York

*[signature]*
RUTH M. POLLACK, ESQ. (RP1407)
Outgoing Attorney for Defendant Ello
21 West Second Street, Ste. 13
Post Office Box 120
Riverhead, New York 11901
631-591-3160

TO:  Richard Ello, Plaintiff
     Samuel Rosenthal, Esq.
     Wendy Brouwer, Esq.
     Deirdre A. Grossman, Esq.
     Terrance Reed, Esq.
     Michael Bearse, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                                    ECF:___
-------------------------------------------------------------------------x
**RICHARD ELLO**,

                             Plaintiff,

    -*Versus*-

**LABORERS' INTERNATIONAL UNION OF NORTH
     AMERICA**;

**MASON TENDERS DISTRICT COUNCIL OF GREATER
     NEW YORK**;

**MASON TENDERS DISTRICT COUNCIL TRUST FUNDS**;

**GREATER NEW YORK LABORERS-EMPLOYERS
COOPERATION AND EDUCATION TRUST FUND**;

**RAYMOND POCINO**, in his individual and official capacities as
- Vice President and Eastern Regional Manager, LABORERS' INTERNATIONAL UNION OF NORTH AMERICA,
- Trustee, MASON TENDERS DISTRICT COUNCIL TRUST FUNDS;

**PROSKAUER ROSE LLP**;

**ISHRY SINGH**, in his individual and official capacities as,
- Employee of MASON TENDERS DISTRICT COUNCIL TRUST FUNDS;

**JOHN VIRGA**, in his individual and official capacities,
- Funds Director, MASON TENDERS DISTRICT COUNCIL TRUST FUNDS;

**"JOHN AND JANE DOE A THROUGH D"**, parties unknown,

                             Defendants.
-------------------------------------------------------------------------x

**DECLARATION OF RUTH M. POLLACK, ESQ., COUNSEL FOR PLAINTIFF**

Case Number:
**05cv9625(RJS)**

RUTH M. POLLACK, ESQ. an attorney duly licensed to practice law in this

Court and in the State of New York, under penalties for perjury declares as

follows:

1. I am the attorney for plaintiff Richard Ello in the above case. I

   also represented him relative to misdemeanor charges filed

1

against him in New York County by defendant Ishry Singh, as referenced in the complaints filed herein by plaintiff. The criminal charges were dismissed twice, first, on my motion to dismiss under 30.30 Criminal Procedure Law (Speedy Trial) and, after the charges were mysteriously resurrected, a jury exonerated Mr. Ello after trial. Wendy Brouwer, Esq. has also been admitted in this case on his behalf and has participated in both cases as well.

Posture of Case and Position Under Local Rule 1.4:

2. This second application is made for leave of court to be relieved as one of his counsel forthwith. My first application for this relief was made, as per Local Rule 1.4 by letter because, contrary to this Court's Order dated May 15, 2008, a letter, indeed, even an oral application, is permitted by the Rule "by affidavit or otherwise…" The local rule is silent as to what constitute "satisfactory reasons".

3. After plaintiff made a detailed application for leave of this Court's predecessor, Judge Kenneth Karas, to file and serve plaintiff's Second Amended Summons and Complaint ("SASAC") in the above-referenced case as permitted by Fed. R. Civ. P. § 15(a), Judge Karas, after almost a year, issued an Order denying the application. The Court's decision was erroneous as Plaintiff's highly detailed and meritorious SASAC **more than** met the pleading requirements of

Fed. R. Civ. P § 8. Judge Karas engaged in fact determination prematurely in this case.

4. Neither the Court nor defendants ever addressed my client's full exoneration of the criminal charges.

5. This Court has now established a briefing schedule so that all defendants may move to dismiss the remaining causes of action. As I stated in my April 2, 2008 letter [ECF 96], federal law requires that the courts hear ERISA claims. In that letter I detailed, with authorities cited, Ms. McKenna's miss-citing of the prevailing law of the U.S. Supreme Court and the Second Circuit in her characterization of the status of the complaint in this case. The Second Circuit has made it patently clear that heightened pleading requirements that go above and beyond the clear directives of Fed. R. Civ. P. 8 is frowned upon. In fact, as one expert commentary has reminded us, "Claims in connection with employees' benefits now have the advantage of the pre-emptive effect of ERISA; the federal courts **must** hear them." **Emphasis added.** Federal Civil Practice, Chapter 6, P.143, (NYSBA 1989, Ed.-In- Chief, Vairo); **See Also** SWIERKIEWICZ V. SOREMA N. & NBSPA. 534 U.S. 506 (2002). Further,

> The theory of pleading in New York State practice follows the same principle of notice. See CPLR 3013. Like the federal approach, New York has endorsed the reduced importance of pleadings and the enhanced role of discovery" D. Siegel, *New York Practice* 245 (1978).

3

6. This Court's refusal to alter the current briefing schedule so that Plaintiff may secure new counsel, is effectively placing an undue burden upon plaintiff in contravention of the express protections of ERISA guaranteed under settled law, and dramatically limiting his ability to seek alternate counsel. I therefore respectfully request that the Court grant the plaintiff sufficient additional time following the granting of my application to secure counsel to engage in the briefing of the instant motions.

7. Again, my reasons for seeking to be relieved as counsel in this case are as follows:

    a. My client's inability to pay counsel fees and costs as required in this case;

    b. My client's failure to keep me apprised of his activities in this and the related criminal case and to maintain an open line of communication in this case at all times; further hampering my ability to represent him;

    c. Despite my twenty-six (26) years of experience in this profession, my client failed to follow any of my advice, and yet was quite willing to follow the advice of Wendy Brouwer, Esq. who, at the time, was very inexperienced as an attorney. In fact, Ms. Brouwer did everything in her power to create a combative relationship between my client and me. Therefore, I now find it impossible to

4

       continue on under these hostile circumstances as Mr. Ello's attorney.

       d. My client has in no way been an active participant in his own case, further complicating my ability to represent him.

8. I am quite confident that I have now provided the Court with sufficient reasons under the Rules to be relieved at once as plaintiff's counsel. I have already contacted my client via e-mail explicitly stating that I did not intend to continue as his legal counsel and have not received any response. I am simultaneously serving a copy of this application on plaintiff by U.S. Mail, Certified, Return Receipt Requested.

WHEREFORE, plaintiff's counsel respectfully requests that this Court grant her application in all respects, together with such other and further relief as to this Court seems just and proper.

Dated: Riverhead, New York
       May 29, 2008

                                  RUTH M. POLLACK, ESQ. (RP1407)
                                  Outgoing Attorney for Plaintiff Richard Ello

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------------x
**RICHARD ELLO**,

                                       Plaintiff,

      -*Versus*-

**LABORERS' INTERNATIONAL UNION OF NORTH**
    **AMERICA**;

**MASON TENDERS DISTRICT COUNCIL OF GREATER**
    **NEW YORK**;

**MASON TENDERS DISTRICT COUNCIL TRUST FUNDS**;

**GREATER NEW YORK LABORERS-EMPLOYERS**
**COOPERATION AND EDUCATION TRUST FUND**;

**RAYMOND POCINO**, in his individual and official capacities as
- Vice President and Eastern Regional Manager, LABORERS' INTERNATIONAL UNION OF NORTH AMERICA,
- Trustee, MASON TENDERS DISTRICT COUNCIL TRUST FUNDS;

Case Number:
**05cv9625(KMK)**

**PROSKAUER ROSE LLP**;

**ISHRY SINGH**, in his individual and official capacities as,
- Employee of MASON TENDERS DISTRICT COUNCIL TRUST FUNDS;

**JOHN VIRGA**, in his individual and official capacities,
- Funds Director, MASON TENDERS DISTRICT COUNCIL TRUST FUNDS;

**"JOHN AND JANE DOE A THROUGH D"**, parties unknown,

                                     Defendants.
----------------------------------------------------------------------------------x
                     CERTIFICATION OF SERVICE

RUTH M. POLLACK, ESQ. an attorney duly licensed to practice law in this Court and in

the State of New York, under the penalties for perjury declares:

On May 30, 2008 declarant served the following parties and counsel with a copy of the

annexed motion to be relieved as counsel by Certified Mail* (plaintiff and Ms. Brouwer)

and ECF (Defendants) service *by placing a copy of the letter in a postage paid envelope

addressed as follows and placed in an official U.S. Mail repository and posting on

PACER:

Mr. Richard Ello
477 Remsen Lane
Oyster Bay, NY 11771

Wendy B. Brouwer, Esq.
276 First Avenue - 11C
New York, New York 10009
Tel. 212-529-6437
wbrouwer@rcn.com>

Kathleen M. McKenna, Esq.
Deirdre A. Grossman, Esq.
Proskauer Rose LLP
1585 Broadway
New York, NY 10036
212-969-2900

Samuel Rosenthal, Esq.
Curtis, Mallet-Prevost, Colt & Mosle, LLP
101 Park Avenue
New York, NY 10178
917-368-7340

Terrence G. Reed, Esq.
Lankford, Coffield & Reed, PLLC
120 North Asaph Street
Alexandria VA 22314
703-299-8876

Dated: Riverhead, New York
       May 29, 2008

*[signature]*
RUTH M. POLLACK, ESQ. (RP1407)

ECF Doc: ___

2