UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHARD ELLO,

                Plaintiff,

   -v-

ISHRI SINGH, *et al.*,

                Defendants.

No. 05 Civ. 9625 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

      Plaintiff Richard Ello brings this action against defendants Ishry Singh, Laborers-Employers Cooperation and Education Trust Fund, Mason Tenders' District Council Trust Funds, Raymond Pocino as Trustee of the MTDC Funds, and John Virga (collectively, "Fund Defendants") and Laborers International Union of North America and Raymond Pocino (collectively "Union Defendants") pursuant to, *inter alia*, the Employee Retirement Income Security Act of 1974 ("ERISA"). Before the Court is the May 29, 2008 motion of plaintiffs' counsel, Ms. Ruth Pollack, to withdraw as counsel of record, and for an enlargement of the briefing schedule, set by this Court on May 7, 2008, on the defendants' motions to dismiss the complaint to allow new counsel to adequately respond to the motion.[1] The Court has received no response to this motion from plaintiff or from any of the defendants. For the reasons that follow, Ms. Pollack's motion is granted.

---

[1] Ms. Pollack previously submitted a letter to the Court dated May 8, 2008 requesting to be relieved as counsel, which was denied by order dated May 15, 2008, for failure to comply with Local Civil Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern District of New York. On May 29, 2008, Ms. Pollack renewed her request to be relieved via a formal motion which complied with the Court's May 15, 2008 directives (though it failed to comply with ECF filing rules).

Local Civil Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern District of New York governs Ms. Pollack's request to withdraw as counsel of record for plaintiff. Local Rule 1.4 states:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar.

In addition, disciplinary Rules 2-110(C)(1)(d) and (f) of the New York Code of Professional Responsibility provide for permissive withdrawal of counsel if a client either "renders it unreasonably difficult" for counsel to represent effectively the client or if the client "[d]eliberately disregards an agreement or obligation to the lawyer as to expenses or fees." N.Y. Code Prof. Resp. DR 2-110(C)(1)(d), (f); *accord* ABA Model Code Prof. Resp. DR 2-110(C)(1)(d), (f).

"Courts have long recognized that a client's continued refusal to pay legal fees constitutes a 'satisfactory reason' for withdrawal under Local Rule 1.4." *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F. Supp. 2d 164, 166 (E.D.N.Y. 2006) (collecting cases); *see also D.E.A.R. Cinestudi S.P.A. v. Int'l Media Films, Inc.*, No. 03 Civ. 3038 (RMB), 2006 WL 1676485, at *1 (S.D.N.Y. June 16, 2006) ("It is well-settled that nonpayment of fees is a valid basis for the Court to grant counsel's motion to withdraw."); *Promotica of Am., Inc. v. Johnson Grossfield, Inc.*, No. 98 Civ. 7414 (AJP), 2000 WL 424184, at *1 (S.D.N.Y. 2000) (same). "In addition, 'it is clear that the existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client.'" *D.E.A.R. Cinestudi*, 2006 WL 1676485, at *1 (quoting *Hallmark Capital Corp. v. Red Rose Collection, Inc.*, No. 96 Civ. 2839 (RPP)

(AJP), 1997 WL 661146, *2 (S.D.N.Y. Oct. 21, 1997)). As such, "[n]umerous courts have permitted attorneys to withdraw when clients deliberately disregard fee agreements," *McGuire v. Wilson*, 735 F. Supp. 83, 85 (S.D.N.Y. 1990) (collecting cases), or where clients fail to cooperate or to communicate with counsel, *see, e.g.*, *Statute of Liberty v. Int'l United Indus.*, 110 F.R.D. 395, 397 (S.D.N.Y. 1986). Moreover, while the district court should consider "whether the prosecution of the suit is likely to be disrupted by the withdrawal of counsel," "there are some instances in which an attorney representing a plaintiff in a civil case might have to withdraw even at the cost of significant interference with the trial court's management of its calendar." *Whiting*, 187 F.3d at 320-21 (citations and internal quotation marks omitted).

In her motion, Ms. Pollack cites four reasons for seeking to be relieved as counsel. First, she claims that her client has demonstrated an "inability to pay counsel fees and costs as required in this case." (Pollack Decl. at 4.) Second, she cites her client's "failure to keep [her] apprised of his activities in this and the related criminal case and to maintain an open line of communication in this case at all times." (*Id.*) Third, she claims that plaintiff has "failed to follow any of [her] advice, and yet was quite willing to follow the advice of Wendy Brouwer, Esq., who, at the time, was very inexperienced as an attorney," and that "Ms. Brouwer did everything in her power to create a combative relationship between [plaintiff] and [Ms. Pollack]." (*Id.*) Finally, she claims that plaintiff "has in no way been an active participant in his own case, further complicating [her] ability to represent him." (*Id.* at 5.)

Here, the Court finds that Ms. Pollack has demonstrated that plaintiff's failure to pay her legal fees, coupled with what appears to be a failure of plaintiff to cooperate or communicate with Ms. Pollack, justify Ms. Pollack's withdrawal as counsel pursuant to Local Rule 1.4. While Ms. Pollack's withdrawal will delay the briefing on the pending motions to dismiss for a short

time, the Court finds that the delay will be brief, and is justified by the need to bring in new counsel to represent plaintiff.

Accordingly,

IT IS HEREBY ORDERED that the motion of Ruth M. Pollack, Esq. to withdraw as counsel of record for plaintiff is GRANTED.

IT IS FURTHER ORDERED that, on or before June 30, 2008, plaintiff shall submit a status letter to the Court indicating whether he has retained new counsel, whether Ms. Brouwer, who is still listed counsel of record in this case, will continue to represent him, or whether he will proceed *pro se*. Should plaintiff retain new counsel, his new counsel should file a notice of appearance on or before June 30, 2008.

IT IS FURTHER ORDERED that the briefing schedule set by the Court in the May 7, 2008 order is hereby suspended pending the Court's receipt of plaintiff's status letter.

SO ORDERED.

Dated:   June 10, 2008
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

4

Copies of this order were mailed or faxed to:

Ruth M. Pollack, Esq.
21 West Second Street, Suite 13
P.O. Box 120
Riverhead, NY 11901
Fax: (516) 746-0146

Richard Ello
477 Remsen Lane
Oyster Bay, NY 11771

Wendy B. Brouwer, Esq.
276 First Avenue, Apt. 11C
New York, NY 10009

Deidre Ann Grossman, Esq.
Kathleen M. McKenna, Esq.
Proskauer Rose LLP
1585 Broadway
New York, NY 10036
Fax: (212) 969-2900

Samuel Rosenthal
Curtis, Mallet-Prevost, Colt & Mosle, LLP
101 Park Avenue
New York, NY 10178
Fax: (917)-368-7340

Terrance Reed
Lankford Coffield & Reed, PLLC
120 North St. Asaph Street
Alexandria, VA 22314