UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/3/08

RICHARD ELLO,

           Plaintiff,

-v-

ISHRI SINGH, *et al.*,

           Defendants.

No. 05 Civ. 9625 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

    The Court is in receipt of a letter from Wendy B. Brouwer, Esq., on behalf of plaintiff Richard Ello, dated June 27, 2008 and attached hereto.

    The Court shall hold a status conference in this case on July 18, 2008 at 12:30 pm in Courtroom 21C, United States District Court, 500 Pearl Street, New York, New York 10007. Mr. Ello and Ms. Brouwer are instructed to attend, along with counsel for defendants.

SO ORDERED.

Dated:    July 2, 2008
           New York, New York

                                    RICHARD J. SULLIVAN
                                    UNITED STATES DISTRICT JUDGE

Wendy B. Brouwer, Esq.
276 First Avenue – 11C
New York, New York 10009

June 27, 2008

Re: 05cv9625(RJS)

Dear Judge Sullivan:

I am writing on behalf of Richard Ello, the plaintiff in above referenced case, regarding Ruth Pollack's motion to withdraw as plaintiff's counsel and the status of the case. Ms. Pollack's Notice of Motion indicated that a court appearance would be made on this issue that both Mr. Ello and I were planning to attend. Ms. Pollack's Declaration contains many patently false statements which will be addressed below referencing the paragraphs in the document. This does not surprise me because Ms. Pollack consistently lied to Mr. Ello and me.

I am a retired FBI agent and I met Mr. Ello as a result of an organized crime-labor racketeering case I worked in the 1990s. A civil RICO complaint was filed in September 1994 in the SDNY and Judge Sweet presided over the case and the ensuing government supervision until 1999. I am a lawyer by education and was admitted to practice in New York in 1988, but never practiced. In April or May of 2006 I was made aware of Mr. Ello's legal problems and began assisting him and Ms. Pollack with his criminal and civil cases.

Paragraph 1:

Mr. Ello retained Ms. Pollack in March 2005 when he was aware that criminal charges were being pursued. At the end of May 2006, the charges were dismissed on Ms. Pollack's second 30.30 motion and thirty days later the record was sealed. In August 2006, Ms. Pollack received information from the District Attorney's office indicating that the case was unsealed and was being appealed. She did nothing at that juncture. Then in November 2006, she advised me that a reversal from the court, dated about a month earlier, "wafted" into her office. A new trial date was scheduled for the following week. I suggested that she submit a motion to the Supreme Court regarding the impropriety of the DA's motion to have the case unsealed for their purposes, but she never followed through. For the next six months she did nothing but delay. Her position was that the case was a legal nullity because it had been dismissed and that Mr. Ello should not validate it by going to trial. Obviously, the court viewed it otherwise and Mr. Ello's failure to appear would result in his arrest.

The previous two years exacted a heavy toll on Mr. Ello's health and emotional well-being. The pending criminal charges also prevented him from obtaining employment. In May 2007 I found other counsel to handle Mr. Ello's criminal case and he advised Ms. Pollack that her services were terminated for that purpose. Mr. Ello's trial took place in September 2007. The jury needed only 90 minutes to eat lunch and acquit him. During the weekend following the start of the trial Ms. Pollack telephoned Mr. Ello and told him that she had someone at the DA's office looking into his case. Already distraught over his circumstances, Mr. Ello decided not to confront her with her apparent lie and tell her that the trial had started.

In January 2007, I suggested that Ms. Pollack file a Pro Hac Vice motion on my behalf in federal court. At that time I was doing most of the research and writing on the case and wanted the opportunity to speak in court because it was apparent that Ms. Pollack was not conversant with the facts or the law. I took the necessary steps to have my license reinstated. I gave her my certificate of good standing (valid for 30 days), a check payable to the SDNY Clerk and all the information needed for her to submit the motion. Months went by and in April she advised me that the court had misplaced the papers so she needed another certificate of good standing and told me to send another check, because the old one was probably stale. Her last comment indicated to me that she still had the check and never submitted the motion. Again in June I provided her with another certificate of good standing because she was again tardy in submitting the motion. My second check was negotiated on or about July 18, 2007. I have never received notification from Ms. Pollack or the court that the motion was granted. The first confirmation I had was when I read Ms. Pollack's Declaration.

Paragraph 2:

In January 2008, Mr. Ello forwarded to me via e-mail the 12/31/07 Draft Proposed Joint Status Report to the Court sent to Ms. Pollack by opposing counsel Terrance Reed. On December 20, 2007, Mr. Ello advised me that Ms. Pollack telephoned him to ask why Mr. Reed was contacting her. The last conversation he had with her was at the end of September, and in the interim she did not advise that Judge Karas had ruled on the pending motions on October 17, 2007, or that she had 30 days to file a final amended complaint. If Mr. Reed's recitation of the status of the case is accurate, it confirms by belief that Ms. Pollack provided grossly inadequate counsel in this matter.

Paragraph 7:

    a. Ms. Pollack never made a demand for or submitted a bill for costs to Mr. Ello.

    b. Mr. Ello maintains records of his attempts to contact Ms. Pollack via e-mail and telephone and it was Ms. Pollack who failed to maintain contact with Mr. Ello.

    c. Ms. Pollack created her own combative relationship with Mr. Ello. Once Ms. Pollack advised Mr. Ello that his criminal case was a legal nullity and that he should not validate it by going to trial, I thought it prudent to find other counsel for him.

However, he maintained Ms. Pollack for the civil case. At some point I tried to find other counsel to take over the civil case, but as one litigator observed after reviewing that part of the docket which was filed electronically, even at that stage Ms. Pollack had so alienated the court that it was impossible for Mr. Ello to get a fair trial. From the outset, I thought that this case should be assigned to Judge Sweet because of his knowledge of the history of this case. Ms. Pollack made mention of this one day in open court and Judge Karas dismissed the idea out of hand.

d. Mr. Ello was a very active participant in his case. It was Ms. Pollack who would neglect it for months to Mr. Ello's detriment.

I have had no communication with Ms. Pollack for months. While I was communicating with her, she consistently failed to respond to e-mails or telephone calls. Quite often her voice mailboxes were full so I could not even leave a message. Mr. Ello had similar experiences. I suspect that Ms. Pollack decided to abandon this case rather than deal with the legal morass she has created.

Mr. Ello now finds himself in an untenable position. Similarly, Ms. Pollack blindsided me with her motion and did not keep me apprised of anything. I was out of town at the time of her motion, so by the time I received it, only a few days went by before I received your Order. As a result, I have not had time to access the docket or ascertain what needs to be done. Additionally, a number of submissions were not filed electronically and are not available to me. As Ms. Pollack stated in her declaration I am "very inexperienced as an attorney" and cannot handle this myself. The prospects of finding other counsel willing to address this mess are nil. So, after consultation with Mr. Ello, we regrettably concluded that pursuing the case in its current posture is futile. Therefore, we cannot oppose defendants' motion to dismiss.

Respectfully submitted,

*Wendy B. Brouwer*

Wendy B. Brouwer, Esq.

United States District Court
Richard J. Sullivan
District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007-1312