USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/24/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RICHARD ELLO,

                     Plaintiff,

-v-

ISHRI SINGH, *et al.*,

                     Defendants.

No. 05 Civ. 9625 (RJS)
ORDER

---

RICHARD J. SULLIVAN, District Judge:

    Plaintiff Richard Ello commenced this action on November 15, 2005. The subsequent history of the case is presented in detail in the October 19, 2007 opinion of the Honorable Kenneth M. Karas, District Judge, *see Ello v. Singh*, 531 F. Supp. 2d 552 (S.D.N.Y. 2007), as well as the orders issued by this Court on, *inter alia*, March 13, 2008, April 1, 2008, and April 4, 2008.

    Pursuant to the schedule set by the Court, defendants moved to dismiss the case on May 28, 2008 pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. On June 10, 2008, the Court granted the application of plaintiff's former counsel, Ruth Pollack, to withdraw as counsel and stayed the briefing schedule for a short time to allow plaintiff to retain new counsel. Subsequently, plaintiff sent a letter dated June 27, 2008 to the Court via his counsel Wendy Brouwer, who is also listed as counsel of record in this action. In that letter, Ms. Brouwer stated that certain representations made by Ms. Pollack in support of her application to withdraw as counsel were false. (*See* July 2, 2008 Order (attaching letter).) Nevertheless, Ms. Brouwer also indicated in the letter that plaintiff wished to withdraw his claims. (*See id.*)

    On July 18, 2008, the Court held a conference to address plaintiff's letter. Plaintiff appeared at the conference, along with Ms. Brouwer and counsel for defendants. Having been

advised of his options going forward in this case — namely, proceeding with Ms. Brouwer as counsel, retaining new counsel, proceeding *pro se*, moving for the appointment of counsel pursuant to 28 U.S.C. § 1915, or consenting to dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure — plaintiff opted for dismissal pursuant to Rule 41, indicating that he would not oppose the defendants' motion to dismiss and that he would not further pursue this action.

Rule 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Because plaintiff does not oppose defendants' motions to dismiss, and because plaintiff has indicated that he does not intend to further prosecute this action in federal court (*see* Transcript of July 18, 2008 Conference at 10), defendants' motions to dismiss are granted with prejudice.

The Clerk of the Court is respectfully directed to terminate the motions located at document numbers 101 and 103, and to close this case.

SO ORDERED.

Dated:   July 24, 2008
         New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE